UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Case No. 24-11047-LMI
Chapter 7

NIR MEIR,

Debtor. /

**CREDITOR'S MOTION FOR EXTENSION OF TIME TO (I) OBJECT TO DEBTOR'S CLAIMED EXEMPTIONS UNDER 11 U.S.C. § 522; AND (II) OBJECT TO DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727 OR CHALLENGE DISCHARGEABILITY OF CERTAIN DEBTS UNDER 11 U.S.C. § 523**

Ranee Bartolacci, as Creditor (the "**Creditor**") of the estate of Nir Meir (the "**Debtor**"), moves this Court, pursuant to Bankruptcy Code Section 522, 523 and 727, Bankruptcy Rules 4003, 4004, 4007, and 9006(b), and Local Rules 4003-1, 4004-2, 4004-2, 4007-1 and 9013-1, for the entry of an Order extending the time during which she may (I) object to the Debtor's claimed exemptions through and including **October 25, 2024**, and (II) object to the Debtor's discharge or challenge the dischargeability of certain debts for a period of time through and including **October 25, 2024**, and states:

**BACKGROUND**

1. On February 1, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Drew M. Dillworth is the duly appointed Chapter 7 Trustee in this case.

3. The Debtor is currently incarcerated in New York, and his financial affairs are in a state of chaos and disarray. Substantial discovery and investigation will be needed into the Debtor's financial affairs, which will be hampered by his incarceration.

4. On February 1, 2024, the Clerk of Court issued the *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline* [ECF No. 2], establishing deadlines within which parties may object to the Debtor's claimed exemptions, object to the Debtor's discharge, and challenge the dischargeability of certain debts as May 6, 2024.

5. On March 11, 2024, the *Notice of Continued Section 341 Meeting of Creditors* [ECF No. 27] was entered adjourning the meeting of creditors to April 10, 2024, but that meeting has already been rescheduled to May 8, 2024.

6. On April 8, 2024, the Trustee filed his First Motion to Extend Time to Object to the Debtor's Claimed Exemptions and/or the Debtor's Discharge [ECF No. 31], seeking to extend those deadlines to **October 25, 2024**.

7. The current deadline to object to discharge or challenge the dischargeability of certain debts is **May 6, 2024**.

## RELIEF REQUESTED

8. The Creditor seeks the entry of an Order extending the time during which he may (I) object to the Debtor's claimed exemptions through and including **October 25, 2024**, and (ii) object to the Debtor's discharge or challenge the dischargeability of certain debts for a period through and including **October 25, 2024**.

9. Bankruptcy Rule 4003 states that the Court may, for cause, extend the time to object to claimed exemptions if the request to do so is made before the time has expired.

10. Bankruptcy Rule 9006(b) states that the Court, for cause shown, may order a period enlarged if the request to do so is made before the expiration of the period originally prescribed.

11. Counsel for the Creditor is currently in the process of analyzing the Debtor's financial condition including, among other things, an analysis of the Debtor's assets and liabilities, and believes that additional time is needed to determine whether the filing of an objection is necessary and appropriate.

12. Creditor's counsel has conferred with Debtor's counsel, who is unable to obtain Debtor's consent at this time.

13. For these reasons, the Creditor submits that reasonable and sufficient cause exists to extend the time within which he may: (I) object to the Debtor's claimed exemptions through and including **October 25, 2024**, and (II) object to the Debtor's discharge or challenge the dischargeability of certain debts through and including **October 25, 2024**.

**WHEREFORE**, Ranee Bartolacci, as Creditor, respectfully requests the entry of an Order: (i) granting this Motion; (ii) extending the time during which the Creditor may object to the Debtor's claimed exemptions for a period of time through and including **October 25, 2024**; (iii) extending the time during which the Creditor may object to the Debtor's discharge or challenge the dischargeability of certain debts for a period of time through and including **October 25, 2024**; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: April 11, 2024

Respectfully submitted,

SALAZAR LAW
*Counsel for Creditor,* Ranee Bartolacci
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: luis@Salazar.com
Email: Lee-Sin@Salazar.com
Email: eService@Salazar.com

By: */s/ Luis Salazar*
Luis Salazar
Florida Bar No. 147788

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Luis Salazar*
Luis Salazar

**SERVICE LIST**

- Peter E. Shapiro, Esq., as Debtor's Counsel, 8551West Sunrise Boulevard Suite 300, Plantation, FL 33322, Email: pshapiro@shapirolawpa.com
- Michael Erik Sims, Esq., as Counsel for Creditor - Avishai Abrahami, 730 Third Avenue, New York, NY 10017, Email: msims@zeklaw.com
- James B. Miller, Esq., as Trustee's Counsel, 19 West Flagler Street, Suite 416, Miami, Florida 33130, Email: bkcmiami@gmail.com
- Jordi Guso, Esq., as Counsel for Creditor – YH Lex Estates, LLC, Berger Singerman, LLP, 1450 Brickell Avenue, Suite 1900, Miami, Florida 33131, jguso@bergersingerman.com
- Jonathan M. Davidoff, Esq., as Counsel for Creditor – Davidoff Law Firm, PLL, 100 Biscayne Boulevard, Suite 1607, Miami, Florida 33132, jonathan@davidofflawfirm.com
- Luis Salazar, Esq., as Counsel for Creditor – Ranee Bartolacci, Salazar Law, 2121 SW 3rd Avenue, Suite 200, Miami, Florida 33129, luis@Salazar.Law
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov