UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                    Chapter 7
                    Case No. 24-11047-LMI

NIR MEIR,

     Debtor.
_____/

## DEBTOR'S RESPONSE TO PROPOSED SUBPOENA

The Debtor, by and through undersigned counsel, files its Response to the *Chapter 7 Trustee's Notice of Intent to Serve Subpoena on Rosen Law LLC* (ECF #44) and respectfully represents as follows:

1. On February 1, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and Drew M. Dilworth was appointed as Chapter 7 trustee.

2. On February 5, 2024, the Debtor was arrested in Miami Beach based on an indictment issued by the Manhattan District Attorney's office[1]. The Debtor is presently incarcerated in New York.

3. As to production of all communications between the Debtor and Rosen Law LLC, the Debtor seeks to preserve the attorney-client privilege with Rosen Law LLC.

4. The Federal Rules of Evidence require the court to use federal common law in addressing a claim of privilege except with respect to a claim or defense for which state law supplies the rule of decision. Fed. R. Evid. 501; Fed. R. Bankr. P. 9017. Where the trustee seeks to determine information relating to potential claims and assets of the bankruptcy estate, federal common law applies. *Foster v. Hill (In re Foster),* 188 F.3d 1259, 1264-65 (10th Cir. 1999); *Moore v. Eason (Bazemore),* 216 B.R. 1020, 1022-23 (Bankr. S.D. Ga. 1998) (citing Fed.

---

[1] https://manhattanda.org/d-a-bragg-hfz-capital-managing-principal-other-executives-indicted-for-frauds-totaling-86-million/.

1

R. Bankr. P. 2004 and Fed. R. Evid. 501). The burden of establishing the protection of the attorney-client privilege rests with the person or entity asserting it. *United States v. Dakota,* 197 F.3d 821, 825 (6th Cir. 1999) (citing *In re Grand Jury Investigation* No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983)).

5. The attorney-client privilege protects from disclosure "confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." *In re Grand Jury Subpoena,* 886 F.2d 135, 137 (6th Cir. 1989) (quoting *In re Grand Jury Investigation,* 723 F.2d 447, 451 (6th Cir.1983)). The elements of common law attorney-client privilege are as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir. 1998). Thus, the attorney-client privilege may apply even where an attorney-client relationship did not come into existence. *See Westinghouse Elec. Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311, 1319 (7th Cir. 1978); *Banner v. City of Flint,* 99 Fed. Appx. 29, 36 (6th Cir. 2004).

6. With respect to whether a trustee can waive an individual's attorney-client privilege, the cases fall into three categories. At one end of the spectrum are those that hold, as a matter of law, the trustee succeeds to the attorney-client privilege of an individual debtor. *In re Smith,* 24 B.R. 3, 4 (Bankr. S.D. Fla. 1982). At the other end of the spectrum are those that hold an individual's privilege never passes to the trustee. *See, e.g., In re Tippy Togs of Miami, Inc.,* 237 B.R. 236, 239 (Bankr. S.D. Fla. 1999). A third approach is that an individual debtor's attorney-client privilege does transfer to the trustee and the trustee has the power to waive the privilege when, on balance, the trustee's duty to maximize the value of the debtor's estate and represent the interests of the estate outweigh the policies underlying the attorney-client privilege and the harm to the debtor upon a disclosure. *In re Miller,* 247

B.R. 704, 710-11 (Bankr. N.D. Ohio 2000); *Degirolamo v. Daily & Haskins (In re Wittmer),* Adv. No. 11-6007, 2011 WL 6000799, *2 (Bankr. N.D. Ohio Nov. 30, 2011) (J. Kendig); *Moore v. Eason (In re Bazemore),* 216 B.R. 1020, 1025 (Bankr. S.D. Ga. 1998); *Ramette v. Bame (In re Bame),* 251 B.R. 367, 377 (Bankr. D. Minn. 2000).

    **WHEREFORE**, for the reasons described herein, based on the Debtor's assertion of his rights mandated by the attorney-client privilege, the undersigned requests issuance of an Order by the Court which excuses Rosen Law, LLC of the production of information sought by the Chapter 7 Trustee's Subpoena, subject to further determination by this Court and for such other relief as is just and proper.

    Respectfully submitted,
**SHAPIRO LAW**

By: */s/ Peter E. Shapiro*
    Peter E. Shapiro
Florida Bar No. 615551
8551 West Sunrise Boulevard
Suite 300
Plantation, Florida 33322
Telephone: (954) 315-1157
Email: pshapiro@shapirolawpa.com

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 6th day of May, 2024 via CM/ECF.

    */s/ Peter E. Shapiro*
    Peter E. Shapiro, Esq.