UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                    Case No. 24-11047-LMI

NIR MEIR,                                                                          Chapter 7

_____Debtor._____/

**CREDITOR RANEE BARTOCLACCI'S RESPONSE AND OBJECTION IN OPPOSITION TO TRUSTEE'S MOTION TO DISMISS**

Ranee Bartolacci ("**Bartolacci**"), as creditor of the bankruptcy estate of Nir Meir (the "**Debtor**"), responds and objects to the *Trustee's Motion to Dismiss Case* [ECF No. 82] and states:

PRELIMINARY STATEMENT

1. The Court should deny the Trustee's Motion because he has failed to establish that the creditors and the Debtor would be "better served" by such drastic relief. In fact, when the Court considers the various required factors in weighing dismissal under Section 305, it is clear that the creditors will most certainly be prejudiced by the proposed dismissal. Creditors will lose the economy and efficiency of this bankruptcy court and, instead, be left to seek relief in multiple other fora, none equipped to recover and liquidate Debtor's assets.

2. Further, the Trustee's only cited reason for dismissal – the Debtor's failure to appear at his 341 meeting – is not sufficient grounds for dismissal under Section 305. That is especially so where, as here, the Debtor's failure to appear is due to the difficulties of arranging for a remote appearance because he is incarcerated. Nonetheless, Debtor's counsel advises that he is seeking the required permission from the prison authorities to appear remotely, satisfying the Trustee's concern.

3. Accordingly, Bartolacci requests that the Court deny the Trustee's Motion.

1



Case No. 24-11047-LMI

## BACKGROUND

4. Meir is accused of perpetrating an $86 million criminal fraud scheme relating to various real estate projects. He filed for personal bankruptcy just days before he was arrested, stopping the many civil lawsuits brought against him.

5. On February 1, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. The Debtor is currently incarcerated in New York, and his financial affairs are in a state of chaos and disarray.

7. On February 1, 2024, the Clerk of Court issued the *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline* [ECF No. 2] and noticing the initial 341 Creditors Meeting for March 6, 2024.

8. On March 11, 2024, the *Notice of Continued Section 341 Meeting of Creditors* [ECF No. 27] was entered adjourning the meeting of creditors to April 10, 2024, but that meeting has already been rescheduled to May 8, 2024 [ECF No. 39]. Thereafter, due to the Debtor's incarceration, the 341 Creditors' meeting has been adjourned several more times.

9. The Trustee has now moved to dismiss the case because Debtor has failed to appear.

10. Bartolacci is the Debtor's former wife and a victim of his fraud. She was forced to seek bankruptcy protection, filing her own Chapter 7 on August 30, 2024. Bartolacci's case is likewise pending in the Southern District of Florida, Case no. 24-18942-CLC.

## RESPONSE IN OPPOSITION

11. Bartolacci objects to the proposed dismissal and urges the Court to deny the motion to dismiss without prejudice. Dismissal of the Debtor's case would greatly prejudice his creditors, who would have to proceed piecemeal to unravel his extensive fraud and recover his available assets. Further, Debtor's counsel has advised that he is actively

2



arranging for the Debtor to appear remotely from his prison to satisfy his 341 Creditor Meeting obligation.

12.     Certainly, prior to the pandemic, live and in-person appearances were required at such meetings, except in extraordinary circumstances.[1] Even so, Courts were reluctant to dismiss cases for failure to attend the 341 meeting, unless the Debtor had no excuse and failed to even try to make arrangements to appear.[2] Hon. Judge Cristol even held that "The death of a chapter 7 debtor is not, by itself, a reason for such a debtor's case to be dismissed…Moreover, the Court will not dismiss the Debtor's case for his (most excusable) failure to attend the 341 Meeting."[3] The Debtor's failure to appear thus far should not form grounds to dismiss his cases, given the bureaucratic constraints of his incarceration and his counsel's current efforts to arrange a remote, virtual appearance.

13.     Moreover, the Trustee's requested dismissal does not "better serve" the interest of the creditors as required by 11 U.S.C. 305 (a)(1), preventing the case from being dismissed.[4] In applying § 305(a), courts have considered a wide range of factors, including, but not limited to, who filed the bankruptcy petition, the availability of another forum to

---

[1] *See, e.g., In re Sochia*, 231 B.R. 158, 161 (Bankr. W.D.N.Y. 1999)("the Assistant U.S. Trustee has acknowledged that in the Rochester Division, in appropriate and exceptional circumstances where: (1) a debtor cannot personally appear at the meeting of creditors at the place where the meetings are regularly conducted, because of serious health reasons or other reasons beyond the debtor's control; (2) the inability of the debtor to personally appear is not a temporary impairment; and (3) the debtor has demonstrated a present and substantial need for bankruptcy relief, alternate arrangements for a place of conducting the meeting where the debtor can attend have been made, or telephonic examinations of a debtor have been permitted. The Assistant U.S. Trustee has further indicated that this practice will continue in the future when a debtor can meet this "Three Part Exceptional Circumstances Test.")

