UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.ubcourts.gov

In re:                                                          Case No. 24-11047-LMI

Nir Meir,                                                       Chapter 7

    Debtor.
_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Drew M. Dillworth, as Chapter 7 Trustee, by and through unsigned counsel, intends on serving the subpoena in the form enclosed with this notice on The Law Office of Matthew Galluzzo PLLC, Attn: Matthew Galluzzo, Esq.,11 Broadway #715, New York, NY 10004 on June 23, 2025 or as soon thereafter as service can be effected.

I, JAMES B. MILLER, ESQ., HEREBY CERTIFY that a true and correct copy of the Subpoena was served *via* the United States certified and regular mail on this 23rd day of June, 2025, upon The Law Office of Matthew Galluzzo PLLC, Attn: Matthew Galluzzo, Esq., 11 Broadway #715, New York, NY 10004, and, *via* email in pdf format *via* the CM/ECF court service immediately upon filing same (June 23, 2025) with the Court as set forth below:

CM/ECF SERVICE LIST:
Jonathan M Davidoff on behalf of Creditor Davidoff Law Firm, PLLC
jonathan@davidofflawfirm.com

Drew M Dillworth
ddillworth@stearnsweaver.com, ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernandez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearnsweaver.com

Drew M Dillworth on behalf of Trustee Drew M Dillworth
ddillworth@stearnsweaver.com, ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernand
ez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearn
sweaver.com

Jordi Guso, Esq. on behalf of Creditor YH Lex Estates, LLC
jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efil
e@ecf.courtdrive.com

Ingrid Tatiana Medina Rodriguez on behalf of Creditor Avishai Abrahami
trodriguez@zeklaw.com

James B Miller on behalf of Trustee Drew M Dillworth bkcmiami@gmail.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Creditor Ranee Bartolacci
Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-
Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Peter E. Shapiro on behalf of Debtor Nir Meir
pshapiro@shapirolawpa.com, shapiro.peterr101923@notify.bestcase.com

Michael Erik Sims on behalf of Creditor Avishai Abrahami
msims@zeklaw.com, 9574886420@filings.docketbird.com

Mark E Steiner on behalf of Creditor Avishai Abrahami
MES@lgplaw.com, pm@lgplaw.com

    I, JAMES B. MILLER, ESQ., HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 20901(A).

Dated: June 23, 2025

Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250

_____ /s/ _____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164
jbm@title11law.com

# United States Bankruptcy Court
### Southern District of Florida
## www.flsb.uscourts.gov

In re:  Nir Meir,

   Debtor.

_____/

SUBPOENA IN BANKRUPTCY
PROCEEDING

Case No. 24-11047-LMI
Chapter 7

To: The Law Office of Matthew Galluzzo PLLC
  Matthew Galluzzo, Esq.
  11 Broadway #715
  New York, NY 10004

[   ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[   ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[ X ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A"

| PLACE: Law Offices of James B. Miller, Esq.<br>19 West Flagler Street, Suite 416<br>Miami, FL 33130 | DATE AND TIME:<br>July 21, 2025 |
|---|---|

[   ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

  Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Bankruptcy Rule 2004. See Bankruptcy Rules 1018 and 9014.

| ISSUING OFFICER SIGNATURE | TITLE:  Counsel to Chapter 7 Trustee,<br>Drew M. Dillworth |
|---|---|
| ISSUING OFFICER'S NAME (PRINT):<br>James B. Miller, Esq. | PHONE: 305-374-0200 |
| ADDRESS: 19 West Flagler Street, Suite 416<br>Miami, FL 33130<br>bkcmiami@gmail.com<br>miriam@title11law.com | DATE: June 23, 2025 |

LF-83 (12/01/02)

## PROOF OF SERVICE

| | |
|---|---|
| **DATE:** June 23, 2025 | Served: Records Custodian |

**PLACE:** The Law Office of Matthew Galluzzo PLLC
Matthew Galluzzo, Esq.
11 Broadway #715
New York, NY 10004

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| **The Law Office of Matthew Galluzzo PLLC** | *via* U.S Mail and Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Miriam Jaime   miriam@title11law.com | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    June 23, 2025
Date

Address of Server

Signature of Server
19 West Flagler Street
Suite 416
Miami, FL 33130

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rules 7026-1 and 7027-1.

