**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| NIR MEIR, | Case No.: 24-11047-LMI |
| Debtor, | Judge: LAUREL M. ISICOFF |
| _____ / | |

## MOTION TO QUASH AND FOR PROTECTIVE ORDER OF NON-PARTY SUBPOENA RESPONDENTS, THE LAW OFFICE OF MATTHEW GALLUZZO PLLC AND MATTHEW GALLUZZO, ESQ.

Now come non-party subpoena respondents The Law Office of Matthew Galluzzo PLLC ("LOMG") and Matthew Galluzzo, Esq. ("Attorney Galluzzo") (collectively, "Respondents"), by and through undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, hereby move this Honorable Court to quash the subpoena served upon them by James B. Miller, Esq., on behalf of Trustee Drew M. Dillworth ("Trustee"), which seeks documents pertaining to Respondents' legal representation of Debtor Nir Meir ("Debtor") in ongoing criminal matters, and for a protective order concerning such subpoena. Such requested documents are confidential and contain privileged information concerning the attorney-client relationship between and among the Debtor and Respondents, and thus, Respondents respectfully state as follows:

1. On February 1, 2024, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. On June 23, 2025, James B. Miller, Esq., on behalf of Trustee, issued a subpoena duces tecum to Respondents seeking certain documents relating to Respondents' legal representation of Debtor in ongoing criminal matters in the State of New York.

3. Specifically, the subpoena requests the following items to be produced by Respondents:

    a. Any and all documents and communications, reflecting or relating to the retention of you by or on behalf of Nir Meir, to act as Nir Meir's legal counsel in any and all matters, anytime between January 1, 2020, through the date of the response to this Request.

    b. All retainer agreements, employment agreements and Trust Agreements, for which you have been retained as legal counsel or Trustee for the benefit of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

    c. All documents and criminal records reflecting payment to or on your behalf by or for the benefit of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

    d. All documents and financial records, reflecting the receipt and disposition of any and all monies and/or property (real or personal) provided as payment to you or on behalf of Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.

    e. All Trust Agreements Ledgers and records reflecting all financial information between you and Nir Meir, anytime between January 1, 2020, through the date of the response to this Request.[1]

4. On July 9, 2025, Respondents issued their objections in response to the subpoena. Respondents contend that the subpoena exceeds the scope of permitted discovery, is unduly burdensome, vague and ambiguous, and seeks documents which are confidential and protected by the attorney-client privilege.[2]

5. Accordingly, pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, Respondents respectfully move this Honorable Court to quash the instant subpoena and grant a protective order.

---

[1] An authentic duplicate of the original subpoena duces tecum is attached hereto as **Exhibit A**.
[2] Over the last 10 days, undersigned counsel has initiated meet and confer communication with Mr. Miller, counsel for Trustee, with such efforts continuing as of the filing of this Motion.

**Legal Arguments**

6. As a general proposition, Rule 9016 of the Federal Rules of Bankruptcy Procedure states that Rule 45 of the Federal Rules of Civil Procedure is applicable to federal bankruptcy cases. As such, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, the court "must quash or modify a subpoena that… requires disclosure of privileged or other protected matter…or subjects a person to undue burden."[3]

7. "It is a general rule that confidential communications between an attorney and his client, made because of the professional relationship and concerning the subject matter of the attorney's employment, are privileged from disclosure, even for the purposes of the administration of justice." *In re Myers*, 2013 WL 4067126 (U.S. Bankruptcy Ct., N.D. Ohio) *citing U.S. v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964). As such, the attorney-client privilege applies to documents as follows: (a) Where legal advice of any kind is sought; (b) from a professional legal advisor in his capacity as such; (c) the communications relating to that purpose; (d) made in confidence; (e) by the client; (f) are at his [*sic*] instance permanently protected; (g) from disclosure by himself or by the legal advisor; (h) except [where] the protection may be waived. *Latele Television, C.A. v. Telemundo Communications Group, LLC*, 2014 WL 4449451 (U.S. Dist. Ct., S.D. Fla.), *see also Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998).

8. Furthermore, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure, courts "must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by

---

[3] See Civ.R. 45(d)(3)(A)(iii)-(iv).

discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[4]

9. In determining the scope of discovery, parties are limited to obtaining "discovery regarding any **nonprivileged matter** that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Civ.R. 26(b)(1).[5]

10. As explained, *infra*, Trustee's subpoena seeks the disclosure of privileged documents, which undoubtedly invades the sacrosanct attorney-client privilege, and is beyond the scope of allowable discovery under the Federal Rules. Accordingly, this Honorable Court should grant the instant Motion to Quash and for Protective Order.

