**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                Chapter 7
                                                                     Case No. 24-11047-LMI
NIR MEIR,

    Debtor.
_____/

**DEBTOR'S MOTION TO QUASH AND REQUEST FOR LIMITED PROTECTIVE ORDER AGAINST TRUSTEE'S SUBPOENA TO OLIVER S. STORCH**

    Nir Meir, the Chapter 7 debtor (the "Debtor"), by and through undersigned counsel, files this Motion to Quash and Request for Protective Order Against Trustee's *Subpoena* to Oliver S. Storch, Esq., a copy of which is annexed here to as **Exhibit "A"** (the "Subpoena") and respectfully states as follows:

    1.    On February 1, 2024, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

    2.    On June 23, 2025, Drew M. Dilworth, as the Chapter 7 Trustee, by and through his counsel filed a Notice of Intent to Serve Subpoena on Oliver S. Storch, Attorney at Law [Doc no. 170].

    3.    Mr. Storch served as criminal counsel for the Debtor in 2024 and has since been relieved.

    4.    On August 4, 2025, counsel for Mr. Storch provided undersigned with copies of intended production in response to the Subpoena due the Trustee which encompassed a retainer agreement and redacted bank statements.

    5.    On August 5, 2025, undersigned counsel to Mr. Storch was advised that the Debtor did not

oppose production of the retainer agreement but objected to production of the redacted bank statements.

6. On August 6, 2025, counsel for the Trustee was advised of the same objection as was conveyed to Mr. Storch's counsel on August 5.

7. The basis of the Debtor's objections to the production of Mr. Storch's redacted bank statements is as follows. As a general rule, 11 U.S.C. § 329, does not authorize review of compensation for services rendered to the Debtor unrelated to the bankruptcy case. *See, e.g.*, *In re Keller Financial Services,* 248 B.R. 859, 877 (Bankr. M.D. Fla. 2000) (citing *Roland v. Unum Life Insurance Company of America*, 223 B.R. 499, 503-04 (E.D. Va. 1998) (finding that the legal services were "simply too attenuated to the bankruptcy proceeding to create jurisdiction over the matter for the bankruptcy court") relying on *In re Hargis*, 895 F.2d 1025, 1026 (5th Cir. 1990) ***("§329 does not apply to services rendered that are unrelated to the bankruptcy proceeding, and the bankruptcy court has no jurisdiction to review those fees"*** ) (emphasis supplied)). Moreover, the funds paid to Mr. Storch were not property of the bankruptcy estate. Lastly, disclosure may adversely impact the Debtor's ability to retain criminal counsel.

12. While courts have acknowledged the broad scope of Rule 2004, the rule does have limits and "may not be used for 'purposes of harassment' and 'cannot stray into matters which are not relevant to the basic inquiry.' *See In re: No Rust Rebar, Inc.,* Case no. 21-12188-PDR (Bankr. S.D. Fla. Nov. 30, 2022); *In re Pan Am. Hosp. Corp.*, 18 Fla. L. Weekly Fed. B 181 (U.S.Bankr. S.D. Fla. 2005) (*citing In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984)). In addition, Local Rule 2004-1(f) clearly states that "[t]he provisions of Fed. R. Civ. P. 45 apply to subpoenas issued under this rule."

13. Fed. R. Civ. P. 45(d)(3)(A) provides that a court must quash a subpoena when the subpoena "requires the disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to *undue burden*." Most significantly, Fed. R. Civ. P. 26(b)(2)(C) makes proportionality an issue with a subpoena. That rule provides that "the

2

court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity obtain the information by discovery in the action; or (iii) the proposed discovery is *outside the scope* permitted by Rule 26(b)(1)." (Emphasis supplied).

14.     This Court, in determining the reasonableness of the Subpoena, must consider Fed. R. Civ. P. 26(b)(1) which limits the scope of discovery as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit".

15.     Prior to filing this Motion, pursuant to Local Rule 7026-1(F), undersigned counsel contacted counsel for the Trustee in a good faith effort to resolve by agreement the issues raised herein. As of this filing, no response has been received.

16.     In summary, for the foregoing reasons, the Subpoena is improper and therefore should be quashed or subject to a protective order barring the production of the documents referenced herein.

**WHEREFORE**, based on the foregoing, the Debtor requests that the Court enter an order limiting the production sought in the Subpoena as stated herein, together with such other and further relief as is proper.

Respectfully submitted,

**SHAPIRO LAW**

By: /s/ *Peter E. Shapiro*
    Peter E. Shapiro (FBN 615511)
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida 33322
T:  954-315-1157
Email:  pshapiro@shapirolawpa.com

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM\ECF and certify the foregoing was served via CM\ECF to:

Jonathan M Davidoff on behalf of Creditor Davidoff Law Firm, PLLC
jonathan@davidofflawfirm.com

Drew M Dillworth
ddillworth@stearnsweaver.com,
ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernandez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearnsweaver.com

Drew M Dillworth on behalf of Trustee Drew M Dillworth
ddillworth@stearnsweaver.com,
ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernandez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearnsweaver.com

Jordi Guso, Esq. on behalf of Creditor YH Lex Estates, LLC
jguso@bergersingerman.com,
fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com

Ingrid Tatiana Medina Rodriguez on behalf of Creditor Avishai Abrahami
trodriguez@zeklaw.com

James B Miller on behalf of Trustee Drew M Dillworth
bkcmiami@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Creditor Ranee Bartolacci
lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law

Michael Erik Sims on behalf of Creditor Avishai Abrahami
msims@zeklaw.com, 9574886420@filings.docketbird.com

Mark E Steiner on behalf of Creditor Avishai Abrahami
MES@lgplaw.com, pm@lgplaw.com

Jason D Winter on behalf of Respondent Matthew Galluzzo PLLC
jason@wintertrimacco.com

Jason D Winter on behalf of Respondent Matthew Galluzzo, Esq.

5

jason@wintertrimacco.com

In addition, the foregoing was served via email to:
Howard Srebnick, Esq., counsel for Oliver Storch, Esq. at
hsrebnick @royblack.com

                                                                                                                                                  /s/  *Peter E. Shapiro*
                                                                                                                                                   Peter E. Shapiro

# EXHIBIT "A"