UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.ubcourts.gov

In re:                                                  Case No. 24-11047-LMI

Nir Meir,                                               Chapter 7

     Debtor.

_____/

## NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2004-1, that Drew M. Dillworth, as Chapter 7 Trustee, by and through unsigned counsel, intends on serving the subpoena in the form enclosed with this notice upon **Dhruv Piplani, 11 Beach Street, Apt 7B, New York, NY 10013, Dhruv Piplani, 225 West 86th Street, Apt 1003, New York, NY 10024 and Dhruv Piplani, 18 Brookside Dr., Westport, CT 06880** on **June 2, 2026** or as soon thereafter as service can be effected.

I, JAMES B. MILLER, ESQ., HEREBY CERTIFY that a true and correct copy of the Subpoena was served *via* the United States Certified Mail **(No. 9587-0710-5270-0088-6480-78, 9587-0710-5270-0088-6480-85 and 9587-0710-5270-0088-6480-92)** and regular mail on this 2nd day of June, 2026, upon **Dhruv Piplani, 11 Beach Street, Apt 7B, New York, NY 10013, Dhruv Piplani, 225 West 86th Street, Apt 1003, New York, NY 10024 and Dhruv Piplani, 18 Brookside Dr., Westport, CT 06880**; and, *via* email in pdf format *via* the CM/ECF court service immediately upon filing same (June 2, 2026) with the Court as set forth below:

CM/ECF SERVICE LIST:

Jonathan M Davidoff on behalf of Creditor Davidoff Law Firm, PLLC
jonathan@davidofflawfirm.com

Drew M Dillworth
ddillworth@stearnsweaver.com, ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernand
ez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearn
sweaver.com

LF-83 (12/01/02)

Drew M Dillworth on behalf of Trustee Drew M Dillworth
ddillworth@stearnsweaver.com, ddillworth@ecf.axosfs.com;dmd@trustesolutions.net;mfernand
ez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com;jless@stearn
sweaver.com

Jordi Guso, Esq. on behalf of Creditor YH Lex Estates, LLC
jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efil
e@ecf.courtdrive.com

Ingrid Tatiana Medina Rodriguez on behalf of Creditor Avishai Abrahami
trodriguez@zeklaw.com

James B Miller on behalf of Trustee Drew M Dillworth bkcmiami@gmail.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Luis Salazar, Esq. on behalf of Creditor Ranee Bartolacci
lsalazar@coleschotz.com, luis-salazar-
4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@colesc
hotz.com;Alee-sin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com

Peter E. Shapiro on behalf of Debtor Nir Meir
pshapiro@shapirolawpa.com, shapiro.peterr101923@notify.bestcase.com

Michael Erik Sims on behalf of Creditor Avishai Abrahami
msims@zeklaw.com, 9574886420@filings.docketbird.com

Mark E Steiner on behalf of Creditor Avishai Abrahami MES@lgplaw.com, pm@lgplaw.com

Jason D Winter on behalf of Respondent Matthew Galluzzo PLLC jason@wintertrimacco.com

Jason D Winter on behalf of Respondent Matthew Galluzzo, Esq. jason@wintertrimacco.com


I, JAMES B. MILLER, ESQ., HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 20901(A).

Dated: June 2, 2026

Trustee's Counsel
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250


_____/s/_____
JAMES B. MILLER, ESQ.
Fla. Bar No. 0009164
jbm@title11law.com
bkcmiami@gmail.com

LF-83 (12/01/02)

# United States Bankruptcy Court
## Southern District of Florida

### www.flsb.uscourts.gov

In re:  **Nir Meir,**

       **Debtor.**

_____/

**SUBPOENA IN BANKRUPTCY PROCEEDING**

**Case No. 24-11047-LMI**
**Chapter 7**

To:  **Dhruv Piplani**
    **11 Beach Street, Apt 7B,**
    **New York, NY 10013**

    **Dhruv Piplani**
    **225 West 86th Street, Apt 1003,**
    **New York, NY 10024**

**Dhruv Piplani**
**18 Brookside Dr.**
**Westport, CT 06880**

[  ]  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[  ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[ X ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### See attached Exhibit "A"

| PLACE:  Law Offices of James B. Miller, Esq. 19 West Flagler Street, Suite 416 Miami, FL 33130 | DATE AND TIME: June 23, 2026, at 10:00 a.m. |
|---|---|

