UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Case No.: 24-11047-PDR

NIR MEIR, Chapter 7

Debtor.
_______________________/

**JOINT MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY**

***Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.***

YH Lex Estates LLC ("YH Lex" or "Plaintiff"), a creditor and party in interest in the above-captioned bankruptcy case, and Nir Meir ("Meir" or "Defendant"; and together with Plaintiff, the "Parties"), file this *Joint Motion to Approve Stipulation to Compromise Controversy* (the "Joint Motion"), and state as follows:

**JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS**

1. This Court has jurisdiction over the Parties and subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to sections 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for this Motion is section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code"). The procedural predicate for the requested relief is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

**BACKGROUND**

4. In November 2020, YH Lex commenced an action in Supreme Court of the State of New York, New York County ("NY State Court") against the Debtor, HFZ Capital Group LLC

and Ziel Feldman, which was captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, et al.* (Index No. 655980/2020) ("YH-Meir Action").

5. On June 15, 2021, the NY State Court entered a judgment in the amount of $19,742,959.81 against the Debtor and in favor of YH Lex ("Meir Judgment").

6. Following entry of the Meir Judgment, it continued to accrue interest at the applicable statutory judgment rate of 9% per annum.

7. Thereafter, YH Lex pursued enforcement of the Meir Judgment against the Debtor, and other judgment debtors with respect to the liability giving rise to the Meir Judgment, as well as third parties who received voidable transfers from Defendant and the other judgment debtors.

8. On February 1, 2024, the Debtor commenced the above-captioned bankruptcy case ("Meir Bankruptcy Case") by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").

9. Drew Dillworth ("Trustee") was duly appointed as the chapter 7 trustee of the Meir Bankruptcy Case and is currently serving in that role.

10. On April 26, 2024, YH Lex filed a proof of claim as Claim No. 3-1 on the claims register for the Meir Bankruptcy Case, asserting a secured claim against the Debtor in the amount no less than $19,742,959.81 ("YH Lex Claim").

11. On January 5, 2026, YH Lex filed a complaint ("Complaint") against the Debtor, commencing an adversary proceeding (Case No. 26-01001-PDR, the "YH Lex Adversary Proceeding"), wherein, in summary, the Plaintiff sought a determination that a debt (*i.e.,* the Meir Judgment as reflected in the YH Lex Claim) owed by the Debtor to YH Lex is non-dischargeable under 11 U.S.C. § 523(a).

12. On April 23, 2026, after several consensual extensions of Defendant's time to answer the Complaint, the Defendant filed *Defendant's Pro Se Combined Motion to Dismiss, and,*

*in the alternative, For More Definite Statement* in the YH Lex Adversary Proceeding [Adv. Pro. No. 14].

13. On June 17, 2026, YH Lex filed *Plaintiff/Creditor YH Lex Estates LLC's Opposition to Defendant/Debtor Nir Meir's Motion to Dismiss Complaint* in the YH Lex Adversary Proceeding [Adv. Pro. No. 22].

14. On June 18, 2026, the Defendant filed *Defendant's Reply in Further Support of Motion to Dismiss, and, in the alternative, for More Definite Statement* in the YH Lex Adversary Proceeding [Adv. Pro. No. 23].

15. On June 26, 2026, following a hearing on the Plaintiff and Defendant's respective pleadings on the Motion to Dismiss the YH Lex Adversary Proceeding, the Bankruptcy Court entered an *Order Granting in Part and Denying in Part Combined Motion to Dismiss and in the Alternative for More Definite Statement* [Adv. Pro. No. 25].

16. On June 26, 2026, the Plaintiff filed a *Notice of Election Not to File an Amended Complaint* [Adv. Pro. No. 26].

17. On June 29, 2026, the Plaintiff filed an *Agreed Motion to Dismiss with Prejudice Count II of the Complaint Seeking Entry of a Judgment Declaring the Debtors Obligation to YH Lex Estates LLC to be Nondischargeable Pursuant to 11 U.S.C. § 523(a)* [Adv. Pro. No. 28].

18. On June 30, 2026, the Bankruptcy Court entered an *Order Granting Agreed Motion to Dismiss with Prejudice Count II of the Complaint Seeking Entry of a Judgment Declaring the Debtor's Obligation to YH Lex Estates LLC to be Nondischargeable Pursuant to 11 U.S.C. § 523(a)* [Adv. Pro. No. 29].

19. On July 6, 2026, the Defendant filed his *Answer and Affirmative Defenses to Complaint* [Adv. Pro. No. 31].

20. Thereafter, the Parties began to participate in discovery, including fixing an agreed upon schedule for discovery.

21. In an effort to avoid the costs and uncertainties of litigation, the Parties desire to settle the above-referenced matters, and related matters between them with respect to the Meir Bankruptcy Case and the YH Lex Adversary Proceeding in accordance with the terms and conditions of the *Stipulation and Settlement Agreement* ("Stipulation"), which is annexed hereto as **Exhibit 1**, and set forth in summary herein.

