**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-LMI |

# JOIN MOTION TO APPROVE SETTLEMENT

***Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.***

Plaintiff Avishai Abrahami ("Abrahami"), by and thought his counsel, and as creditor and party in interest in this bankruptcy case, and Defendant Nir Meir ("Meir" or "Defendant" or "Debtor")[1], file this *Joint Motion to Approve Settlement* (the "Motion"), and state as follows:

## JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1. This Court has jurisdiction over the Parties and subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to sections 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Parties bring this Motion under 11 U.S.C. §105 and Rule 9019 Fed. R. Bankr. P.

## FACTUAL AND PROCEDURAL BACKGROUND

4. Pursuant to the terms of a Loan Agreement dated September 8, 2020 (the "Loan Agreement"), Abrahami loaned two entities, HFZ Member RB Portfolio LLC and HFZ Member RB Acquisitions LLC (collectively, the "Borrowers") the amount of $30,000,000 (the "Loan"), the proceeds of which were supposed to be invested in certain industrial properties the Borrower

[1] Meir and Abrahami are collectively referred to herein as the "Parties."

indirectly owned. Meir executed the Loan Agreement on each of the Borrowers' behalf, as each of their "Authorized Signatory." Meir also executed a Carveout Guaranty, personally guaranteeing repayment of the Loan to Abrahami.

5. The Borrowers immediately defaulted on payments under the Loan.

6. In 2021, Abrahami commenced an action against Meir to recover the unpaid Loan debt in the New York State Supreme Court, Commercial Division, New York County, in a case captioned *Avishai Abrahami v. Nir Meir*, Index No.: 652641/2021 (the "New York Action").

7. On February 1, 2024, the Debtor commenced a the above-captioned voluntary Chapter 7 bankruptcy case ("Main Bankruptcy Case").

8. Drew Dillworth ("Trustee") was duly appointed as the chapter 7 trustee of the Main Bankruptcy Case.

9. On July 20, 2025, Abrahami filed a proof of claim as Claim No. 7 on the claims register for the Main Bankruptcy Case, asserting a claim against the Debtor in the amount no less than $8,502,007.30 (the "Claim") for the remaining, unrecovered debt owed by Meir on the Carveout Guaranty of the Loan, and for any other of Meir's associated liability to Abrahami for procuring the Loan.

10. On June 24, 2026, Abrahami timely filed a complaint ("Complaint") against the Debtor, commencing adversary proceeding Case No. 26-01218-PDR, the "Adversary Proceeding"). In the Adversary Proceeding, Abrahami as Plaintiff sought to liquidate the debt Meir owed to Abrahami as reflected in the Claim, for a determination that the debt is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and further sought denial of Defendant's discharge pursuant to 11 U.S.C. § 727. The Parties stipulated to extend the deadline for Meir's response to the Complaint based on ongoing settlement discussions.

11. The Parties desire to avoid the costs and uncertainties of litigation and to settle the above-referenced matters, and related matters between them with respect to the New York Action, the Main Bankruptcy Case and the Adversary Proceeding in accordance with the terms and conditions of the *Settlement Agreement* ("Settlement Agreement"), which is attached hereto as **Exhibit 1.** The proposed terms of settlement are summarized below.

**THE PROPOSED SETTLEMENT**

12. The principal terms[2] of the Settlement Agreement between the Parties are as follows:

(a) The Settlement Agreement is subject in all respects to the approval of the U.S. Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") in the Main Bankruptcy Case, and the Bankruptcy Court's reservation of jurisdiction to, without limitation, enforce the Settlement Agreement and enter the stipulated non-dischargeable Judgment referenced below in the event of an uncured default in payment by Meir. This Settlement Agreement and the underlying Loan debt will be adjudicated non-dischargeable in this case. or in any subsequent bankruptcy, insolvency or other proceeding filed by Meir. A proposed Final Order approving the Settlement Agreement (an "Approval Order") is attached hereto as **Exhibit 2.** The Parties shall not be bound by the provisions of the Settlement Agreement unless and until the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court does not enter the Approval Order or enters an order denying approval of this Settlement Agreement, the Settlement Agreement shall be deemed null and void, and the Parties shall be restored to their respective positions as if the

[2] The following is a summary of the key terms of the Settlement Agreement. The terms of the Settlement Agreement control. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Settlement Agreement.

Settlement Agreement never existed and shall revert to their respective applicable rights in the Adversary Proceeding.

(b) Meir will pay, and Abrahami will accept the total settlement sum of $750,000.00 (the "Settlement Amount") in installments of $100,000.00 due on or before March 30, 2027, $150,000.00 due on or before June 30, 2027, $150,000.00 due on or before September 30, 2027, $150,000.00 due on or before December 30, 2027, and a final payment of $200,000.00 due on or before March 30, 2028.

(c) Upon an uncured default on any installment payment due towards the Settlement Amount (and subject to the limited cure provision in the Settlement Agreement), Meir irrevocably consents to entry of a stipulated non-dischargeable Judgment in the amount of $4 Million Dollars ($4,000,000.00), less a dollar-for-dollar credit for any portion of the Settlement Amount actually received by Abrahami toward the Settlement Amount.

(d) The debt owed by Meir to Abrahami as reflected in the Claim shall be deemed non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

(e) Meir agrees to comprehensive waivers of defenses, claims, jury trial, process, appeals, etc. in the Adversary Proceeding and the New York Action and in any other Court proceedings pertaining, directly or indirectly, to the Debt (defined in the Settlement Agreement). The Parties each stipulate that Meir is collaterally estopped from asserting otherwise under any theory of relief, and from contesting the factual or legal basis for entry of the proposed Judgment upon

uncured default, and its exception from discharge in the Main Bankruptcy Case and in all other Court proceedings.

**MEMORANDUM OF LAW**

Bankruptcy Rule 9019(a) provides: "On motion ... and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). A settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air,* 85 B.R. at 891 (quoting *Teltronics Sen's.,* 762 F.2d 189; *Cosoff* v. *Rodman (In re W.T. Grant Co. ),* 699 F.2d 599, 608 (2d Cir.), cert, denied, 464 U.S. 822 (1983)). According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990).

As to the first *Justice Oaks* factor, "the probability of success in litigation," the Parties dispute the facts set forth in the Adversary Proceeding Complaint, including the Debtor's liability on the Claim, whether the Claim is non-dischargeable as against the Debtor, and whether Debtor's discharge may be withheld. Given the fact-intensive questions in the Adversary Proceeding, the proposed Settlement is in the best interest of both Parties. The proposed Settlement resolves a

disputed matter between the Parties that has been the subject of litigation in this Court and in New York State court without additional, extensive litigation. It concludes this matter without further taxing this Court's resources and permits the Parties to resolve this dispute in a mutually agreeable manner without expending further litigation costs and effort.

As to the second *Justice Oaks* factor, "the difficulties, if any, to be encountered in the matter of collection" Abrahami has assessed the collectability of the claim if he were to pursue this matter to conclusion through trial and believes that the proposed Settlement Agreement achieves a reasonable resolution when the likelihood of collection of the full Claim from the Debtor is doubtful. The Parties believe the proposed Settlement Agreement provides a fair result to this dispute.

As to the third *Justice Oaks* factor, "the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it," the underlying facts regarding the basis for non-dischargeability of the Claim as alleged in the Adversary Proceeding are disputed. If Abrahami is required to litigate his claims against the Debtor, there will be substantial additional expenses, attorneys' fees, costs, inconvenience and delay for both Parties. The Parties submit that the Settlement Agreement will have no material impact on the Debtor's estate, the Trustee or the Debtor's other creditors, but would allow for significant litigation claims in two forums to be resolved.

The fourth *Justice Oaks* factor is "the paramount interest of the creditors and proper deference to their reasonable views in the premises." It is "the court's obligation to make that determine while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (*citing Connecticut Gen. Life Ins. Co.* v. *United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 918 (5th Cir. 1995). The proposed Settlement Agreement will not affect any distributions the Trustee is able to make to unsecured

creditors, and the first settlement installment payment does not come due until March 2027. Therefore, the Parties submit that the interests of creditors to the Chapter 7 estate is unaffected by the settlement. Conversely, the Parties believe this settlement provides a fair resolution to their dispute that will avoid expensive, fact-intensive litigation.

The proposed Settlement Agreement satisfies the standards of *In re Justice Oaks II*, in that it avoids the expense and uncertainty of litigation, fixes the amount of Abrahami's recovery from Meir in settlement while providing a fair consequence for a default in such settlement payments, and has no financial impact on the Debtor's estate or its creditors. Therefore, the Parties request this Court approve the Settlement Agreement as fair and reasonable, and within the reasonable range of possible litigation outcomes.

Pursuant to Local Rule 9013-1(D), a copy of the proposed Order approving this Motion is annexed hereto as **Exhibit 2.**

**WHEREFORE,** the Parties respectfully request the entry of an Order: (a) granting this Motion; (b) approving the Settlement Agreement to compromise Abrahami's controversy with the Debtor; and (c) determining Abrahami's Claim against Meir to be Non-Dischargeable in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding; and (d) granting such other and further relief as this Court deems appropriate.

Dated: October 8, 2026

LIEBLER, GONZALEZ & PORTUONDO

By: *Mark E. Steiner*

Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400
mes@lgplaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

ZEICHNER ELLMAN & KRAUSE LLP

By: *Kevin Badkhshan*
Michael E. Sims
Kevin Badkhshan (admitted *Pro Hac Vice*)
730 Third Avenue
New York, New York 10017
(212) 223-0400
msims@zeklaw.com
kbadkhshan@zeklaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

By: */s/ Nir Meir*
Nir Meir, *Defendant*
nir@eammcap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 8th day of October, 2026, a copy of the *Joint Motion to Approve Settlement* was served via the Court's CM/ECF electronic case filing system on all of those parties receiving electronic notice in the above-referenced case; and via e-mail to Mr. Nir Meir at nir@eammcap.com per his agreement to accept service via e-mail in this case.

By: *Mark E. Steiner*
Mark E. Steiner
Florida Bar No. 28513

# *EXHIBIT 1*

**EXECUTION COPY**

**CONFIDENTIAL SETTLEMENT AGREEMENT, STIPULATION OF NON-DISCHARGEABILITY, AND CONSENT TO ENTRY OF JUDGMENT**

This Confidential Settlement Agreement, Stipulation of Non-Dischargeability, and Consent to Entry of Judgment (the "Agreement") is made and entered into as of October __, 2026 (the "Effective Date"), by and between Avishai Abrahami ("Plaintiff") and Nir Meir ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties," and each individually as a "Party."

**WHEREAS,** Defendant commenced a Chapter 7 bankruptcy case styled *In re Nir Meir*, Case No. 24-11047-PDR, in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Case");

**WHEREAS,** Plaintiff commenced an adversary proceeding against Defendant styled *Abrahami v. Meir*, Adv. Proc. No. 26-01218-PDR, in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Adversary Proceeding");

**WHEREAS,** the Adversary Proceeding arises from a $30,000,000.00 loan made by Plaintiff on or about September 8, 2020 to HFZ Member RB Portfolio LLC and HFZ Member RB Acquisitions LLC (collectively, the "Borrowers") (the "Loan");

**WHEREAS,** Defendant executed a Carveout Guaranty dated September 8, 2020 in favor of Plaintiff, personally guaranteeing repayment of the Loan to Plaintiff pursuant to the terms set forth therein;

**WHEREAS,** in the Adversary Proceeding Plaintiff seeks damages and determinations that Defendant's obligations to Plaintiff are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and further seeks denial of Defendant's discharge pursuant to 11 U.S.C. § 727;

**WHEREAS,** Plaintiff has also commenced an action concerning the same underlying debt in the New York State Supreme Court, Commercial Division, New York County, captioned *Avishai Abrahami v. Nir Meir*, Index No.: 652641/2021 (the "New York Action");

**WHEREAS,** the Parties desire to resolve the Adversary Proceeding and the New York Action, avoid the expense and uncertainty of continued litigation, and preserve the stipulated and agreed nondischargeable character of Defendant's debt to Plaintiff as provided herein; and

**WHEREAS,** Defendant acknowledges that Plaintiff would not enter into this Agreement without: (a) Defendant's express, stipulations, waivers, and consent to entry of the Stipulated Judgment (defined below) in the Adversary Proceeding; and (b) Defendant's express stipulation in this Agreement that both the Stipulated Judgment and the causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in the Adversary Proceeding are non-dischargeable and preserved *in toto*.

**NOW, THEREFORE,** in consideration of the promises, agreements, covenants, representations, and other good and valuable consideration contained herein, the receipt and



Avishai Abrahami _____ AA

Nir Meir _____

**EXECUTION COPY**

sufficiency of which are acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Recitals**

The foregoing recitals are confirmed by the Parties as true and correct for purposes of this Agreement, are incorporated herein by reference, and constitute a substantive and material part of this Agreement relied upon by each of the Parties hereto.