[2] *See In re Davis*, 275 B.R. 864, 867–68 (B.A.P. 8th Cir. 2002), aff'd, 55 Fed. Appx. 789 (8th Cir. 2003) ("Thus, on the date of the hearing, the bankruptcy court was faced with a debtor who had not appeared at his meeting of creditors, had made no arrangements to either continue the meeting of creditors or appear in some other way, and who had no prospects of appearing at any such meeting at any specific time in the future.")

[3] *In re Abrahams,* 163 B.R. 606, 606 (Bankr. S.D. Fla. 1993).

[4] "Dismissal of bankruptcy case, under Bankruptcy Code provision authorizing such dismissals in 'interests of creditors and the debtor,' is appropriate only where bankruptcy court finds that both creditors and debtor will be better served by dismissal; test is not simple balancing test to determine whether dismissal is appropriate, but requires that both creditors and debtor benefit from dismissal." *In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235 (S.D. N.Y. 2004).

3



resolve the pending disputes, the necessity of federal proceedings to achieve a just and equitable solution, the expense of the federal proceedings in comparison with the proceedings in another forum, the purpose of the party seeking to remain in bankruptcy court, the economy and efficiency of having the bankruptcy court handle the matter, the possible prejudice to various parties, and the economy and efficiency of administration in the bankruptcy court.[5] The Court must, in particular, give considerable weight to the prejudice that dismissal will visit upon creditors.[6]

14. Here, the Trustee has cited solely the Debtor's failure to appear at his 341 Meeting as grounds for dismissal. But all the factors noted above weigh in favor of denying that requested dismissal.

15. For these reasons, Bartolacci requests that the Court sustain her objection and deny the Motion.

**WHEREFORE**, Ranee Bartolacci, as Creditor, respectfully requests the entry of an Order: (i) sustaining her objection; (ii) denying the Trustee's Motion; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: September 30, 2024              Respectfully submitted,

SALAZAR LAW
*Counsel for Creditor,* Ranee Bartolacci
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Facsimile: (305) 397-1021
Email: luis@Salazar.com
Email: Lee-Sin@Salazar.com
Email: eService@Salazar.com

By:   /s/ Luis Salazar
      Luis Salazar
      Florida Bar No. 147788

---

[5] *In re Dzierzawski,* 528 B.R. 397, 405–06 (Bankr. E.D. Mich. 2015)

[6] *Id.*



Case No. 24-11047-LMI

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties identified on the Service List attached to the original hereof via transmission of Notices of Electronic Filing generated by CM/ECF, and via U.S. Mail, postage pre-paid, as indicated thereon.

*/s/ Luis Salazar*
Luis Salazar

Case No. 24-11047-LMI

## SERVICE LIST

**Electronic Mail Notice:**

- **Jonathan M Davidoff**   jonathan@davidofflawfirm.com
- **Drew M Dillworth**   ddillworth@stearnsweaver.com, ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernandez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearnsweaver.com
- **Jordi Guso**   jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Ingrid Tatiana Medina Rodriguez**   trodriguez@zeklaw.com
- **James B Miller**   bkcmiami@gmail.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Luis Salazar**   Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law
- **Peter E. Shapiro**   pshapiro@shapirolawpa.com, shapiro.peterr101923@notify.bestcase.com
- **Michael Erik Sims**   msims@zeklaw.com, 9574886420@filings.docketbird.com
- **Mark E Steiner**   MES@lgplaw.com, pm@lgplaw.com

**Manual Notice List**

Kathleen M. Aiello
Klestadt Winters Jureller, et. al.,
200 West 41st Street, 17th Floor
New York, NY 10036-7219

Tracy L. Klestadt
Klestadt Winters Jureller, et. al.,
200 West 41st Street, 17th Floor
New York, NY 10036-7219

Tatiana Rodriguez
Zeichner Ellman & Krauser LLP
730 Third Ave
New York, FL 10017

Nathan Schwed
Zeichner Ellman & krauser LLP
730 Third Ave
New York, NY 10017

6



Case No. 24-11047-LMI

**Maria M Yip**
2 S. Biscayne Boulevard
Suite 2690
Miami, FL 33131