---

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying command.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LF-83 (12/01/02)

## EXHIBIT "A"

## I.      DEFINITIONS

1. The term "Representative" shall mean any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of **The Law Office of Matthew Galluzzo PLLC.**

2. The term "Person(s)" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency, and every other form of entity cognizable at law.

3. The terms "You" and "Your" refer to **The Law Office of Matthew Galluzzo PLLC.**

4. The term "Document" shall mean the original and any copy whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, films or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, notes, logs, journals, reports, letter, memoranda, notes, diaries, statistics, minutes, contracts, studies, checks, statements, receipts, returns, summaries, pamphlets, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telecopies, telefax, invoices, worksheets (and all drafts, alterations, modifications or changes to any of the foregoing); graphic and oral record or representations of any kind, including without limitation, photographs, charts, graphs, diagrams, illustrations, drawings, microfiche, microfilm, video tape recordings, motion pictures, electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs and recordings.

5. The term "All Documents" shall mean any document as above defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

6. The term "Communication" shall mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whosoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements and the understandings between or among two or more people.

7. The terms "Identification," "Identify," and/or "Identity," when used is reference to (a) a

LF-83 (12/01/02)

natural individual, require you to state his or her full name and residential and business addresses: (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of businesses, and the addresses of all of its offices in the State of Florida; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those business, and the identity of the person or persons who own, operate, and control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication.

8.  The term "Describe in Detail" shall mean to recite the information in your possession for each separate and distinct act, instance, occurrence, or communication, including the date, location and identity of each and every person present or involved, and the identity of each and every communication and each and every document which related to the act, instance, occurrence or communication.

9.  The term "Referring to" or "Relating to" means in any way directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing, or representing.

10. The term "And" and "Or", as used herein, are both conjunctive and disjunctive.

11. All singular words include the plural, and all plural words include the singular.

12. All works in the present tense include the past, and all works in the past tense include the present.

13. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

14. You are required to produce all documents properly requested by the request for production which are in your custody or subject to your control, and to use reasonable diligence to locate and produce such documents.  If any documents cannot be located or no longer exists, you are requested to provide an explanation and to identify the last known location and custodian

LF-83 (12/01/02)

of the document. If you contend that you are entitled to withhold from review any or all documents identified herein on the basis of any privilege, then do the following with respect to each and every document so withheld: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

15. Unless otherwise instructed, the relevant time period for all responsive documents shall be one year prior to and through the date of filing the bankruptcy petition to the present.

16. The term "Debtor" refers to **Nir Meir** whose last known principal and mailing address is **102 24th Street, Unit 1204, Miami Beach, FL 33140**. Together with any and all, present and former agents, employees, representatives, servants, attorneys, or other persons acting or purporting to act on behalf of **Nir Meir**.

17. The term "**Bankruptcy Estate**" refers to the Debtor's above-styled Bankruptcy **Case No. 24-11047-LMI.**

## II. CONTINUING REQUEST

This is a continuing request for the production of documents. At such time as you become aware of the existence of any additional documents responsive to this Request, you are hereby requested to produce such documents.

## III. DESTROYED DOCUMENTS

If any document responsive to this Request was at one time in existence, but has been lost or destroyed, a list should be provided of the document(s) so lost or destroyed stating the following information for each such document: (a) the type of document; (b) the date on which it ceased to exist; (c) the circumstances of its loss or destruction, (d) the identity of all persons having knowledge of the reasons for its loss or destruction, and (e) the identity of all persons having knowledge of its contents.

LF-83 (12/01/02)

## IV.  REQUEST FOR PRODUCTION

1. Any and all documents and communications, reflecting or relating to the retention of you by or on behalf of Nir Meir,  to act as Nir Meir's legal counsel in any and all matters, anytime between January 1, 2020, through the date of the response to this Request.

2. All retainer agreements, employment agreements and Trust Agreements, for which you have been retained as legal counsel or Trustee for the benefit of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

3. All documents and criminal records reflecting payment to or on your behalf by or for the benefit of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

4. All documents and financial records, reflecting the receipt and disposition of any and all monies and/or property (real or personal) provided as payment to you or on behalf of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

5. All Trust Agreements Legers and records reflecting all financial information between you and Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.


**Please produce all documents, if possible, by CD, USB flash drive, and/or secure email service.**

LF-83 (12/01/02)