**The Subpoena Seeks Privileged Material**

11. As stated, *supra*, a subpoena must be quashed, or, at the very least, modified, if it seeks the disclosure of privileged materials. Privileged material includes communication between attorneys and their clients for the purpose of the legal representation. As it relates to Respondents and Debtor, Respondents were retained by Debtor to provide legal services as it relates to Debtor's criminal charges in the state of New York. These criminal matters remain pending and are highly contested.

12. The subpoena issued upon Respondents by Trustee seeks, *inter alia*, "Any and all documents and communications, reflecting or relating to the retention of you [Respondent] by or on behalf of Nir Meir [Debtor]." By complying with the subpoena, as issued, Respondents are put

---

[4] *See* Civ.R. 26(b)(2)(C)(i)-(iii)
[5] Emphasis added.

in an unfair and unethical dilemma, compelling them to share privileged documents relating to ongoing criminal matters with third parties. Not only does the subpoena subject Respondents to potential violations of applicable Rules of Professional Conduct, but compliance with it will effectively strain their ongoing attorney-client relationship with Debtor.

13. Furthermore, as stated in *In re Duque*, 134 B.R. 679 (U.S. Dist. Ct., S.D. Fla 1991), "the [bankruptcy] court's inquiry into the subpoenas' reasonableness should … consider the danger inherent in subpoenaing criminal counsel regarding his client's affairs." Here, as Debtor's current criminal counsel, it is imperative for Respondents to maintain a strong attorney-client relationship, which fosters trust and continuously seeks to protect Debtor's rights. By complying with the subpoena, this relationship will become jeopardized and privileged documents pertaining to Respondents' representation of Debtor and Debtor's financial information will become easily accessible to prosecutors working on Debtor's criminal matters in New York. Complying with the subpoena could be detrimental to Debtor's criminal cases, and, as such, the subpoena should be quashed and a protective order implemented.

### The Subpoena Seeks Items Which Exceed the Permissible Scope

14. Moreover, the items sought by Trustee in the subpoena exceed the permissible scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Foremost, as explained, *supra*, permitted disclosure must be **nonprivileged**, however here, the material requested is at least facially privileged.

15. Further, the items subpoenaed pertain to Respondents' representation of Debtor in regard to his ongoing criminal matters. Such items are not relevant to the bankruptcy proceeding and present more harm to Debtor's criminal matters than benefit to the bankruptcy proceeding.

16. As such, because the subpoena exceeds the scope of permissible disclosures, it should be quashed, and Respondents should not have to produce the items requested.

**WHEREFORE**, based on the foregoing, Respondents respectfully request that this Honorable Court enter an order quashing the subpoena and granting a protective order. In an abundance of caution, Respondents do request that, should the instant Motion be denied, that the subpoena nonetheless be modified to address the concerns set forth, *supra*, so as to fairly protect Debtor's liberty interests.

        Respectfully submitted,

        */s/ Jason D. Winter*
        JASON D. WINTER (0395099)
        Winter │ Trimacco Co., LPA
        201 South Biscayne Boulevard, Suite 2800
        Miami, Florida 33131
        Ph: (305) 913-1314 │ Fax (305) 913-1301
        jason@wintertrimacco.com

        950 Main Avenue, Suite 1210
        Cleveland, Ohio 44113
        Ph: (216) 675-3300 │ Fax (216) 472-8706

        *Attorney for Non-Party Subpoena Respondents*
        *The Law Office of Matthew Galluzzo PLLC*
        *and Matthew Galluzzo, Esq.*

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of July 2025, a copy of the foregoing *Motion to Quash and for Protective Order of Non-party Subpoena Respondents, The Law Office of Matthew Galluzzo PLLC and Matthew Galluzzo, Esq.* was electronically filed with the Court and served upon the following counsel of record via electronic mail:

James B. Miller, Esq.
19 West Flagler Street, Suite 416
Miami, Florida  33130
bkcmiami@gmail.com

*Attorney for Trustee Drew M. Dillworth, Esq.*

Peter E. Shapiro, Esq.
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida  33322
pshapiro@shapirolawpa.com

*Attorney for Debtor Nir Meir*

          /s/ Jason D. Winter
JASON D. WINTER (0395099)
Winter│Trimacco Co., LPA

*Attorney for Non-Party Subpoena Respondents*
*The Law Office of Matthew Galluzzo PLLC*
*and Matthew Galluzzo, Esq.*