[  ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Bankruptcy Rule 2004. See Bankruptcy Rules 1018 and 9014.

| ISSUING OFFICER SIGNATURE | TITLE: Counsel to Chapter 7 Trustee, Drew M. Dillworth |
|---|---|
| ISSUING OFFICER'S NAME (PRINT): James B. Miller, Esq. | PHONE: 305-374-0200 |

LF-83 (12/01/02)

| ADDRESS: 19 West Flagler Street, Suite 416 | DATE: June 2, 2026 |
| Miriam, FL 33130 | |
| bkcmiami@gmail.com | |
| miriam@title11law.com | |

## PROOF OF SERVICE

**DATE:** June 2, 2026        Served: Records Custodian

**PLACE: Dhruv Piplani**
**11 Beach Street, Apt 7B,**
**New York, NY 10013**

**Dhruv Piplani**
**18 Brookside Dr.**
**Westport, CT 06880**

**Dhruv Piplani**
**225 West 86th Street, Apt 1003,**
**New York, NY 10024**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |
| **Dhruv Piplani** | *via* U.S Mail and Certified Mail |
| | (Nos. 9587-0710-5270-0088-6480-78, 9589-0710-5270- 6480-6480-85 and 9589-0710-5270-0088-6480-92) |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |
| Miriam Jaime miriam@title11law.com | Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    June 2, 2026
         Date

         Signature of Server
Address of Server    19 West Flagler Street
         Suite 416
         Miami, FL 33130

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rules 7026-1 and 7027-1.

LF-83 (12/01/02)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying command.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LF-83 (12/01/02)

## EXHIBIT "A"

- Unless otherwise stated, the relevant period is January 1, 2010, through the date of your response hereto.
  - If any responsive document was lost, deleted, or is otherwise unavailable, identify the document, its date, author, general subject matter, last known custodian, and the reason it is unavailable.
  - Produce electronically stored information in native format where reasonably possible; if produced in image form, preserve load files, metadata fields, and family relationships.
- Each request includes documents in the possession, custody, or control of the witness, including documents held by agents, accountants, bookkeepers, lawyers to the extent non-privileged, or persons acting at the witness' direction.

## I.     DEFINITIONS

1. The terms "Representative" and "Representatives" shall mean any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of **Dhruv Piplani.**

2. The term "Person(s)" shall mean the plural as well as the singular and shall include any natural person, corporation, partnership, joint venture, association, government agency, and every other form of entity cognizable at law.

3. The terms "You" and "Your" refer to **Dhruv Piplani.**

4. The term "Document" shall mean the original and any copy whether different from the original by reason of any notation made on such copies or otherwise, regardless of the origin or location, of any written, recorded, transcribed, punched, taped, films or graphic matter, however produced or reproduced, including, but not limited to, any correspondence, notes, logs, journals, reports, letter, memoranda, notes, diaries, statistics, minutes, contracts, studies, checks, statements, receipts, returns, summaries, pamphlets, prospectuses, interoffice and intraoffice telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telecopies, telefax, invoices, worksheets (and all drafts, alterations, modifications or changes to any of the foregoing); graphic and oral record or representations of any kind, including without limitation, photographs, charts, graphs, diagrams, illustrations, drawings, microfiche, microfilm, video tape recordings, motion

LF-83 (12/01/02)

pictures, electronic, mechanical or electrical records or representations of any kind, including without limitation, tapes, cassettes, discs and recordings.

5.  The term "All Documents" shall mean any document as above defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

6.  The term "Communication" shall mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whosoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements and the understandings between or among two or more people.

7.  The terms "Identification," "Identify," and/or "Identity," when used is reference to (a) a natural individual, require you to state his or her full name and residential and business addresses: (b) a corporation, require you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of businesses, and the addresses of all of its offices in the State of Florida; (c) a business, require you to state the full name or style under which the business is conducted, its business address or addresses, the types of businesses in which it is engaged, the geographic areas in which it conducts those business, and the identity of the person or persons who own, operate, and control the business; (d) a document, require you to state the number of pages and the nature of the document (e.g., letter or memorandum), its title, its date, the name or names of its authors and recipients, and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication and to state the date, manner, place and substance of the communication.