## THE PROPOSED SETTLEMENT[1]

22. The salient terms of the Stipulation between the Parties are summarized as follows:

a) The Stipulation is subject in all respects to the approval of the Bankruptcy Court, as evidenced by the Bankruptcy Court's entry of a Final Order[2] approving the Stipulation (an "Approval Order"). A proposed version of the Approval Order is annexed hereto as **Exhibit 2**. None of the Parties shall be bound by the provisions of the Stipulation unless and until the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court does not enter the Approval Order or enters an order denying approval of this Stipulation, the Stipulation shall be deemed null and void and the Parties shall be restored to their respective positions as if the Stipulation never existed and shall revert to their respective applicable rights in the YH Lex Adversary Proceeding.

b) Immediately upon entry of an Approval Order by the Bankruptcy Court, the Bankruptcy Court shall enter a final judgment in the YH Lex Adversary Proceeding, in the form attached to the Stipulation as **Exhibit B**, declaring the Debtor's obligations under the Meir Judgment excepted from discharge under the provisions of 11 U.S.C. §§ 523(a)(2) and (6), subject to the terms and conditions of this Stipulation.

c) The Defendant is collaterally estopped from asserting otherwise under any theory of relief, including but not limited to contesting the factual or legal basis for entry of the Meir Judgment, or its exception from discharge in the Meir Bankruptcy Case.

[1] The following is a summary of the key terms of the Proposed Settlement. The terms of the Stipulation control and all parties are urged to review it directly. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

[2] For purposes of this Stipulation, "Final Order" means an order or judgment that has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

d) Immediately upon entry of an Approval Order by the Bankruptcy Court, YH Lex will forebear or refrain from enforcing the Meir Judgment against the Defendant for a period of twenty (20) months from the date of the Approval Order ("Forbearance Period").

e) Any monies collected by YH Lex against the Meir Judgment during and after the Forbearance Period, including any third-party recoveries, recoveries from settlement agreements with other, related parties, and any distributions received from any currently pending, related bankruptcy cases, including any distributions received from the Meir Bankruptcy Case, shall be credited against the Meir Judgment.

f) During the Forbearance Period, YH Lex will provide to the Defendant, on a semi-annual basis, by affidavit from YH Lex's manager, a status report of the balance of the Meir Judgment, including interest, which is then due and owing as of the date of the report.

g) At the end of the Forbearance Period, if the Meir Judgment has not been satisfied in full, including interest, then YH Lex is authorized to resume enforcement of the Meir Judgment against the Defendant, which shall include but not be limited to, YH Lex's rights, in its discretion, to docket, domesticate and have execution issued on the Meir Judgment against the Defendant.

h) Notwithstanding the foregoing enforcement rights favoring YH Lex, following the Forbearance Period, the Defendant's liability under the Meir Judgment, and YH Lex's ability to collect against the Defendant, shall not exceed $5 million.

## LEGAL STANDARD FOR SETTLEMENT

23. Bankruptcy Rule 9019(a) provides: "On motion … and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement.

24. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d. Cir.

1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

25. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

26. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

a) the probability of success in the litigation;
b) the difficulties, if any, to be encountered in the matter of collection;
c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

**DISCUSSION OF THE LEGAL STANDARDS FOR APPROVAL OF SETTLEMENTS AS OUTLINED IN *IN RE JUSTICE OAKS II, LTD.*, 898 F.2D 1522, 1549 (11th Cir.) *cert. denied*, 498 U.S. 959 (1990)**

**Factor #1 "The Probability of Success in Litigation"**

27. The Parties dispute the facts set forth in the Complaint and whether the YH Lex Claim is non-dischargeable as against the Debtor. Given the fact-intensive nature of the YH Lex Adversary Proceeding, the proposed Settlement is in the best interest of both Parties. The proposed Settlement resolves a long-disputed matter between the Parties without additional, extensive litigation and relieves the Bankruptcy Court from presiding over this likely contentious matter and instead, permitting the Parties to resolve this dispute in a reasonable and cost-effective manner.

**Factor #2 "The Difficulties, If Any, To be Encountered in the Matter of Collection"**

28. YH Lex has assessed the likelihood of collection from the Debtor if it were to pursue this matter to conclusion through trial. The proposed Settlement achieves a reasonable resolution of these matters without the expense of litigation when the likelihood of collection of the full amount of the Meir Judgment from the Debtor is doubtful. Considering all these factors, the proposed Settlement achieves a fair result.