2. **Effective Date**

This Agreement shall become effective when it has been executed by both Parties and approved by the United States Bankruptcy Court for the Southern District of Florida. The "Effective Date," as referenced throughout this agreement, shall be the date on which the Agreement has been approved by the United States Bankruptcy Court for the Southern District of Florida.

3. **Defined Debt**

For purposes of this Agreement, the "Debt" means all liability and indebtedness of Defendant to Plaintiff arising from or relating to the Loan, the Loan Agreement, the Carveout Guaranty, and all claims and causes of action asserted or that could have been asserted by Plaintiff in the Bankruptcy Case, Adversary Proceeding and the New York Action arising from the same facts, transactions, or occurrences, including without limitation, the remaining principal balance, interest, attorneys' fees and costs incurred in collection of the Debt and in the negotiation of this Agreement.

4. **Stipulation as to Non-Dischargeability, and Preservation of Claims and Causes of Action within the Meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6)**

Defendant expressly, knowingly, voluntarily, and irrevocably stipulates, for purposes of compromise and this Agreement, and agrees that:

A. Defendant's liability to Plaintiff on the Debt is excepted from discharge under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6);

B. this Agreement and the orders approving it may be relied upon by Plaintiff in any subsequent bankruptcy, insolvency, restructuring, or similar proceeding involving Defendant;

C. the stipulations as to nondischargeability of the Debt in this Paragraph (including all sub-paragraphs) are intended to be adjudications of the issues stated herein and in the Adversary Proceeding, and to have the maximum res judicata, collateral estoppel, claim-preclusion, and issue-preclusion effect permitted by law. Defendant is collaterally estopped from asserting otherwise under any theory of relief in any Court proceedings (whether filed



Avishai Abrahami _____ Nir Meir _____

AA

**EXECUTION COPY**

prior hereto or prospectively), including but not limited to Defendant being collaterally estopped from contesting the factual or legal basis for entry of an order excepting the Debt from discharge; and

D. Defendant waives any right, in the Bankruptcy Case or in any subsequent bankruptcy and other Court proceeding, to: (i) contend that the Debt, the Settlement Sum (as defined below), Plaintiff's causes of action within the meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), or the Stipulated Judgment (as defined below) are dischargeable; or (ii) contend that the Plaintiff's claims and causes of action within the meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) have not been preserved *in toto.*

E. Notwithstanding the foregoing stipulations as to nondischargeability and preservation of claims set forth in this Paragraph, Plaintiff's remedy upon an uncured Event of Default by Defendant under this Agreement shall be limited to entry of the Stipulated Judgment in accordance with Paragraph 7 herein, and the domestication, registration and enforcement of the of the Stipulated Judgment in New York state or any other state or jurisdiction where appropriate.

5. <u>Preservation of Underlying Claims; Anti-Novation; No Merger</u>

A. This Agreement is a compromise regarding the amount and timing of payment that Plaintiff is willing to accept upon full and timely performance. It is not, and shall not be construed as, a novation, or accord and satisfaction as to this Loan and Debt.

B. Neither this Agreement nor any payment obligation created by it extinguishes, replaces, satisfies, compromises, alters, converts, merges, transforms, or changes the origin, nature, character, or legal basis of the Debt or Plaintiff's fraud-based claims before any Bankruptcy Court or other Court until Plaintiff receives the Settlement Sum in full in cleared funds. However, notwithstanding anything to the contrary in this paragraph or Agreement, the Plaintiff's release provided in Paragraph 12 and any relief provided by this sub-paragraph shall be rescinded and deemed null and void *ab initio* in the event that a bankruptcy case is commenced by or against Defendant within one hundred (100) days after Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds

C. As an express negotiated term of this Agreement, the Debt shall remain at all times considered as a debt that is nondischargeable under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Defendant expressly waives and releases, with prejudice, any argument that the Agreement converted or replaced the nondischargeable Debt with a dischargeable contractual obligation, or that, on any basis, Defendant's Debt to Plaintiff is or has become dischargeable.

D. Notwithstanding anything in this Agreement to the contrary, if Defendant commences or becomes a debtor in any subsequent bankruptcy, insolvency, restructuring, or similar proceeding, Plaintiff may assert and prosecute all claims, causes of action, allegations,



Avishai Abrahami _____ Nir Meir _____

AA

facts, legal theories, and grounds for relief or nondischargeability arising from the underlying transactions and occurrences, including without limitation those pled in the Adversary Proceeding, as if this Agreement had not been executed, subject only to credit for payments actually received and retained by Plaintiff.

E. No dismissal, discontinuance, stay, or administrative closing of the Adversary Proceeding and/or New York Action pursuant to this Agreement or otherwise shall constitute an adjudication against Plaintiff pertaining, directly or indirectly, to the subject Debt or Loan, a release before full payment, or a waiver of the underlying claims preserved by this Paragraph or otherwise in this Agreement.

6. <u>Settlement Sum and Payment Schedule</u>

Provided Defendant strictly and timely performs every obligation under this Agreement, Plaintiff agrees to accept Seven Hundred Fifty Thousand Dollars ($750,000.00) (the "Settlement Sum") in full satisfaction of the Debt, as timely made by each Payment Due Date below (subject solely to the limited cure period described in this Agreement). Defendant shall pay the Settlement Sum as follows:

| PAYMENT DUE DATE | AMOUNT |
|---|---|
| March 30, 2027 | $100,000.00 |
| June 30, 2027 | $150,000.00 |
| September 30, 2027 | $150,000.00 |
| December 30, 2027 | $150,000.00 |
| March 30, 2028 | $200,000.00 |

All payments shall be made by wire transfer or other immediately available funds pursuant to written instructions supplied by Plaintiff's counsel. Time is of the essence as to every payment and obligation under this Agreement.

7. <u>Stipulated Non-Dischargeable Judgment</u>

Simultaneously with execution of this Agreement, Defendant shall execute a stipulation and consent judgment in favor of Plaintiff and against Defendant in the Adversary Proceeding in the principal amount of Four Million Dollars ($4,000,000.00) (the "Stipulated Judgment") which shall be substantively in the form annexed hereto as **Exhibit "A"** and shall provide solely for dollar-for-dollar crediting for any installment payments towards the Settlement Sum (defined at Paragraph 6) which are actually received and retained by Plaintiff under this Agreement prior to Defendant's default under Paragraph 10 herein. Plaintiff's counsel shall hold the executed consent Stipulated Judgment in escrow unless and until an uncured event of default under this Agreement occurs, at which time Plaintiff may seek immediate entry of the Stipulated Judgment in the Adversary Proceeding without the necessity of hearing, unless requested by the Court.

The Stipulated Judgment shall expressly provide that, for purposes of this Agreement and the stipulated Consent Final Judgment, the adjudicated liability concerning the



Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

Loan and Debt owing to Plaintiff is stipulated and agreed to be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Plaintiff shall hold the Stipulated Judgment in abeyance so long as Defendant is not in default under this Agreement.

**8. Bankruptcy Court Approval and Retention of Jurisdiction**

A. The Parties shall jointly seek entry of an order by the United States Bankruptcy Court for the Southern District of Florida approving this Agreement by the form of Joint Motion and Agreed Order annexed hereto as **Exhibit "B,"** determining that the Debt and Stipulated Judgment are not discharged and are excepted from discharge in the Bankruptcy Case, and expressly retaining jurisdiction to interpret and enforce this Agreement and to enter and enforce the Stipulated Judgment upon an uncured default.

B. Defendant shall execute and deliver all stipulations, affidavits, consents, proposed orders, and other documents reasonably requested to obtain the approvals and relief contemplated by this Paragraph.

**9. Discontinuance Without Prejudice of the New York Action**

A. Within ten (10) business days following entry of an Approval Order in the Bankruptcy Case and expiration of all rehearing and appeal deadlines as to that Approval Order, it is agreed and stipulated by each of the parties to this Agreement that Plaintiff shall file a stipulation of discontinuance without prejudice in the New York Action, which shall be substantively in the form annexed hereto as **Exhibit "C"** and shall provide for each party to that action to bear his/its own attorneys' fees and costs against each other.

B. Notwithstanding the stipulation of discontinuance without prejudice in the New York Action, Plaintiff's remedy in the Courts of New York state shall be limited to domestication, registration and enforcement of the Stipulated Judgment entered in accordance with Paragraph 7 in New York state or any other state or jurisdiction where appropriate.

C. Defendant shall execute and deliver all stipulations, affidavits, consents, proposed orders, and other documents reasonably requested to obtain the approvals and relief contemplated by this Paragraph.

**10. Default; Notice and Cure; Immediate Entry of Judgment**

A. Each of the following constitutes an "Event of Default" under this Agreement: (i) failure to make any payment when due; (ii) breach of any representation, warranty, covenant, admission, or waiver in this Agreement; or (iii) any attempt by Defendant to revoke, challenge, avoid, discharge, stay, or impair or otherwise alter any provisions within this Agreement or the Stipulated Judgment; .

B. For a payment default only, Plaintiff shall provide written notice to Defendant's counsel, Peter Shapiro, by electronic mail to Peter Shapiro at pshapiro@shapirolawpa.com, and to Defendant at nir@eammcap.com. Defendant shall have ten (10) calendar days after transmission of that notice to cure by payment in full of the overdue



Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

amount in cleared funds. No cure period shall apply to any other Event of Default unless Plaintiff agrees otherwise in a signed writing.

C. Following an uncured Event of Default, Plaintiff may pursue any and all remedies and may immediately file and/or obtain entry of the Stipulated Judgment in the Bankruptcy Court, without further notice, service, process, hearing, proof, or application except as a court may require as a non-waivable matter of law. Until such an uncured Event of Default under this Agreement occurs Plaintiff's counsel shall hold the executed consent Stipulated Judgment in escrow, and shall refrain from submitting it for entry by the Court.

D. Defendant irrevocably authorizes entry and enforcement of the Stipulated Judgment, providing for dollar-for-dollar crediting for any installment payments towards the Settlement Sum (defined at Paragraph 6) which are actually received and retained by Plaintiff under this Agreement prior to Defendant's default, and agrees that the amount is reasonable in light of the disputed claims, litigation risk, circumstances surrounding the Debt and consideration provided, and is not a penalty.

E. Plaintiff may pursue all remedies cumulatively and in any order. Acceptance of a late or partial payment shall not waive a default unless Plaintiff executes a written, express waiver.

**11. <u>Comprehensive Waivers by Defendant</u>**

To the fullest extent permitted by law, Defendant knowingly, voluntarily, and irrevocably waives:

A. all defenses, counterclaims, setoffs, recoupments, objections, and claims relating to the Debt, the Loan, this Agreement, the claims in the Adversary Complaint in the Adversary Proceeding, the claims in the New York Action, and the Stipulated Judgment;

B. service of process, presentment, demand, protest, notice of dishonor, and any further notice except the limited payment-default notice expressly required by Paragraph 10;

C. A TRIAL BY JURY;

D. any right to contest personal jurisdiction, subject-matter jurisdiction, venue, or the authority of the Bankruptcy Court or any New York court to approve or enforce this Agreement or enter the Stipulated Judgment;

E. any right to appeal, seek reconsideration, vacatur, relief from judgment, stay, or supersedeas concerning approval or enforcement of this Agreement or entry of the Stipulated Judgment;

F. any defense based on statute of limitations, laches, estoppel, merger, novation, accord and satisfaction, election of remedies, claim splitting, or discharge; and



Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

G. any exemption or similar protection against enforcement to the fullest extent a prospective waiver is enforceable. Nothing herein waives a right that cannot lawfully be waived in advance.

12. **Release Upon Completion of Settlement Payments**

Upon Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds, and provided that no Event of Default has occurred, Plaintiff shall then release Defendant from the monetary claims resolved by this Agreement and shall request that the Bankruptcy Court close the Adversary Proceeding. The foregoing release shall not extend to obligations under this Agreement that by their nature survive payment, including confidentiality, enforcement, tax, and indemnity obligations, if any. However, notwithstanding anything to the contrary in this paragraph or Agreement, the Plaintiff's release provided in this paragraph shall be rescinded and deemed null and void *ab initio* in the event that a bankruptcy case is commenced by or against Defendant within one hundred (100) days after Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds

13. **Preservation and Tolling of Claims**

Except as expressly released herein following Defendant's full and timely performance of all of his obligations under this Agreement, including but not limited to Defendant's timely tendering of all payments required under this Agreement, all claims, causes of action, and remedies arising from or pertaining to the Loan and Debt (including but not limited to all such claims and causes of action which were or could have been asserted in the Adversary Proceeding in the Bankruptcy Case or in the New York Action) are preserved to the fullest extent necessary for Plaintiff to enforce this Agreement upon Defendant's uncured default, including without limitation by entry of the Stipulated Judgment and any domestication or registration of the Stipulated Judgment in New York state courts or any other state or jurisdiction where appropriate, and enforcement of the Stipulated Judgment. The Parties agree that any and all applicable statute of limitations, statute of repose, or analogous deadlines or time-based defenses relating to such claims, causes of action, or remedies, shall be tolled and suspended from the Effective Date of this Agreement until the earlier of: (i) the Release Date as contemplated by Section 12 of this Agreement; or (ii) the occurrence of an uncured Event of Default. Defendant irrevocably waives, and shall be estopped from asserting, any limitations defense to the extent based upon or arising from the passage of time during the foregoing tolling period.