8.  The term "Describe in Detail" shall mean to recite the information in your possession for each separate and distinct act, instance, occurrence, or communication, including the date, location and identity of each and every person present or involved, and the identity of each and every communication and each and every document which related to the act, instance, occurrence or communication.

9.  The term "Referring to" or "Relating to" means in any way directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing, or representing.

10. The term "And" and "Or", as used herein, are both conjunctive and disjunctive.

LF-83 (12/01/02)

11. All singular words include the plural, and all plural words include the singular.

12. All works in the present tense include the past, and all works in the past tense include the present.

13. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

14. You are required to produce all documents properly requested by the request for production which are in your custody or subject to your control, and to use reasonable diligence to locate and produce such documents. If any documents cannot be located or no longer exist, you are requested to provide an explanation and to identify the last known location and custodian of the document. If you contend that you are entitled to withhold from review any or all documents identified herein on the basis of any privilege, then do the following with respect to each and every document so withheld: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and a copy of the document; (d) state the subject matter of the document; and (e) state the basis upon which you contend you are entitled to withhold the document from production.

15. Unless otherwise instructed, the relevant time period for all responsive documents shall be one year prior to and through the date of filing the bankruptcy petition to the present.

16. The term "Debtor" refers to **Nir Meir** whose last known principal and mailing address is **102 24th Street, Unit 1204, Miami Beach, FL 33140**. Together with any and all, present and former agents, employees, representatives, servants, attorneys, or other persons acting or purporting to act on behalf of **Nir Meir**.

17. The term "**Bankruptcy Estate**" refers to the Debtor's above-styled Bankruptcy **Case No. 24-11047-LMI.**

## II. CONTINUING REQUEST

This is a continuing request for the production of documents. At such time as you become aware of the existence of any additional documents responsive to this Request, you are hereby requested to produce such documents.

LF-83 (12/01/02)

### III. DESTROYED DOCUMENTS

If any document responsive to this Request was at one time in existence, but has been lost or destroyed, a list should be provided of the document(s) so lost or destroyed stating the following information for each such document: (a) the type of document; (b) the date on which it ceased to exist; (c) the circumstances of its loss or destruction, (d) the identity of all persons having knowledge of the reasons for its loss or destruction, and (e) the identity of all persons having knowledge of its contents.

### IV. REQUEST FOR PRODUCTION

1. You are directed to produce the following documents, electronically stored information ("ESI"), and tangible things for the period January 1, 2010, through the present, unless otherwise specified.

2. All documents concerning the agreements annexed hereto collectively as Exhibit "1", including: (i) the Loan Extension and Modification Agreement dated December 31, 2016, by and between Dhruv Piplani and HFZ Capital Group LLC; (ii) the Loan Extension and Modification Agreement dated December 31, 2017, by and between Dhruv Piplani and HFZ Capital Group LLC; and (iii) the Loan Extension Agreement dated December 31, 2017, by and between Almond Blossom Co., Ltd. and HFZ Capital Group LLC, concerning a loan guaranteed by Nir Meir and Ziel Feldman and incorporating a Phantom Rights Agreement, including without limitation all promissory notes, guaranties, amendments, extensions, renewals, modifications, restatements, side agreements, correspondence, communications, drafts, payment records, wire transfers, account statements, Phantom Rights Agreements, and all other documents relating to the negotiation, execution, funding, administration, repayment, extension, modification, enforcement, or performance of such transactions.

3. All documents sufficient to identify every corporation, limited liability company, partnership, trust, joint venture, investment vehicle, nominee entity, offshore entity, holding company, subsidiary, affiliate, predecessor, successor, or other business organization in which Dhruv Piplani, directly or indirectly, held or holds any legal, equitable, beneficial, ownership, membership, management, voting, financial, or controlling interest.

4. All organizational documents for each entity identified in Response No. 2, including certificates of incorporation, articles of organization, operating agreements, bylaws, shareholder agreements,

LF-83 (12/01/02)

partnership agreement, trust agreement, amended membership ledger, stock ledgers, capitalization tables, and beneficial ownership records.