**Factor #3 "The Complexity of the Litigation Involved and the Expense, Inconvenience and Delay Necessarily Attending It"**

29. The underlying facts regarding the dischargeability of the Meir Judgment are in dispute. If the Stipulation is not approved and YH Lex must litigate against the Debtor, there will be substantial additional expenses, inconvenience and delay necessarily attending it for both Parties. The Parties submit that the Settlement will have no material impact on the Debtor's estate, the Trustee or the Debtor's other creditors, but would allow for significant litigation claims to be resolved without further imposition upon the Court. It is not clear that a better result will be achieved if the Parties were to litigate this matter to judgment, but it is clear that both Parties would expend significant resources achieving nearly the same result.

**Factor #4 "The Paramount Interest of the Creditors and Proper Deference to their Reasonable Views in the Premises"**

30. The paramount interest of the creditors and proper deference to their reasonable views in the premises is a factor that must be considered by the Court. However, "[i]t is not the creditors' task to determine the fairness of a proposed settlement; it is the court's obligation to make that determine while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (*citing Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 918 (5th Cir. 1995).

31. The proposed Settlement will have no financial impact on the Debtor's estate and will not affect any distributions the Trustee is able to make to unsecured creditors. Therefore, the Parties submit that the paramount interest of the creditors is unaffected by the proposed Settlement if it is approved as requested herein.

32. While the contemplated Settlement has no cognizable impact on the Debtor's estate, for the Parties, this litigation would be expensive and would involve burdensome discovery and motion practice. This is particularly true in light of the extensive history and factual record regarding disputes between the Parties that pre-date the filing of the Complaint, which given the nature of the claims will likely be subject to extensive re-litigation in the absence of the settlement. The costs related to the likely expensive and protracted litigation, even if YH Lex is successful in obtaining a judgment of non-dischargeability, would likely diminish any prospective monetary recovery that might result in the future. The proposed Settlement achieves a best result when considering all of the factors.

33. Because, among other things, the proposed Settlement, (a) avoids the expense and uncertainty of litigation; (b) fixes the terms of a limited potential recovery from the Meir Judgment in the future; (c) has no financial impact on the Debtor's estate or its creditors; and (d) avoids the expense and uncertainty of litigation, the Parties submit that the Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement as fair and reasonable, and within the reasonable range of possible litigation outcomes. Additionally, the proposed Settlement has no finalize impact on the Debtor's bankruptcy estate or any future distribution creditors may receive from the Debtor's bankruptcy estate.

34. Pursuant to Local Rule 9013-1(D), a copy of the proposed Judgment of Non-Dischargeability is annexed to the Stipulation as **Exhibit 1**, and a copy of the proposed Order approving this Motion is annexed hereto as **Exhibit 2**.

**WHEREFORE**, the Parties respectfully request the entry of: (1) an Order: (a) granting this Motion; (b) approving the Stipulation to compromise the controversy with the Debtor; and (2) a Judgment of Non-Dischargeability against Meir and in favor of YH Lex; and granting such other and further relief as this Court deems appropriate.

Dated: September 18, 2026

BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340

By: *_/s/ Jordi Guso_________________*
Jordi Guso
Florida Bar No. 863580
jguso@bergersingerman.com

-and-

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP
286 Madison Avenue, 11th Floor
New York, New York 10017
Tel: (212) 972-3000
Fax: (212) 972-2245
Tracy L. Klestadt, *Admitted Pro Hac Vice*
tklestadt@klestadt.com
Kathleen M. Aiello, *Admitted Pro Hac Vice*
kaiello@klestadt.com

*Co-Counsel for YH Lex Estates, LLC*

-and-

Nir Meir, pro se

By: _*/s/ Nir Meir*___________________

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on September 18, 2026, via electronically through the Court's CM/ECF system upon all parties on the CM/ECF Service List, via electronic mail upon Nir Meir; nir@eammcap.com, and First Class U.S. Mail, postage pre-paid upon the attached Service List.

By: */s/ Jordi Guso*
Jordi Guso

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Paul A Avron** pavron@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- **Kevin Badkhshan** kbadkhshan@zeklaw.com, 5041986420@filings.docketbird.com
- **Jonathan M Davidoff** jonathan@davidofflawfirm.com
- **Drew M Dillworth** ddillworth@stearnsweaver.com, dmd@trustesolutions.net;mfernandez@stearnsweaver.com;dmd@trustesolutions.net;fsanchez@stearnsweaver.com
- **Jordi Guso** jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- **Ingrid Tatiana Medina Rodriguez** trodriguez@zeklaw.com
- **James B Miller** bkcmiami@gmail.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Luis Salazar** lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;JCeide@coleschotz.com;Alee-sin@coleschotz.com;DFernandez@coleschotz.com;EVazquez@coleschotz.com
- **Peter E. Shapiro** pshapiro@shapirolawpa.com, shapiro.peterr101923@notify.bestcase.com
- **Michael Erik Sims** msims@zeklaw.com, 9574886420@filings.docketbird.com
- **Mark E Steiner** MES@lgplaw.com, pm@lgplaw.com
- **Jason D Winter** jason@wintertrimacco.com