14. **Confidentiality**

Each Party, including their respective attorneys, agents, and representatives, shall keep the terms and substance of this Agreement confidential and shall refrain from disclosing them except as may reasonably be necessary: (i) to obtain approval of this Agreement from the Bankruptcy Court; (ii) to comply with legal, tax, accounting, regulatory, insurance, or professional obligations; (iii) in response to a subpoena, court order, request of a governmental or disciplinary authority, or lawful discovery request, after reasonable prior notice to the other Party to the extent legally permitted; or (iv) to enforce this Agreement or the Stipulated Judgment. The Parties acknowledge that court filings may become public unless sealed by the applicable court.



Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

15. **Counterparts and Electronic Signatures**

This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together constitute one instrument. Electronic, digital, facsimile, PDF, scanned, or photocopied signatures shall have the same force and effect as original handwritten signatures. Each Party agrees not to contest the validity or enforceability of this Agreement or related documents solely because they were transmitted, accepted, or signed electronically.

16. **Successors and Assigns**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, estates, personal representatives, administrators, trustees, successors, and permitted assigns. Plaintiff may assign the Debt, this Agreement, or the Stipulated Judgment without Defendant's consent. Defendant may not assign or delegate any obligation under this Agreement without Plaintiff's prior written consent.

17. **Time Is of the Essence**

Time is of the essence with respect to every payment, delivery, filing, approval, and other obligation under this Agreement.

18. **Notice**

All notices under this Agreement shall be in writing and shall be deemed given when transmitted by email, with a copy sent by nationally recognized overnight delivery service, to the following addresses, or to any replacement address designated by written notice:

If To Plaintiff: Mark E. Steiner, Esq.
Liebler, Gonzalez & Portuondo
Courthouse Tower, 25th Floor
44 West Flagler Street
Miami, Florida 33130
mes@lgplaw.com

With a second copy delivered via the same means to:

Stuart A. Krause, Esq.
Michael E. Sims, Esq.
Nathan Schwed, Esq.
Kevin Badkhshan, Esq.
Zeichner Ellman & Krause LLP
730 Third Avenue, 16th Floor
New York, New York 10017
skrause@zeklaw.com
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com



Avishai Abrahami _____ Nir Meir _____

AA

**EXECUTION COPY**

If To Defendant: Nir Meir
nir@eammcap.com

With a second copy delivered via the same means to:

Peter Shapiro, Esq.
Shapiro Law
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida 33322
pshapiro@shapirolawpa.com

19. **Headings**

The headings used in this Agreement are for convenience only and shall not affect its interpretation, construction, and shall not be used to construe any provisions contained herein.

20. **Entire Agreement and Integration**

This Agreement, together with the Stipulated Judgment, stipulations, and court orders contemplated herein, contains the entire understanding between the Parties concerning its subject matter. There are no representations, warranties, promises, understandings, or arrangements, oral or written, concerning that subject matter except those expressly stated herein. This Paragraph shall not be construed to extinguish, replace, merge, novate, or impair the underlying ~~fraud-based~~ Debt, claims, causes of action, admissions, or preservation rights addressed in Paragraphs 3 through 5 of this Agreement.

21. **Amendment and Waiver**

This Agreement may be amended only by a written instrument signed by both Parties and, if required, approved by the Bankruptcy Court. A breach may be waived only by an express writing signed by the Party granting the waiver. Waiver of one breach shall not waive any prior, contemporaneous, or subsequent breach.

22. **Adequate Consideration**

The Parties acknowledge and agree that the consideration exchanged in connection with this Agreement is adequate and sufficient for all agreements, admissions, covenants, stipulations, and obligations contained herein.

23. **Voluntary Consent**

Each Party represents and warrants that the Party enters into this Agreement voluntarily, for valuable consideration, and not by reason of fraud, duress, coercion, undue influence, or mistake; is competent to enter into this Agreement; has had sufficient time and opportunity to evaluate the Agreement; and has consulted with, or knowingly elected not to consult with, independent counsel regarding its terms and consequences.



Avishai Abrahami _____ Nir Meir _____

AA

24. **<u>Governing Law; Venue; Continuing Jurisdiction</u>**

Federal bankruptcy law shall govern all questions concerning dischargeability and the effect of this Agreement in bankruptcy. Except to that extent, this Agreement shall be governed by applicable New York law, without regard to conflict-of-laws principles. The Parties irrevocably consent to the continuing jurisdiction of the United States Bankruptcy Court for the Southern District of Florida and the federal and state courts of New York to approve, interpret, and enforce this Agreement and to enter and enforce the Stipulated Judgment, without limiting Plaintiff's right to register or enforce a judgment in any other jurisdiction.

25. **<u>Agreement as Evidence</u>**

The Parties acknowledge and agree that this Agreement, the admissions and stipulations contained herein, the Stipulated Judgment, and the orders approving them may be used as evidence in any action or proceeding involving enforcement, default, dischargeability, or any position inconsistent with this Agreement, including any subsequent bankruptcy proceeding involving Defendant.

26. **<u>Attorneys' Fees, Expenses, and Costs</u>**

Except as otherwise provided herein, each Party shall bear its own attorneys' fees, expenses, and costs incurred in negotiating and obtaining approval of this Agreement. Following an Event of Default, Defendant shall be liable for Plaintiff's reasonable attorneys' fees, expenses, and costs incurred to enforce this Agreement, obtain or enforce the Stipulated Judgment, or protect the nondischargeable character of the Debt, to the extent permitted by law.

27. **<u>Review by Counsel</u>**

Each Party acknowledges that the Party has carefully reviewed this Agreement, has had the opportunity to seek legal advice concerning it, understands its provisions and consequences, and has relied on the Party's own judgment and the advice of the Party's own counsel in executing it.

28. **<u>Severability and Partial Invalidity</u>**

If any provision of this Agreement is held unenforceable, void, voidable, or without force and effect, the remaining provisions shall remain in full force to the maximum extent permitted by law. Notwithstanding the foregoing, if any material provision concerning Defendant's stipulation as to nondischargeability, anti-novation, preservation of claims in a subsequent bankruptcy, or consent to the Stipulated Judgment is held unenforceable, Plaintiff may elect to rescind this Agreement and reinstate the claims and proceedings resolved herein, with credit for payments received and retained.

29. **<u>No Construction Against Either Party</u>**

This Agreement shall be deemed jointly drafted by the Parties and their counsel. No presumption or rule requiring construction against the drafting Party shall apply.



Avishai Abrahami _____ Nir Meir _____

AA

### 30. No Waiver by Delay or Acceptance

Failure or delay by a Party to insist upon strict performance of any provision shall not constitute a waiver. Acceptance of any late or partial payment shall not waive any default, alter any due date, or amend this Agreement unless Plaintiff expressly agrees in a signed writing.

### 31. Further Assurances and Actions

Each Party shall execute such further instruments and take such further actions as may reasonably be necessary to carry out the intent of this Agreement, obtain the contemplated court approvals, and effectuate entry or enforcement of the Stipulated Judgment.

### 32. Authority to Enter Agreement

Each Party represents and warrants that it is authorized to enter into this Agreement and that:

A. in doing so it is not in a violation of the terms and conditions of any contract or other agreements to which it may be a party; and

B. in doing so it does not need approval by any non-judicial governmental agency, law enforcement agency, or other third party.

### 33. No Construction Against Drafter

Because each Party has participated in drafting, reviewing, and editing the language of the Agreement, no presumption for or against any Party arising out of drafting all or part of this Agreement will be applied in any action whatsoever.

### 34. Survival

All provisions that by their nature are intended to survive payment, dismissal, judgment, or termination, including the nondischargeability stipulations, anti-novation provisions, preservation of claims, waivers, confidentiality, jurisdiction, enforcement, attorneys' fees, and tax provisions, shall survive.

### 35. Tax Consequences

This Agreement is enforceable regardless of its tax consequences. Neither Party makes any representation concerning tax treatment. Each Party acknowledges sole responsibility for obtaining tax advice and determining and satisfying any tax liability arising from this Agreement or payments made under it.

[SIGNATURES ON FOLLOWING PAGE]





**THE PARTIES EXPRESSLY WARRANT THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND ALL EXHIBITS, UNDERSTAND THEIR CONTENTS AND LEGAL CONSEQUENCES, AND SIGN VOLUNTARILY AS THEIR OWN FREE ACT, WITHOUT DURESS OR COERCION. EACH PARTY WARRANTS THAT NO PROMISE OR AGREEMENT NOT EXPRESSLY SET FORTH HEREIN HAS BEEN MADE TO INDUCE EXECUTION OF THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the Parties have executed this Agreement and initialed each page as of the dates set forth below.

______________________________ Date: 08/10/2026

AVISHAI ABRAHAMI

______________________________ Date: __________________________

NIR MEIR

STATE OF _______________

COUNTY OF _______________

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ___ day of October, 2026, by Nir Meir, who is personally known to me or who has produced ____________________ as identification.

______________________________

Printed Name: __________________

Notary Public, State of Florida

My Commission Expires:

Commission Number:



AA

**EXECUTION COPY**

# EXHIBIT A

Avishai Abrahami ____ AA

Nir Meir ____

**EXECUTION COPY**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-PDR |
| AVISHAI ABRAHAMI,<br><br>Plaintiff,<br><br>- against -<br><br>NIR MEIR,<br><br>Defendant. | Adv. No. 26-01218-PDR |

**CONSENT FINAL JUDGMENT DETERMINING**
**DEBT TO BE NONDISCHARGEABLE**

THIS CAUSE came before the Court upon Plaintiff Avishai Abrahami's ("Plaintiff") *Motion to Enforce Settlement Agreement and Enter Consent Final Judgment, Consistent with Prior Court Order Approving Settlement Agreement and Reserving Jurisdiction* (ECF No. __) (the "Motion"), the Settlement Agreement, Stipulation of Non-Dischargeability, and Consent to Entry of Judgment dated October __, 2026 (the "Settlement Agreement"), this Court's settlement Approval Order (ECF No. __), and the express consent of Defendant Nir Meir ("Defendant") to entry of this Final Judgment. The Court, having reviewed the record and being otherwise fully advised, finds that it has jurisdiction under 28 U.S.C. §§ 1334 and 157, that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and that the parties have knowingly and voluntarily consented to entry of this Final Judgment.



Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

**Accordingly, it is ORDERED AND ADJUDGED as follows:**

1. Defendant is in default under the terms of the parties' Settlement Agreement as approved by this Court (ECF No. __), and such default remains uncured as of the entry of this Judgment.

2. **Judgment Amount.** Final judgment is entered in the principal amount of FOUR MILLION DOLLARS ($4,000,000.00), less a dollar-for-dollar credit for installment payments made by Defendant prior to Defendant's default under the Settlement Agreement in the amount of $_________, for a total judgment of $_________(the "Judgment Amount") in favor of Plaintiff Avishai Abrahami, whose current address is ________________________ and against Defendant Nir Meir, whose current address is ________________________, for which execution shall issue.

3. **Nature of Adjudicated Liability.** The liability adjudicated by this Final Judgment arises from Defendant's conduct concerning the Loan and Debt described in the Settlement Agreement. For purposes of the Settlement Agreement and this stipulated Consent Final Judgment Determining Debt to be Non-dischargeable, the Plaintiff and Defendant stipulate that this Loan and Debt described and defined in the Court-approved Settlement Agreement are nondischargeable under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6).

4. **Nondischargeability.** Based on the parties' stipulations in the Settlement Agreement, which are incorporated by reference into this Judgment, the Judgment Amount and all liability adjudicated by this Final Judgment are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). This determination applies in



Avishai Abrahami _____ Nir Meir _____

AA

Defendant's current pending bankruptcy Case No. 24-11047-PDR, and may be asserted by Plaintiff in any later bankruptcy, insolvency, restructuring, and other Court proceedings involving Defendant, to the maximum extent permitted by law.