5. All communications between Dhruv Piplani and:

   (a) HFZ Capital Group LLC;

   (b) Nir Meir;

   (c) Ziel Feldman;

   (d) John Usdan;

   (e) any HFZ employee, officer, member, manager, investor, consultant, or representative; and

   (f) any affiliate of HFZ,

   concerning loans, investments, financing arrangements, creditor obligations, capitalization, project financing, repayment obligations, or financial condition.

6. All documents reflecting the source of funds used for any loan, investment, capital contribution, advance, extension of credit, or transfer made by Dhruv Piplani to HFZ or any HFZ affiliate.

7. All bank records, wire transfer records, cancelled checks, confirmations, accounting records, general ledgers, journals, account statements, and payment records evidencing:

   (a) funding of any loan;

   (b) accrued interest;

   (c) repayments;

   (d) extensions;

   (e) modifications; or

   (f) transfers involving HFZ or its affiliates.

8. All documents reflecting any repayment, distribution, transfer, reimbursement, fee, dividend, profit participation, return of capital, or other payment made by HFZ or any HFZ affiliate to Dhruv Piplani or any entity affiliated with him.

9. All documents concerning any guaranty, pledge, collateral assignment, security agreement, mortgage, lien, or other security interest provided in connection with any loan, investment, or financial transaction involving HFZ.

10. All financial statements, balance sheets, income statements, cash flow statements, projections, borrowing base reports, investor presentations, capitalization tables, budgets, forecasts, or similar financial information provided to Dhruv Piplani by HFZ or any HFZ affiliate.

11. All documents concerning HFZ's ability or inability to satisfy debts, obligations, liabilities, judgments, settlements, creditor claims, investor claims, or repayment obligations.

12. All communications concerning insolvency, liquidity issues, refinancing, creditor claims, investor claims, lawsuits, judgments, collection efforts, bankruptcy, or restructuring involving HFZ or any affiliate thereof.

LF-83 (12/01/02)

13. All documents reflecting partnership interests, preferred interests, carried interests, phantom interests, management interests, consulting arrangements, compensation arrangements, investment interests, or other financial relationships between Dhruv Piplani and HFZ.

14. All documents concerning the Phantom Rights Agreement referenced in Request No. 1, including all amendments, schedules, valuations, side letters, communications, and records of payments or distributions thereunder.

15. All documents sufficient to identify every payment, transfer, distribution, dividend, loan repayment, reimbursement, consulting fee, management fee, profit participation, return of capital, or other transfer of money or assets from HFZ or any HFZ affiliated to Dhruv Piplani or any entity affiliated with him.

16. All documents concerning Nir Meir.

17. All communications between Dhruv Piplani and Nir Meir, whether directly or indirectly, including communications through attorneys, agents, representatives, consultants, intermediaries, nominees, affiliated entities, or family members.

18. All documents concerning any transfer of money, property, assets, membership interests, partnership interests, securities, profits, distributions, loans, reimbursements, compensation, or other value involving:

    (a) Nir Meir;

    (b) entities owned or controlled by Nir Meir;

    (c) HFZ;

    (d) HFZ affiliates; or

    (e) any person or entity acting for the benefit of Nir Meir.

19. All documents identifying any entity in which Nir Meir held or holds:

    (a) an ownership interest;

    (b) a beneficial interest;

    (c) a membership interest;

    (d) a management role;

    (e) an officer position;

    (f) a controlling interest;

    (g) signatory authority; or

    (h) a financial interest.

20. All documents concerning entities through which Nir Meir conducted business directly or indirectly.

LF-83 (12/01/02)

21. All documents concerning payments made:

    (a) to Nir Meir;

    (b) for Nir Meir's benefit;

    (c) at Nir Meir's direction;

    (d) to entities affiliated with Nir Meir; or

    (e) to persons or entities acting on behalf of Nir Meir.

22. All communications concerning compensation, distributions, loans, reimbursements, transfers of assets, investments, or financial transactions involving Nir Meir or entities affiliated with him.

23. All documents reflecting discussions regarding financial condition, insolvency, liabilities, creditor claims, litigation exposure, judgments, settlements, restructuring, bankruptcy planning, asset protection, creditor avoidance, or collection efforts involving Nir Meir or any affiliated entity.