Label Matrix for local noticing
113C-1
Case 24-11047-PDR
Southern District of Florida
Miami
Fri Sep 18 14:32:05 EDT 2026

Davidoff Law Firm, PLLC
davidoff law firm
228 East 45th Street
1110
NEW YORK, NY 10017-3358

Rosen Law LLC
c/o Gary Rosen
500 Village Square Crossing Suite 101
Palm Beach Gardens, FL 33410-4548

YH Lex Estates, LLC
Berger Singerman LLP
c/o Jordi Guso, Esq.
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

88 Lex 501 Inc
c/o Joel Braziller, Esq
277 Broadway, #400
New York, NY 10007-2035

American Express Bank
9550 Regency Square Blvd
Suite 501
Jacksonville, FL 32225-8116

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Arel Capital Partners II LLC
540 Madison Avenue
New York, NY 10022-3213

Astor Ben Sasha LLC
18 East 48th Street
#702
New York, NY 10017-1050

Avishai Abrahami
Tel-Aviv, Israel

BSDT 11th Ave LLC
c/o Zvi Hahn as trustee of Benny
Shabtai 2012 Dynasty Trust
New York, NY

BSDT 2012 LLC
1114 Avenue of the Americas
New York, NY 10036-7703

Barclays Bank Delaware
Attn: Bankruptcy
125 South West St
Wilmington, DE 19801-5014

Benny Shabtai
200 East 69th Street
PH E
New York, NY 10021-5747

Canfield Ruggiero LLP
1461 Franklin Avenue
Garden City, NY 11530-1648

Cox Padmore Skolnick & Shakarchy LLP
630 Third Avenue
23rd Floor
New York, NY 10017-6731

DAVIDOFF LAW FIRM, PLLC
c/o Jonathan Marc Davidoff, Esq.
228 East 45th Street
Suite 1110
New York, New York 10017
jonathan@davidofflawfirm.com 10017-3358

Davidoff Law Firm, PLLC
c/o Jonathan Marc Davidoff, Esq.
228 East 45th Street
Suite 1110
New York, NY 10017-3358

Double J Bryant Park 25 LLC
c\o Paykin Krieg & Adams LLP
2500 Westchester Avenue
Suite 107
Purchase, NY 10577-2515

Double J Bryant Park 27, LLC
c\o Paykin Krieg & Adams LLP
2500 Westchester Avenue
Suite 107
Purchase, NY 10577-2515

Fida and Son Construction Corp.
1633 West 9th Street
Brooklyn, NY 11223-1211

GCE Belnord Corp
c/o Bryan Cave
1290 Avenue of the Americas
New York, NY 10104-0101

GCE Belnord Corp.
375 Park Street
375 Park Street
Montclair, NJ 07043-2239

GCE Property Holdings, Inc.
c/o Bryan Cave
1290 Avenue of the Americas
New York, NY 10104-0101

George L. Miller TTE Estate EAM 40 Meadow La
c/o John T. Carroll, III, Esq.
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1166

Goldberg Weprin Finkel Goldstein
1501 Broadway
New York, NY 10036-5686

HFZ 501 West LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ CAPITAL GROUP LLC
600 Madison Avenue
New York, NY 10022-1761

HFZ Capital Group, LLC
600 Madison Avenue
15th Floor
New York, NY 10022-1761

HFZ Highline LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ Highline Property Owners LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ Highline Special Member LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

Harsh Padia
395 Hudson Street
Suite 701
New York, NY 10014-3732

Internal Revenue Service
Centralized Insolvecy Operations
Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JC Industries LLC
47-17 35th Street
Sunnyside, NY 11101

Jenny Kwan
c\o Paykin Krieg & Adams LLP
2500 Westchester Avenue
Suite 107
Purchase, NY 10577-2515

Mark E. Steiner, Esq.
44 West Flagler Street
25th Floor
Miami, FL 33130-1808

McGreevy & Henley
131 Union Ave
Riverhead, NY 11901-4645

NY Stone
31-45 Howell Street
Attn: Nino Cohen
Linden, NJ 07036

NYS Dept of Tax and Finance
PO Box 5300
Bankruptcy Unit
Albany, NY 12205-0300

NYS Dept of Taxation and Finance
Bankruptcy Unit
Building 8, Room 455
WA Harriman State Campus
Albany, NY 12227-0001

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pavarini McGovern LLC
330 West 34th Street
New York, NY 10001-2406

Polaris Lending LLC
c\o William Soto
Scarsdale Executive Building
531 Central Park Avenue, Ste 301
Scarsdale, NY 10583-1063