5. **Final Adjudication.** This Final Judgment constitutes a final adjudication of the character and nondischargeability of the adjudicated Debt and liability. Defendant is bound by the admissions and stipulations incorporated in the Settlement Agreement and shall not contest the nondischargeable character of the Judgment Amount, this Final Judgment and the underlying Debt in this bankruptcy case or in any subsequent bankruptcy, insolvency, restructuring, or other Court proceeding.

6. **Post-Judgment Interest.** The unpaid balance of the Judgment Amount shall bear post-judgment interest from the date this Final Judgment is entered at the rate provided by 28 U.S.C. § 1961.

7. **Enforcement Fees and Costs.** Plaintiff is entitled to recover his reasonable attorneys' fees, expenses, and costs incurred to obtain or enforce this Final Judgment and to protect the nondischargeable character of the adjudicated liability. The Court reserves jurisdiction to determine any such amounts.

8. **Dismissal of Claims.** Upon entry of this Final Judgment, the causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) are resolved as provided herein. Any remaining claim or request for relief in this Adversary Proceeding, including any request under 11 U.S.C. § 727, is dismissed with prejudice.



Avishai Abrahami _____ Nir Meir _____

AA

9. **Continuing Jurisdiction.** The Court retains jurisdiction to interpret, implement, and enforce the Settlement Agreement and this Final Judgment; to determine the existence and effect of any alleged default to the extent judicial determination is required; to determine credits, fees, expenses, costs, and the unpaid balance; and to enter such further orders as are necessary or appropriate.

10. **Finality.** This is a final judgment for purposes of Federal Rule of Bankruptcy Procedure 7058. The Clerk is directed to enter this Final Judgment in the Adversary Proceeding.

**DONE and ORDERED in chambers in Miami, Florida on ____________________, 2027.**

________________________________________
**HON. PETER D. RUSSIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Copies furnished to:**

Nir Meir

All counsel and parties of record

**EXECUTION COPY**

## CONSENT TO ENTRY OF FINAL JUDGMENT

Defendant Nir Meir acknowledges that he has read this Consent Final Judgment, understands its terms and legal consequences, has had the opportunity to consult independent counsel, and knowingly, voluntarily, and irrevocably consents to its entry without further notice, hearing, proof, or service, except to the extent any such requirement is non-waivable as a matter of law.

Defendant further acknowledges and stipulates that the Judgment Amount and the liability adjudicated herein are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Defendant waives any right to appeal, seek reconsideration of, or otherwise challenge entry of this Final Judgment to the fullest extent permitted by law.

______________________________
NIR MEIR, Defendant

Date: _________________________

## AGREED AS TO FORM AND ENTRY

LIEBLER, GONZALEZ & PORTUONDO

By: ____________________________
Mark E. Steiner
44 West Flagler Street, 25th Floor
Miami, Florida 33130
mes@lgplaw.com
*Counsel for Plaintiff*

ZEICHNER ELLMAN & KRAUSE LLP

By: ____________________________
Stuart A. Krause
Michael E. Sims
Nathan Schwed
Kevin Badkhshan
730 Third Avenue
New York, New York 10017
skrause@zeklaw.com
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com
*Counsel for Plaintiff*



Avishai Abrahami _____ Nir Meir _____

**EXECUTION COPY**

# EXHIBIT B

Avishai Abrahami ____ Nir Meir ____

**EXECUTION COPY**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-PDR |

## JOIN MOTION TO APPROVE SETTLEMENT

***Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.***

Plaintiff Avishai Abrahami ("Abrahami"), by and thought his counsel, and as creditor and party in interest in this bankruptcy case, and Defendant Nir Meir ("Meir" or "Defendant" or "Debtor")[1], file this *Joint Motion to Approve Settlement* (the "Motion"), and state as follows:

**JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS**

1. This Court has jurisdiction over the Parties and subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to sections 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Parties bring this Motion under 11 U.S.C. §105 and Rule 9019 Fed. R. Bankr. P.

**FACTUAL AND PROCEDURAL BACKGROUND**

4. Pursuant to the terms of a Loan Agreement dated September 8, 2020 (the "Loan Agreement"), Abrahami loaned two entities, HFZ Member RB Portfolio LLC and HFZ Member

[1] Meir and Abrahami are collectively referred to herein as the "Parties."



Avishai Abrahami _____ Nir Meir _____

**EXECUTION COPY**

RB Acquisitions LLC (collectively, the "Borrowers") the amount of $30,000,000 (the "Loan"), the proceeds of which were supposed to be invested in certain industrial properties the Borrower indirectly owned. Meir executed the Loan Agreement on each of the Borrowers' behalf, as each of their "Authorized Signatory." Meir also executed a Carveout Guaranty, personally guaranteeing repayment of the Loan to Abrahami.

5. The Borrowers immediately defaulted on payments under the Loan.

6. In 2021, Abrahami commenced an action against Meir to recover the unpaid Loan debt in the New York State Supreme Court, Commercial Division, New York County, in a case captioned *Avishai Abrahami v. Nir Meir*, Index No.: 652641/2021 (the "New York Action").

7. On February 1, 2024, the Debtor commenced a the above-captioned voluntary Chapter 7 bankruptcy case ("Main Bankruptcy Case").

8. Drew Dillworth ("Trustee") was duly appointed as the chapter 7 trustee of the Main Bankruptcy Case.

9. On July 20, 2025, Abrahami filed a proof of claim as Claim No. 7 on the claims register for the Main Bankruptcy Case, asserting a claim against the Debtor in the amount no less than $8,502,007.30 (the "Claim") for the remaining, unrecovered debt owed by Meir on the Carveout Guaranty of the Loan, and for any other of Meir's associated liability to Abrahami for procuring the Loan.

10. On June 24, 2026, Abrahami timely filed a complaint ("Complaint") against the Debtor, commencing adversary proceeding Case No. 26-01218-PDR, the "Adversary Proceeding"). In the Adversary Proceeding, Abrahami as Plaintiff sought to liquidate the debt Meir owed to Abrahami as reflected in the Claim, for a determination that the debt is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and further sought denial



Avishai Abrahami ____ Nir Meir ____

**EXECUTION COPY**

of Defendant's discharge pursuant to 11 U.S.C. § 727. The Parties stipulated to extend the deadline for Meir's response to the Complaint based on ongoing settlement discussions.

11. The Parties desire to avoid the costs and uncertainties of litigation and to settle the above-referenced matters, and related matters between them with respect to the New York Action, the Main Bankruptcy Case and the Adversary Proceeding in accordance with the terms and conditions of the *Settlement Agreement* ("Settlement Agreement"), which is attached hereto as **Exhibit 1.** The proposed terms of settlement are summarized below.

## THE PROPOSED SETTLEMENT

12. The principal terms[2] of the Settlement Agreement between the Parties are as follows:

(a) The Settlement Agreement is subject in all respects to the approval of the U.S. Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") in the Main Bankruptcy Case, and the Bankruptcy Court's reservation of jurisdiction to, without limitation, enforce the Settlement Agreement and enter the stipulated non-dischargeable Judgment referenced below in the event of an uncured default in payment by Meir. This Settlement Agreement and the underlying Loan debt will be adjudicated non-dischargeable in this case. or in any subsequent bankruptcy, insolvency or other proceeding filed by Meir. A proposed Final Order approving the Settlement Agreement (an "Approval Order") is attached hereto as **Exhibit 1.** The Parties shall not be bound by the provisions of the Settlement Agreement unless and until the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court does not enter the Approval Order or enters an order denying approval

[2] The following is a summary of the key terms of the Settlement Agreement. The terms of the Settlement Agreement control. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Settlement Agreement.



Avishai Abrahami _____ Nir Meir _____

AA

of this Settlement Agreement, the Settlement Agreement shall be deemed null and void, and the Parties shall be restored to their respective positions as if the Settlement Agreement never existed and shall revert to their respective applicable rights in the Adversary Proceeding.

(b) Meir will pay, and Abrahami will accept the total settlement sum of $750,000.00 (the "Settlement Amount") in installments of $100,000.00 due on or before March 30, 2027, $150,000.00 due on or before June 30, 2027, $150,000.00 due on or before September 30, 2027, $150,000.00 due on or before December 30, 2027, and a final payment of $200,000.00 due on or before March 30, 2028.

(c) Upon an uncured default on any installment payment due towards the Settlement Amount (and subject to the limited cure provision in the Settlement Agreement), Meir irrevocably consents to entry of a stipulated non-dischargeable Judgment in the amount of $4 Million Dollars ($4,000,000.00), less a dollar-for-dollar credit for any portion of the Settlement Amount actually received by Abrahami toward the Settlement Amount.

(d) The debt owed by Meir to Abrahami as reflected in the Claim shall be deemed non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

(e) Meir agrees to comprehensive waivers of defenses, claims, jury trial, process, appeals, etc. in the Adversary Proceeding and the New York Action and in any other Court proceedings pertaining, directly or indirectly, to the Debt (defined in the Settlement Agreement). The Parties each stipulate that Meir is collaterally estopped from asserting otherwise under any theory of relief, and from contesting the factual or legal basis



Avishai Abrahami _____ Nir Meir _____

**EXECUTION COPY**

for entry of the proposed Judgment upon uncured default, and its exception from discharge in the Main Bankruptcy Case and in all other Court proceedings.

## MEMORANDUM OF LAW

Bankruptcy Rule 9019(a) provides: "On motion ... and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). A settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air,* 85 B.R. at 891 (quoting *Teltronics Sen's.,* 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert, denied, 464 U.S. 822 (1983)). According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990).

As to the first *Justice Oaks* factor, "the probability of success in litigation," the Parties dispute the facts set forth in the Adversary Proceeding Complaint, including the Debtor's liability on the Claim, whether the Claim is non-dischargeable as against the Debtor, and whether Debtor's discharge may be withheld. Given the fact-intensive questions in the Adversary Proceeding, the proposed Settlement is in the best interest of both Parties. The proposed Settlement resolves a



Avishai Abrahami _____ Nir Meir _____

AA

**EXECUTION COPY**

disputed matter between the Parties that has been the subject of litigation in this Court and in New York State court without additional, extensive litigation. It concludes this matter without further taxing this Court's resources and permits the Parties to resolve this dispute in a mutually agreeable manner without expending further litigation costs and effort.

As to the second *Justice Oaks* factor, "the difficulties, if any, to be encountered in the matter of collection" Abrahami has assessed the collectability of the claim if he were to pursue this matter to conclusion through trial and believes that the proposed Settlement Agreement achieves a reasonable resolution when the likelihood of collection of the full Claim from the Debtor is doubtful. The Parties believe the proposed Settlement Agreement provides a fair result to this dispute.

As to the third *Justice Oaks* factor, "the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it," the underlying facts regarding the basis for non-dischargeability of the Claim as alleged in the Adversary Proceeding are disputed. If Abrahami is required to litigate his claims against the Debtor, there will be substantial additional expenses, attorneys' fees, costs, inconvenience and delay for both Parties. The Parties submit that the Settlement Agreement will have no material impact on the Debtor's estate, the Trustee or the Debtor's other creditors, but would allow for significant litigation claims in two forums to be resolved.

The fourth *Justice Oaks* factor is "the paramount interest of the creditors and proper deference to their reasonable views in the premises." It is "the court's obligation to make that determine while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (*citing Connecticut Gen. Life Ins. Co.* v. *United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 918 (5th Cir. 1995). The proposed



Avishai Abrahami _____ Nir Meir _____

AA

**EXECUTION COPY**

Settlement Agreement will not affect any distributions the Trustee is able to make to unsecured creditors, and the first settlement installment payment does not come due until March 2027. Therefore, the Parties submit that the interests of creditors to the Chapter 7 estate is unaffected by the settlement. Conversely, the Parties believe this settlement provides a fair resolution to their dispute that will avoid expensive, fact-intensive litigation.

The proposed Settlement Agreement satisfies the standards of *In re Justice Oaks II*, in that it avoids the expense and uncertainty of litigation, fixes the amount of Abrahami's recovery from Meir in settlement while providing a fair consequence for a default in such settlement payments, and has no financial impact on the Debtor's estate or its creditors. Therefore, the Parties request this Court approve the Settlement Agreement as fair and reasonable, and within the reasonable range of possible litigation outcomes.

Pursuant to Local Rule 9013-1(D), a copy of the proposed Order approving this Motion is annexed hereto as **Exhibit 2.**

**WHEREFORE,** the Parties respectfully request the entry of an Order: (a) granting this Motion; (b) approving the Settlement Agreement to compromise Abrahami's controversy with the Debtor; and (c) determining Abrahami's Claim against Meir to be Non-Dischargeable in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding; and (d) granting such other and further relief as this Court deems appropriate.