24. Documents sufficient to identify every bank account, brokerage account, investment account, escrow account, trust account, cryptocurrency account, or other financial account known by Dhruv Piplani to be owned, controlled, used, or beneficially held by Nir Meir or any entity affiliated with him.

25. All documents concerning any transfer or movement of assets from HFZ or any related entity to Nir Meir, directly or indirectly.

26. All documents concerning any entity that received money, assets, property, distributions, loans, investments, reimbursements, or transfers from HFZ where Nir Meir held direct or indirect ownership, beneficial, managerial, financial, or controlling interest.

27. All documents concerning any transfer of assets, restructuring, creditor avoidance, insolvency planning, judgment enforcement efforts, collection activities, litigation, settlements, bankruptcy proceedings, or asset preservation involving HFZ, Nir Meir, Dhruv Piplani, or any affiliate thereof.

28. All documents sufficient to identify every bank account, brokerage account, investment account, cryptocurrency account, escrow account, trust account, or other financial account maintained by or for the benefit of Dhruv Piplani or any affiliated entity.

29. All monthly statements, account opening documents, signature cards, wire records, cancelled checks, transfer records, and account records for any account used in connection with transactions involving HFZ, Nir Meir, Almond Blossom Co., Ltd., or any affiliate thereof.

30. All documents concerning any real estate project, development, acquisition, refinancing, disposition, investment, joint venture, or financing transaction involving HFZ in which Dhruv Piplani or any affiliated entity invested, loaned funds, held an interest, received distributions, or otherwise participated.

LF-83 (12/01/02)

31. All communications concerning asset transfers, disposition of assets, claims, litigation risks, bankruptcy, insolvency, collection efforts, judgment enforcement, restructuring, refinancing, or financial distress involving Dhruv Piplani, HFZ, Nir Meir, or any affiliate thereof.

32. All documents sufficient to identify every entity, account, asset, investment, real property interest, trust arrangement, nominee arrangement, beneficial ownership arrangement, offshore structure, or financial relationship involving Dhruv Piplani that directly or indirectly involved Nir Meir, HFZ, HFZ affiliates, or assets transferred from or through HFZ.

33. All documents sufficient to identify every person or entity to whom Dhruv Piplani transferred money, property, assets, membership interests, partnership interests, securities, loans, guarantees, or other things of value in excess of $25,000 from January 1, 2015 through the present that involved, related to, originated from, or concerned HFZ, Nir Meir, Almond Blossom Co., Ltd., or any affiliated entity.

34. All documents sufficient to identify every affiliate, subsidiary, parent company, related entity, nominee, trust, investment vehicle, or beneficial ownership structure through which Dhruv Piplani conducted business with HFZ, Nir Meir, Ziel Feldman, Almond Blossom Co., Ltd., or any affiliate thereof.

35. All documents concerning communications with attorneys, accountants, consultants, financial advisors, investment advisors, restructuring professionals, or other advisors relating to HFZ, Nir Meir, creditor claims, insolvency, asset transfers, financial condition, or restructuring, excluding privileged communications but including engagement letters, retention agreements, invoices, and non-privileged communications.

36. All documents sufficient to identify all claims, debts, obligations, receivables, notes, guarantees, contingent liabilities, or other financial obligations owed to or by Dhruv Piplani arising from or relating to HFZ, Nir Meir, Almond Blossom Co., Ltd., or any affiliate thereof.

37. All documents concerning any settlement, release, compromise, forbearance agreement, workout agreement, restructuring agreement, repayment arrangement, or resolution involving Dhruv Piplani, HFZ, Nir Meir, Ziel Feldman, Almond Blossom Co., Ltd., or any affiliate thereof.

38. All documents not otherwise requested that concern, refer, or relate to Nir Meir, HFZ Capital Group LLC, Almond Blossom Co., Ltd., the transactions described in Request No. 1, or the transfer, ownership, control, disposition, preservation, concealment, recovery of assets of Nir Meir or entities affiliated with him.

**Please produce all documents, if possible, by CD, USB flash drive, and/or secure email service.**

LF-83 (12/01/02)

## LOAN EXTENSION AGREEMENT

This Loan Extension and Modification Agreement (the "**Agreement**") is dated as of December 31, 2016, Dhruv Piplani, 16A 152 Tai Hang Road, Hong Kong ("**Grantee**") and HFZ CAPITAL GROUP LLC ("**HFZ**").