Raphael Rebhan
3 Rothschild Blvd
Tel-Aviv, Israel 6688106

Sav-Mor Mechanical Inc
30B Howard Place
Ronkonkoma, NY 11779-7246

Schwartz Sladkus Reich Greenberg Atlas
444 Madison Avenue
New York, NY 10022-6903

Sergey Kostyatnikov
302 5th Avenue
8th Floor
New York, NY 10001-3604

Seyfarth Shaw
620 8th Avenue
New York, NY 10018-1618

Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-7736

Tiger REF Highline LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

VSK E 68 LLC
302 5th Avenue
8th Floor
New York, NY 10001-3604

Welby Brady & Greenblatt
11 Martine Avenue
White Plains, NY 10606-4018

YH Lex Estates LLC
40 Wall Street
New York, NY 10005-1304

YH Lex Estates LLC
c/o Andrew Heymann
40 Wall Street, 35th Floor
New York, NY 10005-1324

Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, NY 10036-6149

Ziel Feldman
11 68th Street
PH West
New York, NY 10065-4955

Ziel Feldman
600 Madison Avenue
New York, NY 10022-1761

Drew M Dillworth
2200 Museum Tower
150 West Flagler St
Miami, FL 33130-1540

Kathleen M. Aiello
Klestadt Winters Jureller, et. al.,
200 West 41st Street, 17th Floor
New York, NY 10036-7219

Kevin Badkhshan
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017-3206

Maria M Yip
2 S. Biscayne Boulevard
Suite 2690
Miami, FL 33131-1815

Nathan Schwed
Zeichner Ellman & krauser LLP
730 Third Ave
New York, NY 10017-3206

Nir Meir
102 24th Street
Unit 1204
Miami Beach, FL 33139-1764

Peter E. Shapiro
8551West Sunrise Boulevard
Suite 300
Plantation, FL 33322-4007

Tatiana Rodriguez
Zeichner Ellman & Krauser LLP
730 Third Ave
New York, FL 10017-3206

Tracy L. Klestadt
Klestadt Winters Jureller, et. al.,
200 West 41st Street, 17th Floor
New York, NY 10036-7219

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Department of Treasury
Austin, TX 73301-0002

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Matthew Galluzzo PLLC

(u)Miami

(u)Board of Directors of Chatsworth Realty

(u)Board of Managers of 11 Beach St Condo

(u)Board of Managers of 235 West 75th St

(u)Avishai Abrahami

(u)Matthew Galluzzo, Esq.

(u)Ranee Bartolacci

End of Label Matrix
Mailable recipients 69
Bypassed recipients 8
Total 77

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Case No.: 24-11047-PDR

NIR MEIR, Chapter 7

Debtor.
_________________________________/
YH LEX ESTATES LLC,

Plaintiff, Adv. No. Pro.: 26-01001- PDR

vs

NIR MEIR,

Defendant.
___________________________________/

**STIPULATION AND SETTLEMENT AGREEMENT**

This Stipulation and Settlement Agreement ("Stipulation") is entered into by and between: (i) YH Lex Estates, LLC ("YH Lex" or the "Plaintiff"), a creditor in the above-captioned bankruptcy case (the "Meir Bankruptcy Case"), and the plaintiff in the above-captioned adversary proceeding (the "YH Lex Adversary Proceeding"); and (ii) Nir Meir (the "Debtor" or the "Defendant" and together with the Plaintiff, the "Parties"), the debtor in the Meir Bankruptcy Case and the defendant in the YH Lex Adversary Proceeding, on this 16th day of September 2026.

**RECITALS**

**WHEREAS**, in November 2020, YH Lex commenced an action in Supreme Court of the State of New York, New York County (the "NY State Court") against the Debtor, HFZ Capital Group LLC and Ziel Feldman, which was captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, et al.* (Index No. 655980/2020) (the "YH-Meir Action"); and

**WHEREAS**, on June 15, 2021, the NY State Court entered a judgment in the amount of $19,742,959.81 against the Debtor and in favor of YH Lex (the "Meir Judgment"), a copy of which is annexed hereto as **Exhibit A**; and

**WHEREAS**, following entry of the Meir Judgment, it continued to accrue interest at the applicable statutory judgment rate of 9% per annum; and

**WHEREAS**, thereafter, YH Lex pursued enforcement of the Meir Judgment against the Debtor, and other judgment debtors with respect to the liability giving rise to the Meir Judgment, as well as third parties who received voidable transfers from Defendant and the other judgment debtors; and

**WHEREAS**, on February 1, 2024, the Debtor commenced the Meir Bankruptcy Case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"); and

**WHEREAS**, Drew Dillworth (the "Trustee") was duly appointed as the chapter 7 trustee of the Meir Bankruptcy Case and is currently serving in that role; and