Dated: October __, 2026

LIEBLER, GONZALEZ & PORTUONDO

By: *\/s/ Mark E. Steiner*
Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400



Avishai Abrahami _____ Nir Meir _____

**EXECUTION COPY**

mes@lgplaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

ZEICHNER ELLMAN & KRAUSE LLP

By: *_/s/ Kevin Badkhshan_*
Michael E. Sims
Nathan Schwed (admitted *Pro Hac Vice*)
Kevin Badkhshan (admitted *Pro Hac Vice*)
730 Third Avenue
New York, New York 10017
(212) 223-0400
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

By: *_/s/ Nir Meir_*
Nir Meir, *Defendant*
nir@eammcap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on ___ day of October, 2026, a copy of the *Joint Motion to Approve Settlement* was served via the Court's CM/ECF electronic case filing system on all of those parties receiving electronic notice in the above-referenced case; and via e-mail to Mr. Nir Meir at nir@eammcap.com per his agreement to accept service via e-mail in this case.

By: *_/s/ Mark E. Steiner_*
Mark E. Steiner
Florida Bar No. 28513



Avishai Abrahami ____ Nir Meir ____

AA

**EXECUTION COPY**

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-LMI |

**AGREED ORDER APPROVING SETTLEMENT AGREEMENT**
**AND DETERMINING DEBT TO BE NON-DISCHARGEABLE**

This matter came before the Court upon the Parties' Joint Motion to Approve Settlement [ECF __] (the "Motion"), and the Court being advised of the agreement of the parties to the relief requested and being otherwise more fully advised in the premises, it is

**ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The Settlement Agreement annexed to the Motion is hereby APPROVED in its entirety, and incorporated herein.

3. The Debt evidenced by Abrahami's Claim No. 7 in this case and also described in the Settlement Agreement and any Judgment entered herein are each deemed non-dischargeable



Avishai Abrahami ____ Nir Meir ____

AA

**EXECUTION COPY**

under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in this case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

4. This Court reserves jurisdiction in the Adversary Proceeding styled *Abrahami v. Meir*, Case No. 26-01218-PDR, to enforce the Settlement Agreement including, without limitation, to enter the Judgment contemplated therein in the event Meir defaults on payments due under the Settlement Agreement.

###

Order prepared by:

Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400
mes@lgplaw.com
*Attorneys for Plaintiff Avishai Abrahami*

Attorney Mark E. Steiner must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.

x

Avishai Abrahami _____ Nir Meir _____

AA

EXECUTION COPY

# EXHIBIT C

Avishai Abrahami _____ Nir Meir _____

**EXECUTION COPY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AVISHAI ABRAHAMI,<br><br>Plaintiff,<br><br>-against-<br><br>NIR MEIR,<br><br>Defendant. | Index No.: 652641/2021<br><br>**STIPULATION OF DISCONTINUANCE** |

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, discontinued, without prejudice, and without costs to either party against the other; and it is further

**STIPULATED AND AGREED** that an electronic or facsimile signature on this stipulation will be deemed an original and that the stipulation may be signed in counterparts that together constitute one instrument.

ZEICHNER ELLMAN & KRAUSE LLP

By:______________________________
Stuart A. Krause
Michael E. Sims
Kevin Badkhshan
Attorneys for Plaintiff
*Avishai Abrahami*
730 Third Avenue
New York, New York 10017
(212) 233-0400
skrause@zeklaw.com
msims@zeklaw.com
kbadkhshan@zeklaw.com

NIR MEIR

By: ______________________________
Nir Meir, *Pro Se*
nir@eammcap.com

Avishai Abrahami _____

Nir Meir _____

AA

**EXECUTION COPY**

**CONFIDENTIAL SETTLEMENT AGREEMENT, STIPULATION OF NON-DISCHARGEABILITY, AND CONSENT TO ENTRY OF JUDGMENT**

This Confidential Settlement Agreement, Stipulation of Non-Dischargeability, and Consent to Entry of Judgment (the "Agreement") is made and entered into as of October 8th 2026 (the "Effective Date"), by and between Avishai Abrahami ("Plaintiff") and Nir Meir ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties," and each individually as a "Party."

**WHEREAS**, Defendant commenced a Chapter 7 bankruptcy case styled *In re Nir Meir*, Case No. 24-11047-PDR, in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Case");

**WHEREAS**, Plaintiff commenced an adversary proceeding against Defendant styled *Abrahami v. Meir*, Adv. Proc. No. 26-01218-PDR, in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Adversary Proceeding");

**WHEREAS**, the Adversary Proceeding arises from a $30,000,000.00 loan made by Plaintiff on or about September 8, 2020 to HFZ Member RB Portfolio LLC and HFZ Member RB Acquisitions LLC (collectively, the "Borrowers") (the "Loan");

**WHEREAS**, Defendant executed a Carveout Guaranty dated September 8, 2020 in favor of Plaintiff, personally guaranteeing repayment of the Loan to Plaintiff pursuant to the terms set forth therein;

**WHEREAS**, in the Adversary Proceeding Plaintiff seeks damages and determinations that Defendant's obligations to Plaintiff are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and further seeks denial of Defendant's discharge pursuant to 11 U.S.C. § 727;

**WHEREAS**, Plaintiff has also commenced an action concerning the same underlying debt in the New York State Supreme Court, Commercial Division, New York County, captioned *Avishai Abrahami v. Nir Meir*, Index No.: 652641/2021 (the "New York Action");

**WHEREAS**, the Parties desire to resolve the Adversary Proceeding and the New York Action, avoid the expense and uncertainty of continued litigation, and preserve the stipulated and agreed nondischargeable character of Defendant's debt to Plaintiff as provided herein; and

**WHEREAS**, Defendant acknowledges that Plaintiff would not enter into this Agreement without: (a) Defendant's express, stipulations, waivers, and consent to entry of the Stipulated Judgment (defined below) in the Adversary Proceeding; and (b) Defendant's express stipulation in this Agreement that both the Stipulated Judgment and the causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in the Adversary Proceeding are non-dischargeable and preserved *in toto*.

**NOW, THEREFORE,** in consideration of the promises, agreements, covenants, representations, and other good and valuable consideration contained herein, the receipt and

EXECUTION COPY

sufficiency of which are acknowledged, and intending to be legally bound, the Parties agree as follows:

**1. Recitals**

The foregoing recitals are confirmed by the Parties as true and correct for purposes of this Agreement, are incorporated herein by reference, and constitute a substantive and material part of this Agreement relied upon by each of the Parties hereto.

**2. Effective Date**

This Agreement shall become effective when it has been executed by both Parties and approved by the United States Bankruptcy Court for the Southern District of Florida. The "Effective Date," as referenced throughout this agreement, shall be the date on which the Agreement has been approved by the United States Bankruptcy Court for the Southern District of Florida.

**3. Defined Debt**

For purposes of this Agreement, the "Debt" means all liability and indebtedness of Defendant to Plaintiff arising from or relating to the Loan, the Loan Agreement, the Carveout Guaranty, and all claims and causes of action asserted or that could have been asserted by Plaintiff in the Bankruptcy Case, Adversary Proceeding and the New York Action arising from the same facts, transactions, or occurrences, including without limitation, the remaining principal balance, interest, attorneys' fees and costs incurred in collection of the Debt and in the negotiation of this Agreement.

**4. Stipulation as to Non-Dischargeability, and Preservation of Claims and Causes of Action within the Meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6)**

Defendant expressly, knowingly, voluntarily, and irrevocably stipulates, for purposes of compromise and this Agreement, and agrees that:

A. Defendant's liability to Plaintiff on the Debt is excepted from discharge under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6);

B. this Agreement and the orders approving it may be relied upon by Plaintiff in any subsequent bankruptcy, insolvency, restructuring, or similar proceeding involving Defendant;

C. the stipulations as to nondischargeability of the Debt in this Paragraph (including all sub-paragraphs) are intended to be adjudications of the issues stated herein and in the Adversary Proceeding, and to have the maximum res judicata, collateral estoppel, claim-preclusion, and issue-preclusion effect permitted by law. Defendant is collaterally estopped from asserting otherwise under any theory of relief in any Court proceedings (whether filed



Avishai Abrahami _____ Nir Meir NM_____

EXECUTION COPY

prior hereto or prospectively), including but not limited to Defendant being collaterally estopped from contesting the factual or legal basis for entry of an order excepting the Debt from discharge; and

D. Defendant waives any right, in the Bankruptcy Case or in any subsequent bankruptcy and other Court proceeding, to: (i) contend that the Debt, the Settlement Sum (as defined below), Plaintiff's causes of action within the meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), or the Stipulated Judgment (as defined below) are dischargeable; or (ii) contend that the Plaintiff's claims and causes of action within the meaning of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) have not been preserved *in toto*.

E. Notwithstanding the foregoing stipulations as to nondischargeability and preservation of claims set forth in this Paragraph, Plaintiff's remedy upon an uncured Event of Default by Defendant under this Agreement shall be limited to entry of the Stipulated Judgment in accordance with Paragraph 7 herein, and the domestication, registration and enforcement of the of the Stipulated Judgment in New York state or any other state or jurisdiction where appropriate.

**5. <u>Preservation of Underlying Claims; Anti-Novation; No Merger</u>**

A. This Agreement is a compromise regarding the amount and timing of payment that Plaintiff is willing to accept upon full and timely performance. It is not, and shall not be construed as, a novation, or accord and satisfaction as to this Loan and Debt.

B. Neither this Agreement nor any payment obligation created by it extinguishes, replaces, satisfies, compromises, alters, converts, merges, transforms, or changes the origin, nature, character, or legal basis of the Debt or Plaintiff's fraud-based claims before any Bankruptcy Court or other Court until Plaintiff receives the Settlement Sum in full in cleared funds. However, notwithstanding anything to the contrary in this paragraph or Agreement, the Plaintiff's release provided in Paragraph 12 and any relief provided by this sub-paragraph shall be rescinded and deemed null and void *ab initio* in the event that a bankruptcy case is commenced by or against Defendant within one hundred (100) days after Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds

C. As an express negotiated term of this Agreement, the Debt shall remain at all times considered as a debt that is nondischargeable under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Defendant expressly waives and releases, with prejudice, any argument that the Agreement converted or replaced the nondischargeable Debt with a dischargeable contractual obligation, or that, on any basis, Defendant's Debt to Plaintiff is or has become dischargeable.

D. Notwithstanding anything in this Agreement to the contrary, if Defendant commences or becomes a debtor in any subsequent bankruptcy, insolvency, restructuring, or similar proceeding, Plaintiff may assert and prosecute all claims, causes of action, allegations,

EXECUTION COPY

facts, legal theories, and grounds for relief or nondischargeability arising from the underlying transactions and occurrences, including without limitation those pled in the Adversary Proceeding, as if this Agreement had not been executed, subject only to credit for payments actually received and retained by Plaintiff.

E. No dismissal, discontinuance, stay, or administrative closing of the Adversary Proceeding and/or New York Action pursuant to this Agreement or otherwise shall constitute an adjudication against Plaintiff pertaining, directly or indirectly, to the subject Debt or Loan, a release before full payment, or a waiver of the underlying claims preserved by this Paragraph or otherwise in this Agreement.

**6. Settlement Sum and Payment Schedule**

Provided Defendant strictly and timely performs every obligation under this Agreement, Plaintiff agrees to accept Seven Hundred Fifty Thousand Dollars ($750,000.00) (the "Settlement Sum") in full satisfaction of the Debt, as timely made by each Payment Due Date below (subject solely to the limited cure period described in this Agreement). Defendant shall pay the Settlement Sum as follows:

| PAYMENT DUE DATE | AMOUNT |
|---|---|
| March 30, 2027 | $100,000.00 |
| June 30, 2027 | $150,000.00 |
| September 30, 2027 | $150,000.00 |
| December 30, 2027 | $150,000.00 |
| March 30, 2028 | $200,000.00 |

All payments shall be made by wire transfer or other immediately available funds pursuant to written instructions supplied by Plaintiff's counsel. Time is of the essence as to every payment and obligation under this Agreement.

**7. Stipulated Non-Dischargeable Judgment**

Simultaneously with execution of this Agreement, Defendant shall execute a stipulation and consent judgment in favor of Plaintiff and against Defendant in the Adversary Proceeding in the principal amount of Four Million Dollars ($4,000,000.00) (the "Stipulated Judgment") which shall be substantively in the form annexed hereto as **Exhibit "A"** and shall provide solely for dollar-for-dollar crediting for any installment payments towards the Settlement Sum (defined at Paragraph 6) which are actually received and retained by Plaintiff under this Agreement prior to Defendant's default under Paragraph 10 herein. Plaintiff's counsel shall hold the executed consent Stipulated Judgment in escrow unless and until an uncured event of default under this Agreement occurs, at which time Plaintiff may seek immediate entry of the Stipulated Judgment in the Adversary Proceeding without the necessity of hearing, unless requested by the Court.