Terms not otherwise defined herein shall have the meaning ascribed to such terms in the letter agreement dated as of September 31, 2016 made by HFZ in favor of Grantee (the "**Letter Agreement**").

## BACKGROUND

WHEREAS, On September 31, 2016, Grantee made a loan to HFZ in the original principal amount of Four Hundred Thousand and 00/100 ($400,000) Dollars (the "**Original Loan**"), which was evidenced by that certain Promissory Note for such amount (the "**Original Note**").

WHEREAS, Borrower and Lender wish to extend the Maturity Date to December 31, 2017 and to restate the principal amount of the Loan to include interest accrued thereon up to December 31, 2016.

NOW, THEREFORE, Lender and Borrower agree as follows:

1.     Extension. The Original Note, and the Letter Agreement are each hereby amended to extend the Maturity Date to December 31, 2017.

2.     Amendment and Restatement of the Note. Grantee and HFZ agree that, as of December 31, 2016, the accrued interest of the Loan shall be added to the principal balance of the loan, and the revised Loan shall be in an amount equal $410,082.19. That certain note dated September 31, 2016 in the amount of $400,000 by HFZ in favor of Grantee, is hereby replaced by that certain amended and restated note dated the date hereof, in the principal amount of $410,082.19 by HFZ in favor of Grantee.

3.     Acknowledgement of Obligations. Except as specifically amended hereby, Borrower acknowledges and agrees that the Letter Agreement and Original Note all remain in full force and effect and are enforceable in accordance with their terms.

4.     Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same Agreement. All signatures of the parties may be transmitted by facsimile or electronic delivery, and each such facsimile signature or electronic delivery signature (including a pdf signature) will, for all purposes, be deemed to be the original signature of the party whose signature it reproduces and be binding upon such party.

[SIGNATURES APPEAR ON FOLLOWING PAGE]



EXHIBIT

"1"

IN WITNESS WHEREOF, intending to be legally bound, the parties hereto have caused this Agreement to be signed by their duly authorized officers.

_____

Dhruv Piplani


HFZ CAPITAL GROUP LLC


By: _____
Name:
Title:

## LOAN EXTENSION AGREEMENT

This Loan Extension and Modification Agreement (the "**Agreement**") is dated as of December 31, 2017, Dhruv Piplani, 16A 152 Tai Hang Road, Hong Kong ("**Grantee**") and HFZ CAPITAL GROUP LLC ("**HFZ**").

Terms not otherwise defined herein shall have the meaning ascribed to such terms in the letter agreement dated as of September 31, 2016 made by HFZ in favor of Grantee (the "**Letter Agreement**").

## BACKGROUND

WHEREAS, On September 31, 2016, Grantee made a loan to HFZ in the original principal amount of Four Hundred Thousand and 00/100 ($400,000) Dollars (the "**Original Loan**"), which was evidenced by that certain Promissory Note for such amount (the "**Original Note**").

WHEREAS, On and as of December 31, 2016, the Original Loan and the Original Note were amended and restated to, reflect an outstanding principal balance on the Loan of $ 410,082.19 and an extension of the Maturity Date to December 31, 2017.

WHEREAS, Borrower and Lender wish to extend the Maturity Date to December 31, 2018 and to restate the principal amount of the Loan to include interest accrued thereon up to December 31, 2017.

NOW, THEREFORE, Lender and Borrower agree as follows:

1.    Extension. The Original Note, and the Letter Agreement are each hereby amended to extend the Maturity Date to December 31, 2018.

2.    Amendment and Restatement of the Note. Grantee and HFZ agree that, as of December 31, 2017, the accrued interest of the Loan shall be added to the principal balance of the loan, and the revised Loan shall be in an amount equal $451,090.41. That certain note dated December 31, 2016 in the amount of $410,082.19 by HFZ in favor of Grantee, is hereby replaced by that certain amended and restated note dated the date hereof, in the principal amount of $451,090.41 by HFZ in favor of Grantee.

3.    Acknowledgement of Obligations. Except as specifically amended hereby, Borrower acknowledges and agrees that the Amended and Restated Letter Agreement and Amended and Restated Promissory Note all remain in full force and effect and are enforceable in accordance with their terms.