**WHEREAS**, on April 26, 2024, YH Lex filed a proof of claim as Claim No. 3-1 on the claims register for the Meir Bankruptcy Case, asserting a secured claim against the Debtor in the amount no less than $19,742,959.81 (the "YH Lex Claim"); and

**WHEREAS**, on January 5, 2026, YH Lex filed a complaint (the "Complaint") against the Debtor, commencing the YH Lex Adversary Proceeding, wherein, in summary, the Plaintiff sought a determination that a debt (*i.e.,* the Meir Judgment as reflected in the YH Lex Claim) owed by the Debtor to YH Lex is non-dischargeable under 11 U.S.C. § 523; and

**WHEREAS**, on April 23, 2026, after several consensual extensions of Defendant's time to answer the Complaint, the Defendant filed *Defendant's Pro Se Combined Motion to Dismiss, and, in the alternative, For More Definite Statement* in the YH Lex Adversary Proceeding [Adv. Pro. No. 14]; and

**WHEREAS**, on June 17, 2026, YH Lex filed *Plaintiff/Creditor YH Lex Estates LLC's Opposition to Defendant/Debtor Nir Meir's Motion to Dismiss Complaint* in the YH Lex Adversary Proceeding [Adv. Pro. No. 22]; and

**WHEREAS**, on June 18, 2026, the Defendant filed *Defendant's Reply in Further Support of Motion to Dismiss, and, in the alternative, for More Definite Statement* in the YH Lex Adversary Proceeding [Adv. Pro. No. 23]; and

**WHEREAS**, on June 26, 2026, following a hearing on the Plaintiff and Defendant's respective pleadings on the Motion to Dismiss the YH Lex Adversary Proceeding, the Bankruptcy Court entered an *Order Granting in Part and Denying in Part Combined Motion to Dismiss and in the Alternative for More Definite Statement* [Adv. Pro. No. 25]; and

**WHEREAS**, on June 26, 2026, the Plaintiff filed a *Notice of Election Not to File an Amended Complaint* [Adv. Pro. No. 26]; and

**WHEREAS**, on June 29, 2026, the Plaintiff filed an *Agreed Motion to Dismiss with Prejudice Count II of the Complaint Seeking Entry of a Judgment Declaring the Debtors*

*Obligation to YH Lex Estates LLC to be Nondischargeable Pursuant to 11 U.S.C. § 523(a)* [Adv. Pro. No. 28]; and

**WHEREAS**, on June 30, 2026, the Bankruptcy Court entered an *Order Granting Agreed Motion to Dismiss with Prejudice Count II of the Complaint Seeking Entry of a Judgment Declaring the Debtor's Obligation to YH Lex Estates LLC to be Nondischargeable Pursuant to 11 U.S.C. § 523(a)* [Adv. Pro. No. 29]; and

**WHEREAS**, on July 6, 2026, the Defendant filed his *Answer and Affirmative Defenses to Complaint* [Adv. Pro. No. 31]; and

**WHEREAS**, thereafter, the Parties began to participate in discovery, including fixing an agreed upon schedule for discovery; and

**WHEREAS**, in an effort to avoid the costs and uncertainties of litigation, the Parties desire to settle the above-referenced matters, and related matters between them with respect to the Meir Bankruptcy Case and the YH Lex Adversary Proceeding in accordance with the terms and conditions of this Stipulation as set forth herein,

**NOW THEREFORE**, in consideration of the mutual promises of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge by the Parties, and subject to the approval of the Bankruptcy Court, the Parties agree to the following terms:

**<u>DECRETALS</u>**

1. The Parties desire to settle all the matters relating to the YH Lex Adversary Proceeding by entering into this Stipulation.

2. The Stipulation is subject in all respects to the approval of the Bankruptcy Court, as evidenced by the Bankruptcy Court's entry of a Final Order (as defined below) approving the

Stipulation (an "Approval Order"). Following the execution and delivery of this Stipulation, the Parties will promptly file a joint motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking the Bankruptcy Court's approval of the Stipulation. None of the Parties shall be bound by the provisions of this Stipulation unless and until the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court does not enter the Approval Order or enters an order denying approval of this Stipulation, the Stipulation shall be deemed null and void and the Parties shall be restored to their respective positions as if the Stipulation never existed and shall revert to their respective applicable rights in the YH Lex Adversary Proceeding.

3. Immediately upon entry of an Approval Order by the Bankruptcy Court, the Bankruptcy Court shall enter a final judgment in the YH Lex Adversary Proceeding, in the form attached hereto as **Exhibit B**, declaring the Debtor's obligations under the Meir Judgment excepted from discharge under the provisions of 11 U.S.C. §§ 523(a)(2) and (6), subject to the terms and conditions of this Stipulation.

4. The Defendant is collaterally estopped from asserting otherwise under any theory of relief, including but not limited to contesting the factual or legal basis for entry of the Meir Judgment, or its exception from discharge in the Meir Bankruptcy Case.

5. Immediately upon entry of an Approval Order by the Bankruptcy Court, YH Lex will forebear or refrain from enforcing the Meir Judgment against the Defendant for a period of twenty (20) months from the date of the Approval Order (the "Forbearance Period").

6. Any monies collected by YH Lex against the Meir Judgment during and after the Forbearance Period, including any third-party recoveries, recoveries from settlement agreements with other, related parties, and any distributions received from any currently pending, related bankruptcy cases, including any distributions received from the Meir Bankruptcy Case, shall be

credited against the Meir Judgment.

7. During the Forbearance Period, YH Lex will provide to the Defendant, on a semi-annual basis, by affidavit from YH Lex's manager, a status report of the balance of the Meir Judgment, including interest, which is then due and owing as of the date of the report.

8. At the end of the Forbearance Period, if the Meir Judgment has not been satisfied in full, including interest, then YH Lex is authorized to resume enforcement of the Meir Judgment against the Defendant, which shall include but not be limited to, YH Lex's rights, in its discretion, to docket, domesticate and have execution issued on the Meir Judgment against the Defendant.

9. Notwithstanding the foregoing enforcement rights favoring YH Lex, following the Forbearance Period, the Defendant's liability under the Meir Judgment, and YH Lex's ability to collect against the Defendant, shall not exceed $5 million.

10. For purposes of this Stipulation, "Final Order" means an order or judgment that has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

11. This Stipulation resolves all issues between YH Lex, on the one hand, and the Debtor, on the other hand, regarding the YH Lex Adversary Proceeding.

12. Subject to Bankruptcy Court approval, this Stipulation is binding upon the Parties hereto and their respective successors and assigns.

13. The Parties acknowledge that they are entering into this Stipulation knowingly and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by or have been given the opportunity to confer with or be represented by independent legal counsel of their choice

with respect to this Stipulation and all matters covered by or related to its subject matter. The Parties declare that they fully understand all the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

14. This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of Florida and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Stipulation, and any claims or actions based upon this Stipulation, by and under the exclusive jurisdiction of the Bankruptcy Court.

15. No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

16. The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

17. This Stipulation, along with its exhibits, constitutes the entire agreement between the Parties, and this Stipulation cannot be orally altered, amended, or modified. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation be construed as an integrated document.

18. Except as set forth herein, each party to this Stipulation shall bear its own attorneys' fees and costs.

19. This Stipulation may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by

a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation, to produce or account for more than one (1) counterpart.

20. A facsimile or scan (by PDF or other format) evidencing signature on this Stipulation shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Stipulation, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Stipulation bearing original signatures of the Parties, other than signatures by facsimile or scan as permitted hereunder

[*Signature page follows*]

**NIR MEIR**

Nir Meir

__________________________________

NIR MEIR
DEBTOR

DATE 09/16/26

**YH LEX ESTATES LLC**

__________________________________

By: Andrew W Heymann
Its: Manager

DATE 9/16/26

**EXHIBIT "A"**

**MEIR JUDGMENT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| YH LEX ESTATES LLC,<br><br>Plaintiff,<br><br>- against -<br><br>H F Z CAPITAL GROUP LLC, ZIEL FELDMAN and NIR MEIR,<br><br>Defendants. | Index No.: 655980/2020<br><br>**JUDGMENT AGAINST DEFENDANT NIR MEIR** |

UPON the Affidavit of Andrew W. Heymann, sworn to on November 3, 2020, and the exhibits annexed thereto in support of the motion by Plaintiff YH Lex Estates LLC for summary judgment in lieu of complaint pursuant to CPLR 3213, brought on by Notice of Motion dated November 3, 2020 (the "Motion"), and summons filed with the Court on November 3, 2020; the Affirmation of Richard C. Wolter dated February 24, 2021, and the exhibit annexed thereto in opposition to the Motion; the Reply Affirmation of Mark H. Hatch-Miller dated March 10, 2021, and the exhibits annexed thereto in support of the Motion; the Reply Affidavit of Andrew W. Heymann, sworn to on March 10, 2021, and the exhibits annexed thereto in support of the Motion; and upon all prior proceedings had heretofore herein;

NOW, upon the Notice of Motion of Susman Godfrey LLP, attorneys for Plaintiff YH Lex Estates LLC, after hearings held on April 6 and 12, 2021, and the Court's order of April 12, 2021, granting the branch of the Motion that seeks judgment against Defendant Nir Meir, and severing the claims against Defendants H F Z Capital Group LLC and Ziel Feldman; it is

ADJUDGED, that the Plaintiff herein, YH Lex Estates LLC, recover from Defendant Nir Meir, (a) Eighteen Million, Eighty-Five Thousand, Three Hundred Forty-Nine and 05/100

Dollars ($18,085,349.05) as specified in the November 3, 2020 Affidavit of Andrew W. Heymann, (b) interest thereon at the contractual rate of 15% compounded per annum from November 4, 2020 through the date of this judgment, **June 15th**, 2021, in the amount of **$1,657,410.76**, (c) post-judgment interest thereafter at the rate of 9%; and (d) the costs of this action in the amount of Two Hundred Dollars ($200), as specified in CPLR 8201(1); for a total judgment amount (exclusive of interest running after the date of judgment, ________, 2021) of **$19,742,959.81 -----** x ; and Plaintiff YH Lex Estates LLC have execution therefor.

JUDGMENT entered this 15_th_ day of Jun., 2021

June 9, 2021

JOEL M. COHEN, J.S.C.

Milton Adair Tingling

CLERK

Plaintiff
YH Lex Estates, LLC
40 Wall Street, 35th Floor
New York, NY 10005

Defendant
Nir Meir
40 Meadow Lane
Southampton, NY 11968

FILED
Jun 15 2021
NEW YORK
COUNTY CLERK'S OFFICE

Index Number: 655980/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

YH LEX ESTATES LLC,

Plaintiff,

-against-

H F Z CAPITAL GROUP LLC, ZIEL FELDMAN and NIR MEIR,

Defendants.

**JUDGMENT**

SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330

*Attorneys for plaintiff YH Lex Estates LLC*

20 655980

1-1
FILED AND
DOCKETED
Jun 15 2021
AT 10:12 A M
N.Y. CO. CLK'S OFFICE

**EXHIBIT "B"**

**JUDGMENT OF NON-DISCHARGEABILITY**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Case No.: 24-11047-PDR

NIR MEIR, Chapter 7

Debtor.
_______________________________/

YH LEX ESTATES LLC,

Plaintiff, Adv. No. Pro.: 26-01001- PDR

vs

NIR MEIR,

Defendant.
_______________________________/

**STIPULATED JUDGEMENT OF NONDISCHARGEABILITY**

---

The Court having read and considered the Stipulation and Settlement Agreement (the "Stipulation") entered into by and between YH Lex Estates, LLC ("Plaintiff") and Nir Meir (the "Defendant" or "Debtor"), and the Court having entered the *Order Granting Joint Motion for Approval of Settlement and Compromise Pursuant to Fed. R. Bankr. P. 9019* (the "Approval Order," Dkt. No. ________ in the main case), and Plaintiff and Defendant having stipulated to the relief granted herein, and good cause appearing to approve the Stipulation,

IT IS HEREBY ORDERED that:

1. Judgment is hereby entered in favor of Plaintiff against Defendant. The Meir Judgment (as defined in the Stipulation and annexed hereto) is nondischargeable against the Defendant pursuant to 11 U.S.C. §523(a)(2) and (6);

2. Subject to the terms of the Stipulation and the Approval Order, the Meir Judgment is valid and enforceable and excepted from discharge in the above captioned lead bankruptcy case of the Defendant or any subsequent bankruptcy case commenced by or against the Defendant; and

3. The Court hereby retains jurisdiction necessary to enforce compliance with the terms of this Stipulated Judgment.

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: Case No.: 24-11047-PDR

NIR MEIR, Chapter 7

Debtor.
______________________________/

**ORDER GRANTING JOINT MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY**

**THIS MATTER** came before the Court on the *Joint Motion to Approve Stipulation to Compromise Controversy* filed by YH Lex Estates LLC ("YH Lex" or "Plaintiff") and Nir Meir ("Meir" or "Defendant") [Dkt. No. ___] ("Motion"). The Motion was filed and served on negative notice in accordance with Local Rule 9013(b). By submitting this form of order, YH Lex and Meir (together, the "Parties") having represented that the Motion was served on all required parties; the 21-day response time provided by Local Rule 9013-3(b) has expired; no one has filed, or served on the movants, a response to the Motion; and this form of order was attached as an exhibit to the

Motion. The Court, having reviewed the Motion and the record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDER AND ADJUDGE** that:

1. The Motion is **GRANTED.**

2. The Stipulation[1], attached as Exhibit "1" to the Motion, is approved in its entirety.

3. The Parties are **AUTHORIZED** and **DIRECTED** to take all action necessary to implement and effectuate the terms of the Stipulation.

4. The Court retains jurisdiction to interpret and enforce the terms of the Stipulation.

# # #

Submitted by:

BERGER SINGERMAN LLP
Jordi Guso (Florida Bar No. 863580)
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
Email: jguso@bergersingerman.com

*(Attorney Guso is directed to serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.)*

[1] All capitalized terms not otherwise defined in this Motion shall have the meaning ascribed to them in the Stipulation.