The Stipulated Judgment shall expressly provide that, for purposes of this Agreement and the stipulated Consent Final Judgment, the adjudicated liability concerning the

EXECUTION COPY

Loan and Debt owing to Plaintiff is stipulated and agreed to be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Plaintiff shall hold the Stipulated Judgment in abeyance so long as Defendant is not in default under this Agreement.

**8. Bankruptcy Court Approval and Retention of Jurisdiction**

A. The Parties shall jointly seek entry of an order by the United States Bankruptcy Court for the Southern District of Florida approving this Agreement by the form of Joint Motion and Agreed Order annexed hereto as **Exhibit "B,"** determining that the Debt and Stipulated Judgment are not discharged and are excepted from discharge in the Bankruptcy Case, and expressly retaining jurisdiction to interpret and enforce this Agreement and to enter and enforce the Stipulated Judgment upon an uncured default.

B. Defendant shall execute and deliver all stipulations, affidavits, consents, proposed orders, and other documents reasonably requested to obtain the approvals and relief contemplated by this Paragraph.

**9. Discontinuance Without Prejudice of the New York Action**

A. Within ten (10) business days following entry of an Approval Order in the Bankruptcy Case and expiration of all rehearing and appeal deadlines as to that Approval Order, it is agreed and stipulated by each of the parties to this Agreement that Plaintiff shall file a stipulation of discontinuance without prejudice in the New York Action, which shall be substantively in the form annexed hereto as **Exhibit "C"** and shall provide for each party to that action to bear his/its own attorneys' fees and costs against each other.

B. Notwithstanding the stipulation of discontinuance without prejudice in the New York Action, Plaintiff's remedy in the Courts of New York state shall be limited to domestication, registration and enforcement of the Stipulated Judgment entered in accordance with Paragraph 7 in New York state or any other state or jurisdiction where appropriate.

C. Defendant shall execute and deliver all stipulations, affidavits, consents, proposed orders, and other documents reasonably requested to obtain the approvals and relief contemplated by this Paragraph.

**10. Default; Notice and Cure; Immediate Entry of Judgment**

A. Each of the following constitutes an "Event of Default" under this Agreement: (i) failure to make any payment when due; (ii) breach of any representation, warranty, covenant, admission, or waiver in this Agreement; or (iii) any attempt by Defendant to revoke, challenge, avoid, discharge, stay, or impair or otherwise alter any provisions within this Agreement or the Stipulated Judgment; .

B. For a payment default only, Plaintiff shall provide written notice to Defendant's counsel, Peter Shapiro, by electronic mail to Peter Shapiro at pshapiro@shapirolawpa.com, and to Defendant at nir@eammcap.com. Defendant shall have ten (10) calendar days after transmission of that notice to cure by payment in full of the overdue



Avishai Abrahami _____ Nir Meir _NM_____

amount in cleared funds. No cure period shall apply to any other Event of Default unless Plaintiff agrees otherwise in a signed writing.

C. Following an uncured Event of Default, Plaintiff may pursue any and all remedies and may immediately file and/or obtain entry of the Stipulated Judgment in the Bankruptcy Court, without further notice, service, process, hearing, proof, or application except as a court may require as a non-waivable matter of law. Until such an uncured Event of Default under this Agreement occurs Plaintiff's counsel shall hold the executed consent Stipulated Judgment in escrow, and shall refrain from submitting it for entry by the Court.

D. Defendant irrevocably authorizes entry and enforcement of the Stipulated Judgment, providing for dollar-for-dollar crediting for any installment payments towards the Settlement Sum (defined at Paragraph 6) which are actually received and retained by Plaintiff under this Agreement prior to Defendant's default, and agrees that the amount is reasonable in light of the disputed claims, litigation risk, circumstances surrounding the Debt and consideration provided, and is not a penalty.

E. Plaintiff may pursue all remedies cumulatively and in any order. Acceptance of a late or partial payment shall not waive a default unless Plaintiff executes a written, express waiver.

**11. <u>Comprehensive Waivers by Defendant</u>**

To the fullest extent permitted by law, Defendant knowingly, voluntarily, and irrevocably waives:

A. all defenses, counterclaims, setoffs, recoupments, objections, and claims relating to the Debt, the Loan, this Agreement, the claims in the Adversary Complaint in the Adversary Proceeding, the claims in the New York Action, and the Stipulated Judgment;

B. service of process, presentment, demand, protest, notice of dishonor, and any further notice except the limited payment-default notice expressly required by Paragraph 10;

C. A TRIAL BY JURY;

D. any right to contest personal jurisdiction, subject-matter jurisdiction, venue, or the authority of the Bankruptcy Court or any New York court to approve or enforce this Agreement or enter the Stipulated Judgment;

E. any right to appeal, seek reconsideration, vacatur, relief from judgment, stay, or supersedeas concerning approval or enforcement of this Agreement or entry of the Stipulated Judgment;

F. any defense based on statute of limitations, laches, estoppel, merger, novation, accord and satisfaction, election of remedies, claim splitting, or discharge; and

EXECUTION COPY

G. any exemption or similar protection against enforcement to the fullest extent a prospective waiver is enforceable. Nothing herein waives a right that cannot lawfully be waived in advance.

**12. <u>Release Upon Completion of Settlement Payments</u>**

Upon Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds, and provided that no Event of Default has occurred, Plaintiff shall then release Defendant from the monetary claims resolved by this Agreement and shall request that the Bankruptcy Court close the Adversary Proceeding. The foregoing release shall not extend to obligations under this Agreement that by their nature survive payment, including confidentiality, enforcement, tax, and indemnity obligations, if any. However, notwithstanding anything to the contrary in this paragraph or Agreement, the Plaintiff's release provided in this paragraph shall be rescinded and deemed null and void *ab initio* in the event that a bankruptcy case is commenced by or against Defendant within one hundred (100) days after Plaintiff's timely receipt and retention of the entire Settlement Sum in cleared funds

**13. <u>Preservation and Tolling of Claims</u>**

Except as expressly released herein following Defendant's full and timely performance of all of his obligations under this Agreement, including but not limited to Defendant's timely tendering of all payments required under this Agreement, all claims, causes of action, and remedies arising from or pertaining to the Loan and Debt (including but not limited to all such claims and causes of action which were or could have been asserted in the Adversary Proceeding in the Bankruptcy Case or in the New York Action) are preserved to the fullest extent necessary for Plaintiff to enforce this Agreement upon Defendant's uncured default, including without limitation by entry of the Stipulated Judgment and any domestication or registration of the Stipulated Judgment in New York state courts or any other state or jurisdiction where appropriate, and enforcement of the Stipulated Judgment. The Parties agree that any and all applicable statute of limitations, statute of repose, or analogous deadlines or time-based defenses relating to such claims, causes of action, or remedies, shall be tolled and suspended from the Effective Date of this Agreement until the earlier of: (i) the Release Date as contemplated by Section 12 of this Agreement; or (ii) the occurrence of an uncured Event of Default. Defendant irrevocably waives, and shall be estopped from asserting, any limitations defense to the extent based upon or arising from the passage of time during the foregoing tolling period.

**14. <u>Confidentiality</u>**

Each Party, including their respective attorneys, agents, and representatives, shall keep the terms and substance of this Agreement confidential and shall refrain from disclosing them except as may reasonably be necessary: (i) to obtain approval of this Agreement from the Bankruptcy Court; (ii) to comply with legal, tax, accounting, regulatory, insurance, or professional obligations; (iii) in response to a subpoena, court order, request of a governmental or disciplinary authority, or lawful discovery request, after reasonable prior notice to the other Party to the extent legally permitted; or (iv) to enforce this Agreement or the Stipulated Judgment. The Parties acknowledge that court filings may become public unless sealed by the applicable court.



Avishai Abrahami _____ Nir Meir NM_____

EXECUTION COPY

**15. Counterparts and Electronic Signatures**

This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together constitute one instrument. Electronic, digital, facsimile, PDF, scanned, or photocopied signatures shall have the same force and effect as original handwritten signatures. Each Party agrees not to contest the validity or enforceability of this Agreement or related documents solely because they were transmitted, accepted, or signed electronically.

**16. Successors and Assigns**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, estates, personal representatives, administrators, trustees, successors, and permitted assigns. Plaintiff may assign the Debt, this Agreement, or the Stipulated Judgment without Defendant's consent. Defendant may not assign or delegate any obligation under this Agreement without Plaintiff's prior written consent.

**17. Time Is of the Essence**

Time is of the essence with respect to every payment, delivery, filing, approval, and other obligation under this Agreement.

**18. Notice**

All notices under this Agreement shall be in writing and shall be deemed given when transmitted by email, with a copy sent by nationally recognized overnight delivery service, to the following addresses, or to any replacement address designated by written notice:

If To Plaintiff: Mark E. Steiner, Esq.
Liebler, Gonzalez & Portuondo
Courthouse Tower, 25th Floor
44 West Flagler Street
Miami, Florida 33130
mes@lgplaw.com

With a second copy delivered via the same means to:

Stuart A. Krause, Esq.
Michael E. Sims, Esq.
Nathan Schwed, Esq.
Kevin Badkhshan, Esq.
Zeichner Ellman & Krause LLP
730 Third Avenue, 16th Floor
New York, New York 10017
skrause@zeklaw.com
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com



Avishai Abrahami _____ Nir Meir NM _____

EXECUTION COPY

If To Defendant: Nir Meir
nir@eammcap.com

With a second copy delivered via the same means to:

Peter Shapiro, Esq.
Shapiro Law
8551 West Sunrise Boulevard, Suite 300
Plantation, Florida 33322
pshapiro@shapirolawpa.com

**19. Headings**

The headings used in this Agreement are for convenience only and shall not affect its interpretation, construction, and shall not be used to construe any provisions contained herein.

**20. Entire Agreement and Integration**

This Agreement, together with the Stipulated Judgment, stipulations, and court orders contemplated herein, contains the entire understanding between the Parties concerning its subject matter. There are no representations, warranties, promises, understandings, or arrangements, oral or written, concerning that subject matter except those expressly stated herein. This Paragraph shall not be construed to extinguish, replace, merge, novate, or impair the underlying ~~fraud-based~~ Debt, claims, causes of action, admissions, or preservation rights addressed in Paragraphs 3 through 5 of this Agreement.

**21. Amendment and Waiver**

This Agreement may be amended only by a written instrument signed by both Parties and, if required, approved by the Bankruptcy Court. A breach may be waived only by an express writing signed by the Party granting the waiver. Waiver of one breach shall not waive any prior, contemporaneous, or subsequent breach.

**22. Adequate Consideration**

The Parties acknowledge and agree that the consideration exchanged in connection with this Agreement is adequate and sufficient for all agreements, admissions, covenants, stipulations, and obligations contained herein.

**23. Voluntary Consent**

Each Party represents and warrants that the Party enters into this Agreement voluntarily, for valuable consideration, and not by reason of fraud, duress, coercion, undue influence, or mistake; is competent to enter into this Agreement; has had sufficient time and opportunity to evaluate the Agreement; and has consulted with, or knowingly elected not to consult with, independent counsel regarding its terms and consequences.



Avishai Abrahami _____ Nir Meir _NM_

**EXECUTION COPY**

### 24. Governing Law; Venue; Continuing Jurisdiction

Federal bankruptcy law shall govern all questions concerning dischargeability and the effect of this Agreement in bankruptcy. Except to that extent, this Agreement shall be governed by applicable New York law, without regard to conflict-of-laws principles. The Parties irrevocably consent to the continuing jurisdiction of the United States Bankruptcy Court for the Southern District of Florida and the federal and state courts of New York to approve, interpret, and enforce this Agreement and to enter and enforce the Stipulated Judgment, without limiting Plaintiff's right to register or enforce a judgment in any other jurisdiction.

### 25. Agreement as Evidence

The Parties acknowledge and agree that this Agreement, the admissions and stipulations contained herein, the Stipulated Judgment, and the orders approving them may be used as evidence in any action or proceeding involving enforcement, default, dischargeability, or any position inconsistent with this Agreement, including any subsequent bankruptcy proceeding involving Defendant.

### 26. Attorneys' Fees, Expenses, and Costs

Except as otherwise provided herein, each Party shall bear its own attorneys' fees, expenses, and costs incurred in negotiating and obtaining approval of this Agreement. Following an Event of Default, Defendant shall be liable for Plaintiff's reasonable attorneys' fees, expenses, and costs incurred to enforce this Agreement, obtain or enforce the Stipulated Judgment, or protect the nondischargeable character of the Debt, to the extent permitted by law.

### 27. Review by Counsel

Each Party acknowledges that the Party has carefully reviewed this Agreement, has had the opportunity to seek legal advice concerning it, understands its provisions and consequences, and has relied on the Party's own judgment and the advice of the Party's own counsel in executing it.

### 28. Severability and Partial Invalidity

If any provision of this Agreement is held unenforceable, void, voidable, or without force and effect, the remaining provisions shall remain in full force to the maximum extent permitted by law. Notwithstanding the foregoing, if any material provision concerning Defendant's stipulation as to nondischargeability, anti-novation, preservation of claims in a subsequent bankruptcy, or consent to the Stipulated Judgment is held unenforceable, Plaintiff may elect to rescind this Agreement and reinstate the claims and proceedings resolved herein, with credit for payments received and retained.

### 29. No Construction Against Either Party

This Agreement shall be deemed jointly drafted by the Parties and their counsel. No presumption or rule requiring construction against the drafting Party shall apply.



Avishai Abrahami _____ Nir Meir NM

EXECUTION COPY

**30. No Waiver by Delay or Acceptance**

Failure or delay by a Party to insist upon strict performance of any provision shall not constitute a waiver. Acceptance of any late or partial payment shall not waive any default, alter any due date, or amend this Agreement unless Plaintiff expressly agrees in a signed writing.

**31. Further Assurances and Actions**

Each Party shall execute such further instruments and take such further actions as may reasonably be necessary to carry out the intent of this Agreement, obtain the contemplated court approvals, and effectuate entry or enforcement of the Stipulated Judgment.

**32. Authority to Enter Agreement**

Each Party represents and warrants that it is authorized to enter into this Agreement and that:

A. in doing so it is not in a violation of the terms and conditions of any contract or other agreements to which it may be a party; and

B. in doing so it does not need approval by any non-judicial governmental agency, law enforcement agency, or other third party.

**33. No Construction Against Drafter**

Because each Party has participated in drafting, reviewing, and editing the language of the Agreement, no presumption for or against any Party arising out of drafting all or part of this Agreement will be applied in any action whatsoever.

**34. Survival**

All provisions that by their nature are intended to survive payment, dismissal, judgment, or termination, including the nondischargeability stipulations, anti-novation provisions, preservation of claims, waivers, confidentiality, jurisdiction, enforcement, attorneys' fees, and tax provisions, shall survive.

**35. Tax Consequences**

This Agreement is enforceable regardless of its tax consequences. Neither Party makes any representation concerning tax treatment. Each Party acknowledges sole responsibility for obtaining tax advice and determining and satisfying any tax liability arising from this Agreement or payments made under it.

**[SIGNATURES ON FOLLOWING PAGE]**



Avishai Abrahami _____ Nir Meir _NM_

EXECUTION COPY

**THE PARTIES EXPRESSLY WARRANT THAT THEY HAVE CAREFULLY READ THIS AGREEMENT AND ALL EXHIBITS, UNDERSTAND THEIR CONTENTS AND LEGAL CONSEQUENCES, AND SIGN VOLUNTARILY AS THEIR OWN FREE ACT, WITHOUT DURESS OR COERCION. EACH PARTY WARRANTS THAT NO PROMISE OR AGREEMENT NOT EXPRESSLY SET FORTH HEREIN HAS BEEN MADE TO INDUCE EXECUTION OF THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the Parties have executed this Agreement and initialed each page as of the dates set forth below.

______________________________ Date: ______________________________
AVISHAI ABRAHAMI

*Nir Meir* 10/08/2026 11:36 AM EDT
______________________________ Date: ______________________________
NIR MEIR

STATE OF FLORIDA
COUNTY OF MIAMI-DADE
The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☒ online notarization, this 8th day of October, 2026, by Nir Meir, who is personally known to me or who has produced Driver's License as identification.

LARISSA GARCIA-POZO NOTARY PUBLIC STATE OF FLORIDA My Comm Expires May 18, 2030 No. HH 769985

Online Notary Public. This notarial act involved the use of online audio/video communication technology. Notarization facilitated by SIGNIX®

*Larissa Garcia-Pozo* 10/08/2026 11:37 AM EDT
______________________________
Printed Name: Larissa Garcia-Pozo
Notary Public, State of Florida
My Commission Expires: May 18, 2030
Commission Number: HH 769985



Avishai Abrahami _____ Nir Meir _NM_

**EXECUTION COPY**

# EXHIBIT A

EXECUTION COPY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-PDR |
| AVISHAI ABRAHAMI,<br><br>Plaintiff,<br><br>- against -<br><br>NIR MEIR,<br><br>Defendant. | Adv. No. 26-01218-PDR |

**CONSENT FINAL JUDGMENT DETERMINING**
**DEBT TO BE NONDISCHARGEABLE**

THIS CAUSE came before the Court upon Plaintiff Avishai Abrahami's ("Plaintiff") *Motion to Enforce Settlement Agreement and Enter Consent Final Judgment, Consistent with Prior Court Order Approving Settlement Agreement and Reserving Jurisdiction* (ECF No. __) (the "Motion"), the Settlement Agreement, Stipulation of Non-Dischargeability, and Consent to Entry of Judgment dated October __, 2026 (the "Settlement Agreement"), this Court's settlement Approval Order (ECF No. __), and the express consent of Defendant Nir Meir ("Defendant") to entry of this Final Judgment. The Court, having reviewed the record and being otherwise fully advised, finds that it has jurisdiction under 28 U.S.C. §§ 1334 and 157, that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and that the parties have knowingly and voluntarily consented to entry of this Final Judgment.



Avishai Abrahami _____ Nir Meir _NM_

EXECUTION COPY

**Accordingly, it is ORDERED AND ADJUDGED as follows:**

1. Defendant is in default under the terms of the parties' Settlement Agreement as approved by this Court (ECF No. __), and such default remains uncured as of the entry of this Judgment.

2. **Judgment Amount.** Final judgment is entered in the principal amount of FOUR MILLION DOLLARS ($4,000,000.00), less a dollar-for-dollar credit for installment payments made by Defendant prior to Defendant's default under the Settlement Agreement in the amount of $__________, for a total judgment of $__________(the "Judgment Amount") in favor of Plaintiff Avishai Abrahami, whose current address is __________________________ and against Defendant Nir Meir, whose current address is _________________________, for which execution shall issue.

3. **Nature of Adjudicated Liability.** The liability adjudicated by this Final Judgment arises from Defendant's conduct concerning the Loan and Debt described in the Settlement Agreement. For purposes of the Settlement Agreement and this stipulated Consent Final Judgment Determining Debt to be Non-dischargeable, the Plaintiff and Defendant stipulate that this Loan and Debt described and defined in the Court-approved Settlement Agreement are nondischargeable under the provisions of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6).

4. **Nondischargeability.** Based on the parties' stipulations in the Settlement Agreement, which are incorporated by reference into this Judgment, the Judgment Amount and all liability adjudicated by this Final Judgment are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). This determination applies in



Avishai Abrahami _____ Nir Meir NM_____

EXECUTION COPY

Defendant's current pending bankruptcy Case No. 24-11047-PDR, and may be asserted by Plaintiff in any later bankruptcy, insolvency, restructuring, and other Court proceedings involving Defendant, to the maximum extent permitted by law.

5. **Final Adjudication.** This Final Judgment constitutes a final adjudication of the character and nondischargeability of the adjudicated Debt and liability. Defendant is bound by the admissions and stipulations incorporated in the Settlement Agreement and shall not contest the nondischargeable character of the Judgment Amount, this Final Judgment and the underlying Debt in this bankruptcy case or in any subsequent bankruptcy, insolvency, restructuring, or other Court proceeding.

6. **Post-Judgment Interest.** The unpaid balance of the Judgment Amount shall bear post-judgment interest from the date this Final Judgment is entered at the rate provided by 28 U.S.C. § 1961.

7. **Enforcement Fees and Costs.** Plaintiff is entitled to recover his reasonable attorneys' fees, expenses, and costs incurred to obtain or enforce this Final Judgment and to protect the nondischargeable character of the adjudicated liability. The Court reserves jurisdiction to determine any such amounts.

8. **Dismissal of Claims.** Upon entry of this Final Judgment, the causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) are resolved as provided herein. Any remaining claim or request for relief in this Adversary Proceeding, including any request under 11 U.S.C. § 727, is dismissed with prejudice.



Avishai Abrahami _____ Nir Meir NM_____

EXECUTION COPY

9. **Continuing Jurisdiction.** The Court retains jurisdiction to interpret, implement, and enforce the Settlement Agreement and this Final Judgment; to determine the existence and effect of any alleged default to the extent judicial determination is required; to determine credits, fees, expenses, costs, and the unpaid balance; and to enter such further orders as are necessary or appropriate.

10. **Finality.** This is a final judgment for purposes of Federal Rule of Bankruptcy Procedure 7058. The Clerk is directed to enter this Final Judgment in the Adversary Proceeding.

**DONE and ORDERED in chambers in Miami, Florida on ____________________, 2027.**

____________________________________
**HON. PETER D. RUSSIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Copies furnished to:**

Nir Meir

All counsel and parties of record



Avishai Abrahami _____ Nir Meir NM _____

EXECUTION COPY

## CONSENT TO ENTRY OF FINAL JUDGMENT

Defendant Nir Meir acknowledges that he has read this Consent Final Judgment, understands its terms and legal consequences, has had the opportunity to consult independent counsel, and knowingly, voluntarily, and irrevocably consents to its entry without further notice, hearing, proof, or service, except to the extent any such requirement is non-waivable as a matter of law.

Defendant further acknowledges and stipulates that the Judgment Amount and the liability adjudicated herein are excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6). Defendant waives any right to appeal, seek reconsideration of, or otherwise challenge entry of this Final Judgment to the fullest extent permitted by law.

Nir Meir

NIR MEIR, Defendant

Date: 10/08/2026 11:36 AM EDT

## AGREED AS TO FORM AND ENTRY

LIEBLER, GONZALEZ & PORTUONDO

By: ______________________________
Mark E. Steiner
44 West Flagler Street, 25th Floor
Miami, Florida 33130
mes@lgplaw.com
*Counsel for Plaintiff*

ZEICHNER ELLMAN & KRAUSE LLP

By: ______________________________
Stuart A. Krause
Michael E. Sims
Nathan Schwed
Kevin Badkhshan
730 Third Avenue
New York, New York 10017
skrause@zeklaw.com
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com
*Counsel for Plaintiff*



Avishai Abrahami _____ Nir Meir NM

EXÉCUTION COPY

# EXHIBIT B

Avishai Abrahami _____ Nir Meir _____

EXECUTION COPY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-PDR |

# JOIN MOTION TO APPROVE SETTLEMENT

***Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.***

Plaintiff Avishai Abrahami ("Abrahami"), by and thought his counsel, and as creditor and party in interest in this bankruptcy case, and Defendant Nir Meir ("Meir" or "Defendant" or "Debtor")[1], file this *Joint Motion to Approve Settlement* (the "Motion"), and state as follows:

## JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1. This Court has jurisdiction over the Parties and subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to sections 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Parties bring this Motion under 11 U.S.C. §105 and Rule 9019 Fed. R. Bankr. P.

## FACTUAL AND PROCEDURAL BACKGROUND

4. Pursuant to the terms of a Loan Agreement dated September 8, 2020 (the "Loan Agreement"), Abrahami loaned two entities, HFZ Member RB Portfolio LLC and HFZ Member

[1] Meir and Abrahami are collectively referred to herein as the "Parties."



Avishai Abrahami _____ Nir Meir _NM_

RB Acquisitions LLC (collectively, the "Borrowers") the amount of $30,000,000 (the "Loan"), the proceeds of which were supposed to be invested in certain industrial properties the Borrower indirectly owned. Meir executed the Loan Agreement on each of the Borrowers' behalf, as each of their "Authorized Signatory." Meir also executed a Carveout Guaranty, personally guaranteeing repayment of the Loan to Abrahami.

5. The Borrowers immediately defaulted on payments under the Loan.

6. In 2021, Abrahami commenced an action against Meir to recover the unpaid Loan debt in the New York State Supreme Court, Commercial Division, New York County, in a case captioned *Avishai Abrahami v. Nir Meir*, Index No.: 652641/2021 (the "New York Action").

7. On February 1, 2024, the Debtor commenced a the above-captioned voluntary Chapter 7 bankruptcy case ("Main Bankruptcy Case").

8. Drew Dillworth ("Trustee") was duly appointed as the chapter 7 trustee of the Main Bankruptcy Case.

9. On July 20, 2025, Abrahami filed a proof of claim as Claim No. 7 on the claims register for the Main Bankruptcy Case, asserting a claim against the Debtor in the amount no less than $8,502,007.30 (the "Claim") for the remaining, unrecovered debt owed by Meir on the Carveout Guaranty of the Loan, and for any other of Meir's associated liability to Abrahami for procuring the Loan.

10. On June 24, 2026, Abrahami timely filed a complaint ("Complaint") against the Debtor, commencing adversary proceeding Case No. 26-01218-PDR, the "Adversary Proceeding"). In the Adversary Proceeding, Abrahami as Plaintiff sought to liquidate the debt Meir owed to Abrahami as reflected in the Claim, for a determination that the debt is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6), and further sought denial



Avishai Abrahami _____ Nir Meir NM_____

**EXECUTION COPY**

of Defendant's discharge pursuant to 11 U.S.C. § 727. The Parties stipulated to extend the deadline for Meir's response to the Complaint based on ongoing settlement discussions.

11. The Parties desire to avoid the costs and uncertainties of litigation and to settle the above-referenced matters, and related matters between them with respect to the New York Action, the Main Bankruptcy Case and the Adversary Proceeding in accordance with the terms and conditions of the *Settlement Agreement* ("Settlement Agreement"), which is attached hereto as **Exhibit 1.** The proposed terms of settlement are summarized below.

**THE PROPOSED SETTLEMENT**

12. The principal terms[2] of the Settlement Agreement between the Parties are as follows:

(a) The Settlement Agreement is subject in all respects to the approval of the U.S. Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") in the Main Bankruptcy Case, and the Bankruptcy Court's reservation of jurisdiction to, without limitation, enforce the Settlement Agreement and enter the stipulated non-dischargeable Judgment referenced below in the event of an uncured default in payment by Meir. This Settlement Agreement and the underlying Loan debt will be adjudicated non-dischargeable in this case. or in any subsequent bankruptcy, insolvency or other proceeding filed by Meir. A proposed Final Order approving the Settlement Agreement (an "Approval Order") is attached hereto as **Exhibit 1.** The Parties shall not be bound by the provisions of the Settlement Agreement unless and until the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court does not enter the Approval Order or enters an order denying approval

[2] The following is a summary of the key terms of the Settlement Agreement. The terms of the Settlement Agreement control. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Settlement Agreement.



Avishai Abrahami _____ Nir Meir NM_____

EXECUTION COPY

of this Settlement Agreement, the Settlement Agreement shall be deemed null and void, and the Parties shall be restored to their respective positions as if the Settlement Agreement never existed and shall revert to their respective applicable rights in the Adversary Proceeding.

(b) Meir will pay, and Abrahami will accept the total settlement sum of $750,000.00 (the "Settlement Amount") in installments of $100,000.00 due on or before March 30, 2027, $150,000.00 due on or before June 30, 2027, $150,000.00 due on or before September 30, 2027, $150,000.00 due on or before December 30, 2027, and a final payment of $200,000.00 due on or before March 30, 2028.

(c) Upon an uncured default on any installment payment due towards the Settlement Amount (and subject to the limited cure provision in the Settlement Agreement), Meir irrevocably consents to entry of a stipulated non-dischargeable Judgment in the amount of $4 Million Dollars ($4,000,000.00), less a dollar-for-dollar credit for any portion of the Settlement Amount actually received by Abrahami toward the Settlement Amount.

(d) The debt owed by Meir to Abrahami as reflected in the Claim shall be deemed non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

(e) Meir agrees to comprehensive waivers of defenses, claims, jury trial, process, appeals, etc. in the Adversary Proceeding and the New York Action and in any other Court proceedings pertaining, directly or indirectly, to the Debt (defined in the Settlement Agreement). The Parties each stipulate that Meir is collaterally estopped from asserting otherwise under any theory of relief, and from contesting the factual or legal basis



Avishai Abrahami _____ Nir Meir _NM_

EXECUTION COPY

for entry of the proposed Judgment upon uncured default, and its exception from discharge in the Main Bankruptcy Case and in all other Court proceedings.

**MEMORANDUM OF LAW**

Bankruptcy Rule 9019(a) provides: "On motion ... and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). A settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air,* 85 B.R. at 891 (quoting *Teltronics Sen's.,* 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co. ),* 699 F.2d 599, 608 (2d Cir.), cert, denied, 464 U.S. 822 (1983)). According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990).

As to the first *Justice Oaks* factor, "the probability of success in litigation," the Parties dispute the facts set forth in the Adversary Proceeding Complaint, including the Debtor's liability on the Claim, whether the Claim is non-dischargeable as against the Debtor, and whether Debtor's discharge may be withheld. Given the fact-intensive questions in the Adversary Proceeding, the proposed Settlement is in the best interest of both Parties. The proposed Settlement resolves a



Avishai Abrahami _____ Nir Meir NM _____

disputed matter between the Parties that has been the subject of litigation in this Court and in New York State court without additional, extensive litigation. It concludes this matter without further taxing this Court's resources and permits the Parties to resolve this dispute in a mutually agreeable manner without expending further litigation costs and effort.

As to the second *Justice Oaks* factor, "the difficulties, if any, to be encountered in the matter of collection" Abrahami has assessed the collectability of the claim if he were to pursue this matter to conclusion through trial and believes that the proposed Settlement Agreement achieves a reasonable resolution when the likelihood of collection of the full Claim from the Debtor is doubtful. The Parties believe the proposed Settlement Agreement provides a fair result to this dispute.

As to the third *Justice Oaks* factor, "the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it," the underlying facts regarding the basis for non-dischargeability of the Claim as alleged in the Adversary Proceeding are disputed. If Abrahami is required to litigate his claims against the Debtor, there will be substantial additional expenses, attorneys' fees, costs, inconvenience and delay for both Parties. The Parties submit that the Settlement Agreement will have no material impact on the Debtor's estate, the Trustee or the Debtor's other creditors, but would allow for significant litigation claims in two forums to be resolved.

The fourth *Justice Oaks* factor is "the paramount interest of the creditors and proper deference to their reasonable views in the premises." It is "the court's obligation to make that determine while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (*citing Connecticut Gen. Life Ins. Co.* v. *United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 918 (5th Cir. 1995). The proposed



Avishai Abrahami _____ Nir Meir _NM_

**EXECUTION COPY**

Settlement Agreement will not affect any distributions the Trustee is able to make to unsecured creditors, and the first settlement installment payment does not come due until March 2027. Therefore, the Parties submit that the interests of creditors to the Chapter 7 estate is unaffected by the settlement. Conversely, the Parties believe this settlement provides a fair resolution to their dispute that will avoid expensive, fact-intensive litigation.

The proposed Settlement Agreement satisfies the standards of *In re Justice Oaks II*, in that it avoids the expense and uncertainty of litigation, fixes the amount of Abrahami's recovery from Meir in settlement while providing a fair consequence for a default in such settlement payments, and has no financial impact on the Debtor's estate or its creditors. Therefore, the Parties request this Court approve the Settlement Agreement as fair and reasonable, and within the reasonable range of possible litigation outcomes.

Pursuant to Local Rule 9013-1(D), a copy of the proposed Order approving this Motion is annexed hereto as **Exhibit 2.**

**WHEREFORE,** the Parties respectfully request the entry of an Order: (a) granting this Motion; (b) approving the Settlement Agreement to compromise Abrahami's controversy with the Debtor; and (c) determining Abrahami's Claim against Meir to be Non-Dischargeable in the Main Bankruptcy Case and in any subsequent bankruptcy, insolvency or other proceeding; and (d) granting such other and further relief as this Court deems appropriate.

Dated: October __, 2026

LIEBLER, GONZALEZ & PORTUONDO

By: *<u>/s/ Mark E. Steiner</u>*

Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400



Avishai Abrahami _____ Nir Meir _NM_

EXECUTION COPY

mes@lgplaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

ZEICHNER ELLMAN & KRAUSE LLP

By: */s/ Kevin Badkhshan*
Michael E. Sims
Nathan Schwed (admitted *Pro Hac Vice*)
Kevin Badkhshan (admitted *Pro Hac Vice*)
730 Third Avenue
New York, New York 10017
(212) 223-0400
msims@zeklaw.com
nschwed@zeklaw.com
kbadkhshan@zeklaw.com

*Attorneys for Plaintiff*
*Avishai Abrahami*

By: */s/ Nir Meir*
Nir Meir, *Defendant*
nir@eammcap.com

**CERTIFICATE OF SERVICE**

I hereby certify that on ___ day of October, 2026, a copy of the *Joint Motion to Approve Settlement* was served via the Court's CM/ECF electronic case filing system on all of those parties receiving electronic notice in the above-referenced case; and via e-mail to Mr. Nir Meir at nir@eammcap.com per his agreement to accept service via e-mail in this case.

By: */s/ Mark E. Steiner*
Mark E. Steiner
Florida Bar No. 28513



Avishai Abrahami _____ Nir Meir _NM_

EXECUTION COPY

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-LMI |

**AGREED ORDER APPROVING SETTLEMENT AGREEMENT AND DETERMINING DEBT TO BE NON-DISCHARGEABLE**

This matter came before the Court upon the Parties' Joint Motion to Approve Settlement [ECF __] (the "Motion"), and the Court being advised of the agreement of the parties to the relief requested and being otherwise more fully advised in the premises, it is

**ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The Settlement Agreement annexed to the Motion is hereby APPROVED in its entirety, and incorporated herein.

3. The Debt evidenced by Abrahami's Claim No. 7 in this case and also described in the Settlement Agreement and any Judgment entered herein are each deemed non-dischargeable



Avishai Abrahami _____ Nir Meir _NM_

**EXECUTION COPY**

under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in this case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

4. This Court reserves jurisdiction in the Adversary Proceeding styled *Abrahami v. Meir*, Case No. 26-01218-PDR, to enforce the Settlement Agreement including, without limitation, to enter the Judgment contemplated therein in the event Meir defaults on payments due under the Settlement Agreement.

###

Order prepared by:

Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400
mes@lgplaw.com
*Attorneys for Plaintiff Avishai Abrahami*

Attorney Mark E. Steiner must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.



Avishai Abrahami _____ Nir Meir NM _____

EXECUTION COPY

# EXHIBIT C

**EXECUTION COPY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AVISHAI ABRAHAMI,<br><br>Plaintiff,<br><br>-against-<br><br>NIR MEIR,<br><br>Defendant. | Index No.: 652641/2021<br><br>**STIPULATION OF DISCONTINUANCE** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is, discontinued, without prejudice, and without costs to either party against the other; and it is further

**STIPULATED AND AGREED** that an electronic or facsimile signature on this stipulation will be deemed an original and that the stipulation may be signed in counterparts that together constitute one instrument.

ZEICHNER ELLMAN & KRAUSE LLP

By:____________________________
Stuart A. Krause
Michael E. Sims
Kevin Badkhshan
Attorneys for Plaintiff
*Avishai Abrahami*
730 Third Avenue
New York, New York 10017
(212) 233-0400
skrause@zeklaw.com
msims@zeklaw.com
kbadkhshan@zeklaw.com

NIR MEIR

By: Nir Meir 10/08/2026 11:36 AM EDT
Nir Meir, *Pro Se*
nir@eammcap.com

Avishai Abrahami _____ Nir Meir NM

# *EXHIBIT*
# *2*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re:<br><br>NIR MEIR,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11047-LMI |

## AGREED ORDER APPROVING SETTLEMENT AGREEMENT AND DETERMINING DEBT TO BE NON-DISCHARGEABLE

This matter came before the Court upon the Parties' Joint Motion to Approve Settlement [ECF __] (the "Motion"), and the Court being advised of the agreement of the parties to the relief requested and being otherwise more fully advised in the premises, it is

**ORDERED AND ADJUDGED:**

1. The Motion is GRANTED.

2. The Settlement Agreement annexed to the Motion is hereby APPROVED in its entirety, and incorporated herein.

3. The Debt evidenced by Abrahami's Claim No. 7 in this case and also described in the Settlement Agreement and any Judgment entered herein are each deemed non-dischargeable

under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and 523(a)(6) in this case and in any subsequent bankruptcy, insolvency or other proceeding commenced by or against Meir.

4. This Court reserves jurisdiction in the Adversary Proceeding styled *Abrahami v. Meir*, Case No. 26-01218-PDR, to enforce the Settlement Agreement including, without limitation, to enter the Judgment contemplated therein in the event Meir defaults on payments due under the Settlement Agreement.

# # #

Order prepared by:

Mark E. Steiner
Florida Bar No. 28513
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400
mes@lgplaw.com
*Attorneys for Plaintiff Avishai Abrahami*

Attorney Mark E. Steiner must serve a copy of this order on all parties entitled to notice thereof and file a certificate of service as required by Local Rule 9036-2.