4.    Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same Agreement. All signatures of the parties may be transmitted by facsimile or electronic delivery, and each such facsimile signature or electronic delivery signature (including a pdf signature) will, for all purposes, be deemed to be the original signature of the party whose signature it reproduces and be binding upon such party.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

IN WITNESS WHEREOF, intending to be legally bound, the parties hereto have caused this Agreement to be signed by their duly authorized officers.

_____

Dhruv Piplani


HFZ CAPITAL GROUP LLC


By: _____
Name:
Title:

LOAN EXTENSION AGREEMENT

This Loan Extension and Modification Agreement (the "**Agreement**") is dated as of December 31, 2017, by and between Almond Blossom Co. Ltd., a corporation having an address at c/o Dhruv Piplani, 16A 152 Tai Hang Road, Hong Kong ("**Grantee**") and HFZ CAPITAL GROUP LLC ("**HFZ**").

Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Phantom Rights Agreement dated as of December 31, 2015 made by HFZ in favor of Grantee (the "**Phantom Rights Agreement**").

BACKGROUND

WHEREAS, On July 30, 2013, Grantee made a loan to HFZ in the original principal amount of Three Million and 00/100 ($3,000,000) Dollars (the "**Original Loan**"), which was evidenced by that certain Promissory Note for such amount (the "**Original Note**"), and which was personally guaranteed by Nir Meir and Ziel Feldman pursuant to that certain Guaranty (the "**Original Guaranty**", and together with the Original Note, the "**Original Loan Documents**"), each dated as of July 30, 2013.

WHEREAS, On and as of December 31, 2014, the Original Loan Documents were modified, amended and restated to, among other things, reflect an outstanding principal balance on the Original Loan of Three Million Five Hundred Forty Thousand and 00/100 ($3,540,000) Dollars (the "**Modification**" and the Original Loan, as modified by the Modification, the "**Loan**").

WHEREAS, On and as of December 31, 2016, the Modification and the Loan were amended and restated to, among other things, reflect an outstanding principal balance on the Loan of Four Million Nine Forty Two Thousand Six Hundred and 37/100 ($4,942,600.37) Dollars and an extension of the Maturity Date to December 31, 2017.

WHEREAS Pursuant to the Phantom Rights Agreement, and in consideration of the making of the Original Loan by Lender and of the Modification thereto, HFZ granted to Grantee rights resembling a Membership Interest in the Company on the terms set out on in the Phantom Rights Agreement.

WHEREAS, Borrower and Lender wish to extend the Maturity Date to December 31, 2018 and to restate the principal amount of the Loan to include interest accrued thereon up to December 31, 2017.

NOW, THEREFORE, Lender and Borrower agree as follows:

1.    Extension. The Amended and Restated Promissory Note, and the Amended and Restated Letter Agreement are each hereby amended to extend the Maturity Date to December 31, 2018.

2.    Amendment and Restatement of the Note. Grantee and HFZ agree that, as of December 31, 2017, the accrued interest of the Loan shall be added to the principal balance of the loan, and the revised Loan shall be in an amount equal $5,832,268.44. That certain note dated December 31, 2016 in the amount of $4,942,600.37 by HFZ in favor of Grantee, is hereby replaced by that certain

amended and restated note dated the date hereof, in the principal amount of 5,832,268.44 by HFZ in favor of Grantee.

3. _Acknowledgement of Obligations_. Except as specifically amended hereby, Borrower and each of the Guarantors acknowledges and agree that the Amended and Restated Letter Agreement, Amended and Restated Promissory Note, Guaranty and Phantom Rights Agreement all remain in full force and effect and are enforceable in accordance with their terms.

4. _Counterparts_. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same Agreement. All signatures of the parties may be transmitted by facsimile or electronic delivery, and each such facsimile signature or electronic delivery signature (including a pdf signature) will, for all purposes, be deemed to be the original signature of the party whose signature it reproduces and be binding upon such party.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

IN WITNESS WHEREOF, intending to be legally bound, the parties hereto have caused this Agreement to be signed by their duly authorized officers.

ALMOND BLOSSOM CO., LTD.

By: _____
Name: Dhruv Piplani
Title:

HFZ CAPITAL GROUP LLC

By: _____
Name:
Title: